Mark J. MacDougall, *pro hac vice pending*
W. Randolph Teslik, P.C., *pro hac vice pending*
Andrew J. Dober, Bar No. 229657
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887-4000

Attorneys for Defendant Kyle Dustin Foggo

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KYLE DUSTIN FOGGO (1),<br>  aka "Dusty" Foggo,<br><br>BRENT ROGER WILKES (2),<br><br>Defendants. | Case No. 07-cr-0329-LAB<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR A BILL OF PARTICULARS; MEMORANDUM IN SUPPORT THEREOF**<br><br>**PROPOSED ORDER ATTACHED**<br><br>Date: April 2, 2006<br>Time: 2:00 pm<br>Place: Courtroom 9<br><br>Judge: Hon. Larry Alan Burns |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on April 2, 2007, at 2:00 p.m., in Courtroom 9 of the above-referenced court, before the Honorable Larry Alan Burns, defendant Kyle Dustin Foggo will, and hereby does move this Court, pursuant to Federal Rule of Criminal Procedure 7(f), for an Order directing the Government to file a bill of particulars setting forth the information specified below regarding the allegations of the indictment. The following particulars are necessary to notify Mr. Foggo of the complete nature of the crimes with which he is charged and to permit Mr. Foggo to prepare for trial. The Defendant requests oral argument on this motion, and reserves the right to file additional appropriate motions based upon the information provided by the Government in the Bill of Particulars. A Proposed Order is attached.

## DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

The indictment is insufficient because (1) it refers vaguely to alleged duties and violations of laws without specifying the origin or legal requirements of such duties or laws; (2) it refers to unnamed third party actors involved in the allegedly illegal acts and events; and (3) fails to allege the date and location of many of the overt acts referenced in the indictment. Consequently, the following particulars are requested.

1. With respect to Paragraph 3 of the indictment, identify the specific legal source of the alleged duties.

2. With respect to Paragraph 4 of the indictment, identify the specific source of law that forms the basis of the listed prohibitions.

3. With respect to Paragraph 4 of the indictment, identify the specific legal source of the alleged responsibilities listed.

4. State with particularity the "ethical principles" referenced in Paragraph 4 of the indictment and the legal source of such ethical principles.

5. With respect to Count 1 of the indictment, alleging conspiracy to commit honest services fraud in violation of 18 U.S.C. § 1346 and conspiracy to engage in money laundering in violation of 18 U.S.C. § 1957, state with particularity the names of any other co-conspirators "known … to the Grand Jury," whether indicted or not, and the date that each such co-conspirator joined the conspiracy.

6. With respect to Count 1 of the indictment, state with particularity the place of occurrence of each overt act.

7. With respect to Count 1 of the indictment, describe those alleged co-conspirators unknown to the grand jurors and if there be no evidence of such, then strike the reference as surplusage.

8. With respect to Paragraph 9 of the indictment, state the locations in which the alleged conspiracy took place. The indictment presently refers only to the Southern District of California "and elsewhere."

9. With respect to Paragraph 10(d), state each and every alleged "shell company" and "straw man" allegedly used in the conspiracy.

10. With respect to Paragraph 10(d) of the indictment, state each and every CIA contractor allegedly influenced.

11. With respect to Paragraph 10(f) of the indictment, state with particularity what "internal government information" was allegedly provided or strike the reference as surplusage.

12. With respect to Paragraph 10(f) of the indictment, state with particularity what "classified information" was allegedly provided or strike the reference as surplusage.

13. With respect to Paragraph 10(f) of the indictment, state with particularity each and every one of the "other matters" about which internal government information was allegedly provided or strike the reference as surplusage.

14. State the date, time, and location of the alleged job offer referenced in Paragraph 11(1) of the indictment.

15. State the name of the "subordinate" referenced in paragraph 11(4) of the indictment.

16. With regard to paragraph 11(21) of the indictment, state which "lower level CIA employees" were allegedly present at the meeting.

17. State which "recent classified contract proposal" is being referred to in paragraph 11(23) of the indictment.

18. Describe what services were to be performed pursuant to the procurement services contract referenced in Paragraph 11(31) of the indictment.

19. With regard to paragraphs 11(35), 11(37), and 11(38) of the indictment, state the names of all individuals present at the respective events.

20. With regard to paragraph 11(44) of the indictment, state the date, time and location of the alleged job offer not referenced on the SF-278.

## MEMORANDUM OF POINTS AND AUTHORITIES

The government filed an eleven count indictment against defendants Kyle Foggo and Brent Wilkes alleging that Mr. Foggo conspired with Mr. Wilkes and other unnamed individuals to commit honest services fraud and money laundering. The government does not, however, identify the duration of the conspiracy, the location of the conspiracy (beyond stating it took place in the Southern District of California "and elsewhere") or provide the names of any alleged co-conspirators. Nor does the indictment describe the vaguely alleged duties and violations of law which form the basis of the honest services count of the indictment in a manner that would allow Mr. Foggo to prepare a defense to the charge. Finally, defense counsel has received no indication from the prosecution that this will be an open file case. A bill of particulars is therefore appropriate.

A bill of particulars should be granted where the matters requested are necessary to inform the defendant of the charges against him with sufficient precision to enable him to prepare his defense, avoid surprise at trial and plead double jeopardy to further prosecutions for the same offense. United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983); United States v. Orozco, 108 F.R.D. 313 (S.D. Cal. 1985); see also Grady v. Corin, 495 U.S. 508 (1990); United States v. Gorel, 622 F.2d 100 (5th Cir. 1979). Rule 7 was amended in 1966 "to encourage a more liberal attitude by the courts towards bills of particulars." Fed. R. Crim. P. 7 (Advisory Committee Note's, 1966). "The net result of the change seems to have been to increase the instances in which particulars are granted, thus contributing to a desirable decline in the 'sporting theory' of criminal justice." United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971).

Defendant's request two categories of particulars, each of which are necessary for the preparation of the defense and to adequately apprise Mr. Foggo of the charges faced. First, the

introductory allegations in the indictment make reference to vaguely alleged duties and violations of law for which Mr. Foggo is charged (i.e. the "ethical principles" of the United States referenced in Paragraph 4 of the indictment). While the defendant may not be entitled to know all the evidence the government intends to produce, he is entitled to know the theory of the government's case. Yeargain v. United States, 314 F.2d 881, 882 (9th Cir. 1963), citing Remmer v. United States, 205 F.2d 277, 282 (9th Cir. 1953). Vague, amorphous references to "ethical principles," "undue influence," and "concealment" without any reference to either the legal source of the principles or the factual predicates behind the allegations deprive Mr. Foggo from comprehending the theory of the government's case. Questions one through four are directed towards this shortcoming in the indictment.

Second, the indictment makes repeated references to unnamed third parties who are either co-conspirators or were present at many of the alleged overt acts but fails to name any of the individuals. Similarly, the indictment alleges the conspiracy occurred "within the Southern District of California *and elsewhere*" without setting forth the location of "elsewhere." See Indictment at ¶ 11 (emphasis added). "[I]n order for the defendant to know against what he must defend, it will frequently be necessary to require the government to disclose the time and place of the alleged offense and the names of the persons present when the offense took place." 1 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Crim.3d § 129.

Moreover, "[a] bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses. It is not uncommon for the trial judge to require the government to disclose their names when information is necessary in a defendant's preparation for trial." United States v. Barrentine, 591 F.2d 1069 (5th Cir. 1979); citing Will v. United States, 389 U.S. 90, 99 (1967). And when an indictment alleges that a conspiracy occurred in certain locations and "elsewhere," the location of the "elsewhere" must be provided to the defendant. United States v. Lonzo, 793 F. Supp. 57, 59 (N.D.N.Y. 1992)

(Granting defendant's motion for bill of particulars with regard to the location of the conspiracy; "the location of 'elsewhere' shall be provided to Lonzo by the Government."). Questions five through twenty are aimed at ascertaining the location of alleged acts and the names of alleged co-conspirators and other unnamed individuals.

Dated: March 1, 2007

        Respectfully submitted,

        AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ *Andrew J. Dober*
Mark J. MacDougall, *pro hac vice pending*
W. Randolph Teslik, P.C., *pro hac vice pending*
Andrew J. Dober, Bar No. 229657
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036

Attorneys for Defendant Kyle Dustin Foggo

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2007, that a copy of Defendant' Motion For A Bill of Particulars, Memorandum of Law in support thereof, and Proposed Order were filed electronically, causing notice to be emailed to the following parties:

Phillip Halpern
US Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893

Mark J. Geragos
Geragos and Geragos, PLC
350 South Grand Avenue
39th Floor
Los Angeles, CA 90071

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>KYLE DUSTIN FOGGO (1),<br>　aka "Dusty" Foggo,<br><br>BRENT ROGER WILKES (2),<br><br>　　　　Defendants. | Case No. 07-cr-0329-LAB<br><br><br><br>**[PROPOSED] ORDER**<br><br><br>Judge: Hon. Larry Alan Burns |

　　　Upon consideration of Defendant's Motion For A Bill of Particulars, any opposition thereto, and the entire record in this case, the Court finds that the Motion should be GRANTED, and it is hereby:

　　　ORDERED that the Government shall file a bill of particulars setting forth the information requested in Defendant's Motion.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Judge