1                 UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF CALIFORNIA

2

       HONORABLE LARRY ALAN BURNS, JUDGE PRESIDING

3

4  UNITED STATES OF AMERICA,      )
                            )

5               PLAINTIFF,     )  CASE NO. 07CR00329-LAB
                            )        07CR00330-LAB

6        VS.                 )
                            )  SAN DIEGO, CALIFORNIA

7  KYLE DUSTIN FOGGO,  (1)     )  JULY 23, 2007
  BRENT ROGER WILKES, (2)     )  3:00 P.M.

8                              )
  BRENT ROGER WILKES, (1)     )

9  JOHN THOMAS MICHAEL,(2)     )
                            )

10           DEFENDANTS.    )
  _____)

11                 REPORTER'S TRANSCRIPT

12                STATUS CONFERENCE

13

14

15 APPEARANCES:
  FOR THE GOVERNMENT:       KAREN P. HEWITT, U.S. ATTORNEY

16                       BY: PHILLIP L.B. HALPERN, ESQ.
                        SANJAY BHANDARI, ESQ.

17                         VALERIE CHU, ESQ.
                        JASON A. FORGE, ESQ.

18                     ASSISTANT U.S. ATTORNEYS
                    880 FRONT STREET

19                     SAN DIEGO, CA. 92101

20 FOR DEFENDANT FOGGO:      AKIN GUMP STRAUSS HAUER & FELD
                      BY: MARK J. MAC DOUGALL, ESQ.

21                         ANDREW J. DOBER, ESQ.
                        W. RANDOLPH TESLIK, ESQ.

22                     1333 NEW HAMPSHIRE AVE., N.W.
                    WASHINGTON, DC 20036-1564

23

24 FOR DEFENDANT WILKES:     GERAGOS & GERAGOS
                      BY: MARK J. GERAGOS, ESQ.

25                     350 SOUTH GRAND AVENUE, 39TH FL.
                    LOS ANGELES, CA. 90071

2

1    CONTINUED APPEARANCES:

2    FOR DEFENDANT MICHAEL:        LAW OFFICES OF RAYMOND GRANGER
                                   BY:  RAYMOND R. GRANGER, ESQ.
3                                  757 THIRD AVENUE, 7TH FLOOR
                                   NEW YORK, NEW YORK 10017
4
                                        -AND-
5                                  FRANK AND MILCHEN
                                   BY:  HOWARD B. FRANK, ESQ.
6                                  136 REDWOOD STREET
                                   SAN DIEGO, CA 92103
7

8

9
     COURT REPORTER:              EVA OEMICK
10                                OFFICIAL COURT REPORTER
                                  UNITED STATES COURTHOUSE
11                                940 FRONT STREET, STE. 2190
                                  SAN DIEGO, CA 92101
12                                TEL: (619) 615-3103

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1  <u>SAN DIEGO, CALIFORNIA - MONDAY, JULY 23, 2007 - 3:00 P.M.</u>

2           THE CLERK:  CALLING NO. 23 ON THE CALENDAR, 07CR329,

3  UNITED STATES OF AMERICA VERSUS KYLE FOGGO AND BRENT WILKES,

4  AND CALLING 23A, 07CR330 --

5                    (PAUSE IN PROCEEDINGS)

6           THE COURT:  MR. GRANGER, CAN YOU HEAR ME?

7           MR. GRANGER:  IT'S A LITTLE FAINT, BUT I CAN HEAR

8  YOU.

9           THE COURT:  MR. GERAGOS?

10          MR. GERAGOS:  I CAN HEAR YOU.

11          THE COURT:  MR. MAC DOUGALL AND MR. DOBER?

12          MR. MAC DOUGALL:  WE CAN HEAR YOU, YES, YOUR HONOR.

13          THE COURT:  GO AHEAD AND CALL THE CASE.

14          THE CLERK:  CALLING NO. 23, 07CR329, UNITED STATES

15  OF AMERICA VERSUS KYLE FOGGO AND BRENT WILKES.

16          AND 07CR330, UNITED STATES VERSUS JOHN MICHAEL AND

17  BRENT WILKES.

18          COUNSEL, STATE YOUR APPEARANCES FOR THE RECORD.

19          MR. GRANGER:  RAYMOND GRANGER FOR MR. MICHAEL WITH

20  MR. MICHAEL PRESENT.

21          MR. GERAGOS:  MARK GERAGOS WITH MR. WILKES, WHO I

22  CAN'T SEE THROUGH THE PHONE, BUT I ASSUME HE'S IN THE

23  COURTROOM.

24          THE COURT:  HE IS.  HE'S HERE.

25          MR. MAC DOUGALL:  MARK MAC DOUGALL AND ANDREW DOBER

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

4

1   FROM WASHINGTON.  MR. FOGGO IS HERE WITH US, YOUR HONOR.

2   AGAIN, WE APPRECIATE BEING PERMITTED TO PARTICIPATE BY

3   TELEPHONE.

4           MR. FRANK:  YOUR HONOR, HOWARD FRANK, LOCAL COUNSEL,

5   FOR MR. GRANGER ON BEHALF OF MR. MICHAEL.

6           MR. MAC DOUGALL:  YOUR HONOR, I NEGLECTED TO MENTION

7   MY PARTNER RANDY TESLIK IS PARTICIPATING, BUT FROM ANOTHER

8   DEVICE.

9           THE COURT:  OKAY.  VERY GOOD.

10          MR. FORGE:  GOOD AFTERNOON, YOUR HONOR.

11          JASON FORGE, PHIL HALPERN, SANJAY BHANDARI, AND

12  VALERIE CHU FOR THE UNITED STATES.

13          THE COURT:  GOOD AFTERNOON TO ALL.

14          BOTH CASES, WHAT I'VE REFERRED TO AS WILKES/MICHAEL

15  AND WILKES/FOGGO, ARE ON TODAY.  I THINK THE ONLY MATTER

16  PERTAINING TO WILKES/FOGGO, IF I'M RECOLLECTING CORRECTLY, IS

17  JUST APPOINTMENT OR ACKNOWLEDGEMENT OF NEW COUNSEL.

18          MR. WILKES, WILL YOU COME FORWARD, PLEASE.

19          MR. GERAGOS, NO ONE IS APPEARING WITH MR. WILKES

20  TODAY.

21          YOU WANT TO TELL ME WHAT PROGRESS HAS BEEN MADE?

22          MR. GERAGOS:  WELL, YOUR HONOR, I FILED -- I'M

23  SITTING IN MY OFFICE HERE.  I'M STILL IN TRIAL IN

24  PHILADELPHIA.  AND I WANTED TO THANK YOU FOR ACCOMMODATING ME

25  WITH THE PHONE CONFERENCE.  I FILED SOMETHING TODAY AS TO MY

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    STATUS AS TO THE WILKES/CUNNINGHAM -- WHAT I CALL THE

2    WILKES/MICHAEL MATTER.

3            AND IN ADDITION TO THAT, MR. WILKES HAS INFORMED ME

4    THAT IT'S HIS DESIRE TO HAVE THE SAME LAWYER REPRESENT HIM IN

5    BOTH CASES.  I CAN'T GO INTO, OBVIOUSLY, WITH EVERYONE ELSE

6    HERE BECAUSE IT WILL AFFECT THE ATTORNEY WORK PRODUCT AND

7    ATTORNEY-CLIENT.  THAT'S IMPORTANT.  BUT THAT'S BASICALLY

8    WHERE WE STAND AT THIS POINT.

9            THE COURT:  WELL, MR. WILKES, HERE'S THE

10   SITUATION --

11           MR. GERAGOS:  IT'S STILL MY INTENTION, AT LEAST

12   PRELIMINARILY -- WE'VE BEEN DISCUSSING WHETHER OR NOT WE

13   WANTED TO GO AND GET A WRIT UP AT THE 9TH CIRCUIT.

14           THE COURT:  YOU'RE GOING TO HAVE TO ACT PROMPTLY,

15   MR. GERAGOS.  I APPRECIATE YOU'RE IN TRIAL.  BUT IF YOU INTEND

16   TO PURSUE A WRIT ON THAT, IT'S GOING TO HAVE TO BE FILED

17   PROMPTLY.  WE HAVE A TRIAL DATE NOW SET FOR SEPTEMBER 18TH ON

18   THE WILKES/MICHAEL MATTER.  WHEN YOU MADE THE APPLICATION TO

19   BE RELIEVED ON THAT, I DENIED IT.  AND I CONTINUE TO DENY IT.

20   I HAVEN'T SEEN THE FILING TODAY THAT YOU'VE ALLUDED TO.  I'LL

21   CERTAINLY CONSIDER IT.

22           BUT YOU MADE A GENERAL APPEARANCE HERE ON BEHALF OF

23   MR. WILKES, AND I RECOGNIZED YOUR GENERAL APPEARANCE.  I'VE

24   BEEN VERY KEEN ABOUT THE TRIAL DATE.  I'VE LOOKED BACK AT THE

25   TRANSCRIPTS BECAUSE THEY'VE BEEN INCLUDED IN MR. GRANGER'S

PDF created with pdfFactory trial version www.pdffactory.com

1    PLEADING THAT WE'LL TALK ABOUT IN A FEW MINUTES THAT WAS FILED

2    WITH THE 9TH CIRCUIT.

3         AT EVERY INSTANCE I AFFIRMED THE TRIAL DATE, TOLD

4    YOU IT WAS A FIRM TRIAL DATE, AND WE'RE GOING.  I HEARD THE

5    APPLICATION TO BE RELIEVED ON BOTH CASES.  WHEN I MADE THE

6    DISQUALIFICATION RULING ON WILKES/FOGGO, I DENIED IT.  UNLESS

7    THERE IS SOMETHING NEW AND DIFFERENT, YOU SHOULD EXPECT TO BE

8    HERE ON SEPTEMBER 18TH REPRESENTING THIS GENTLEMAN.

9         MR. WILKES, YOU NEED TO COME IN WITH ANOTHER COUNSEL

10   ON THE OTHER CASE.  THIS ISN'T -- YOU DON'T HAVE THE LUXURY OF

11   SAYING, "WELL, WE'RE STILL DECIDING ON WHETHER WE'RE GOING TO

12   FILE A WRIT ON THE JUDGE'S RULING."  THAT SHOULD HAVE BEEN

13   DONE BY TODAY BECAUSE WE HAVE A TRIAL DATE SET IN THAT CASE.

14   WE HAVE OTHER PEOPLE THAT ARE WORKING DILIGENTLY TOWARD THE

15   TRIAL IN THAT CASE AS WELL.

16        NOW, I EXPECT THERE MAY HAVE TO BE SOME ADJUSTMENT

17   IN THE SECOND TRIAL DATE.  I UNDERSTAND THAT.  SOMEBODY COMING

18   IN NEW IS PROBABLY GOING TO CONVINCE ME THAT THEY NEED A

19   LITTLE BIT MORE TIME.  I ALLUDED TO THAT.  THAT DOES NOT

20   AFFECT MY JUDGMENT ON THE FIRST CASE.  WHATEVER YOUR

21   ARRANGEMENT IS WITH MR. GERAGOS, YOU'RE GOING TO HAVE TO GO

22   BACK TO THE DRAWING BOARD WITH HIM.

23        I UNDERSTAND THE STATED PREFERENCE TO HAVE THE SAME

24   LAWYER REPRESENT YOU ON BOTH.  YOU DON'T HAVE THAT LUXURY

25   HERE.  HE MADE A GENERAL APPEARANCE FOR YOU.  I RECOGNIZE

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    THAT.  EVERYTHING'S GEARED AROUND THE TRIAL DATE THAT I SET.

2    I'M GOING TO HOLD FIRM ON THE TRIAL DATE.

3         YOU AND MR. GERAGOS WILL BE HERE ON THE 18TH IN

4    TRIAL ON THE WILKES/MICHAEL CASE.  UNLESS THERE'S SOMETHING

5    EXTRAORDINARY THAT APPEARS IN THE DECLARATION THAT HASN'T BEEN

6    MENTIONED TO ME YET THAT PERSUADES ME OTHERWISE, THAT'S D-DAY.

7    WE'RE GOING TO TRIAL THAT DAY.  AND I'M GOING TO HAVE TO HAVE

8    YOU COME BACK THIS WEEK WITH OTHER COUNSEL ON WILKES/FOGGO

9    BECAUSE I WANT TO GET THAT BACK ON TRACK.  THE GOVERNMENT TOLD

10   ME THAT THEY HAVE, WHAT, 17,000 PAGES OF MATERIAL THAT

11   SOMEBODY'S GOING TO HAVE TO LOOK AT IN THAT CASE.

12        MR. HALPERN:  17,000 PAGES OF CLASSIFIED DOCUMENTS

13   IN THAT CASE.

14        THE COURT:  SO THAT'S A SUBSTANTIAL UNDERTAKING FOR

15   SOMEONE.  I WANT THEM TO GET STARTED.

16        MR. GERAGOS:  I'D LIKE TO RESPOND TO THAT.

17        WHEN WE MADE THE GENERAL APPEARANCE ON BOTH CASES, I

18   THINK WHEN YOU LOOK AT THE DECLARATION -- IT'S NOT A

19   DECLARATION, BUT THE FILING THAT I DID TODAY, YOU'LL

20   UNDERSTAND WHY IT'S A PROBLEM.  I'D LIKE TO BE HEARD OUTSIDE

21   OF THE PRESENCE OF THE GOVERNMENT SO I COULD EXPLAIN TO YOUR

22   HONOR.  I'M OFF ON WEDNESDAY.  OUR JUDGE HERE HAS GOT A

23   MEDICAL ISSUE ON WEDNESDAY.  I'D BE HAPPY TO CALL IN ON

24   WEDNESDAY WITH MY CLIENT TO EXPLAIN TO THE COURT WHAT THE

25   PROBLEM IS IN DETAIL.

PDF created with pdfFactory trial version www.pdffactory.com

1          THE COURT:  DO YOU HAVE ANY OBJECTION FOR ME HEARING

2    FROM HIM EX PARTE ON WEDNESDAY?

3          MR. FORGE:  NO.  WE'LL STEP OUT RIGHT NOW.

4          THE COURT:  I'D HAVE TO CLEAR THE COURT.  I'M NOT

5    WILLING TO DO THAT AT THIS POINT.

6          BUT MR. WILKES, ARE YOU AVAILABLE WEDNESDAY AT

7    12:15?

8          DEFENDANT WILKES:  YES, YOUR HONOR.

9          THE COURT:  MR. GERAGOS, I'LL TAKE UP

10   RECONSIDERATION OF THE MOTION WEDNESDAY AT 12:15 PACIFIC TIME.

11   SO YOU'LL HAVE TO CALL IN.

12         MR. WILKES, I WANT YOU TO BE HERE.  BUT I ALSO WANT

13   YOU, IN THE MEANTIME, TO START LOOKING FOR DIFFERENT COUNSEL

14   ON THE WILKES/FOGGO MATTER.  I'M NOT GOING TO DELAY ANY MORE.

15   YOU'RE GOING TO FIND YOURSELF REPRESENTING YOURSELF ON THAT

16   CASE.  YOU NEED TO DO THAT.  I UNDERSTAND YOU'RE TAKING

17   MR. GERAGOS'S COUNSEL, BUT I SET THE TRIAL DATES HERE.  THAT'S

18   A FIRM DATE.  AT THIS POINT, YOU SHOULD ASSUME THAT YOUR CASE,

19   THE WILKES/MICHAEL CASE, IS GOING FORWARD ON SEPTEMBER 18TH

20   AND THAT YOU AND MR. GERAGOS REPRESENTING YOU WILL BE HERE.

21         MR. GERAGOS, CALL BACK AT 12:15.  I'LL HEAR FROM YOU

22   EX PARTE WITH MR. WILKES HERE.  AND IF THERE'S A BASIS FOR ME

23   TO CHANGE THE RULING, I'LL TAKE THAT UP AT THAT TIME.

24         MR. GERAGOS:  I APPRECIATE THAT.  I'LL CALL THE SAME

25   NUMBER.

COMPUTER-AIDED TRANSCRIPTION

9

1          THE COURT:  YES, CALL THE SAME NUMBER.  I'LL CONDUCT

2  THIS AS IN CAMERA PROCEEDING BECAUSE OF YOUR REPRESENTATION

3  THAT IT'S LIKELY TO INVOLVE AN ATTORNEY-CLIENT PRIVILEGED

4  MATTER OR --

5          WHAT ELSE DID YOU SAY, WORK PRODUCT?

6          MR. GERAGOS:  WORK PRODUCT.

7          THE COURT:  I'LL HEAR WHAT YOU HAVE TO SAY ON

8  WEDNESDAY AT 12:15.

9          YOU'RE TO BE HERE PERSONALLY, MR. WILKES, AT THAT

10  TIME.  BUT HEED WHAT I'M TELLING YOU TODAY.  I'M DISTURBED

11  THAT WE'VE ESSENTIALLY WASTED TIME HERE FOR TWO WEEKS.  YOU

12  HAD TWO WEEKS TO COME BACK WITH NEW COUNSEL, AND I EXPECTED

13  SOMEBODY TO BE HERE.  AND YOU SHOULD HAVE ANTICIPATED THAT YOU

14  MIGHT NEED TO GO TO PLAN B IF I WASN'T ONBOARD WITH PLAN A,

15  WHICH WAS "NO, WE INSIST MR. GERAGOS IS ON FOR BOTH OR NOT ON

16  AT ALL."  I DON'T AGREE WITH THAT.

17          MR. HALPERN:  YOUR HONOR, ON THE SCHEDULE OF TIMING,

18  IN PARTICULAR THE WILKES/FOGGO MATTER --

19          THE COURT:  SPEAK INTO THE MIKE.

20          MR. HALPERN:  RECAPPING, IN CASE THERE WAS ANY

21  PROBLEM HEARING ME.

22          ON THE ISSUE OF TIMING AS TO THE WILKES/FOGGO

23  MATTER -- YOUR HONOR, THE LAST TIME WE WERE HERE, I BROUGHT UP

24  THE SCHEDULING OF THE CIPA HEARINGS.  AND AT THAT TIME, YOU

25  INDICATED THAT WE WOULD DEFER IT AT LEAST UNTIL TODAY.  THERE

PDF created with pdfFactory trial version www.pdffactory.com

1   MIGHT BE SOME SLIPPAGE.

2           WITH THAT IN MIND, I STILL THINK AT SOME POINT IT

3   WOULD BE APPROPRIATE TO AT LEAST INQUIRE AS TO THE DEFENSE IN

4   THIS CASE, MR. FOGGO'S COUNSEL, AT ANY RATE, WHEN THEY WOULD

5   ANTICIPATE FILING A SECTION 5 MOTION.  AS A RULE, THERE ARE

6   SEVERAL SECTION 5 MOTIONS FILED.

7           EVEN ASSUMING THEY COULD ACCOMPLISH IT IN ONE

8   SINGLE FILING, THAT WILL, IN FACT, INFORM WHEN THERE WILL BE

9   SECTION 6(A) AND SECTION 6(C) HEARINGS BY THE COURT.  SO

10  RATHER THAN SET AN ARBITRARY DATE, I WOULD WONDER IF THE COURT

11  WOULD AT LEAST INQUIRE AS TO WHEN THAT MIGHT OCCUR.

12          THE COURT:  MR. MAC DOUGALL, DO YOU WANT TO RESPOND

13  TO THAT?

14          MR. MAC DOUGALL:  YES, YOUR HONOR.  WE WILL HAVE AN

15  EX PARTE SUBMISSION TO THE COURT NO LATER THAN TOMORROW THAT

16  WILL ELIMINATE MR. HALPERN'S QUESTION.  IF THE COURT RECALLS,

17  AT THE LAST HEARING WE RAISED THE ISSUE OF BEING READ INTO

18  CERTAIN COMPARTMENTS, THAT WE WERE REQUIRED TO BE READ INTO

19  CERTAIN SCI'S IN ORDER FOR US TO EVEN INTERVIEW WITNESSES,

20  WHICH WOULD BE PART OF THE BASIS FOR THE MOTION.

21          WE'RE NOW TWO WEEKS LATER, AND WE MET WITH THE

22  AGENCY AGAIN.  THEY SAID THAT THEY NEED A FEW DAYS TO GET BACK

23  TO US.  WE'VE BEEN TRYING TO TALK TO ONE PARTICULAR WITNESS

24  WHO'S BEEN WILLING TO TALK TO US FOR MONTHS NOW, BUT WE CAN'T

25  DO IT UNTIL THE CIA ALLOWS US TO BE READ INTO THESE CLASSIFIED

PDF created with pdfFactory trial version www.pdffactory.com

1    COMPARTMENTS.  THAT'S A CERTAIN PREVIEW OF WHAT THE ISSUE IS.

2    AND WE'LL EXPLAIN THAT IN GREATER DETAIL IN OUR SUBMISSION,

3    YOUR HONOR.

4           SO AS WE SIT HERE TODAY, BECAUSE OF THE OBSTACLES,

5    FRANKLY, THAT THE AGENCY KEEPS PUTTING IN FRONT OF US, WE'RE

6    NOT IN A POSITION TO GIVE MR. HALPERN OR THE COURT AN ANSWER

7    AS TO ANY OF THE FILINGS.

8           THE COURT:  WELL, THERE'S YOUR PARTIAL ANSWER.

9    THEIR FIRST FILING WILL BE AS EARLY AS TOMORROW.

10          MR. WILKES, THIS KIND OF ILLUSTRATES THE PROBLEM

11   THAT I FACE.  WITHOUT ANOTHER COUNSEL HERE, WE CAN'T SCHEDULE

12   ANY OF THE THINGS THAT HAVE TO BE DONE WITH RESPECT TO THE

13   CLASSIFIED INFORMATION IN THE SECOND CASE, WILKES/FOGGO.  SO

14   YOU NEED TO BE DILIGENT ON THAT.  I HOPE YOU'RE THINKING NOW

15   OF WHO BACKUP COUNSEL'S GOING TO BE FOR YOU ON THAT CASE.

16   I'VE GOT TO GET THE PERSON ON.  I'D HAVE TO GET HIM HERE AND

17   RECOGNIZE THEIR GENERAL APPEARANCE SO THEY CAN GET GOING WITH

18   THAT STUFF.

19          MR. HALPERN:  I WOULD SIMPLY NOTE FOR THE COURT THAT

20   I GUESS IT WAS A VERY PARTIAL ANSWER IN THAT IT SIMPLY

21   ELIMINATED THE FACT THAT THE DEFENSE IS AT LEAST SOME WAYS

22   AWAY FROM MAKING THEIR OFFICIAL SECTION 5 FILING.

23          WITH THAT IN MIND, THE COURT'S TRIAL DATE IS, I

24   WOULD SAY, VERY, VERY PROBLEMATIC.  WE DID INDICATE THERE

25   WOULD BE SOME SLIPPAGE.  I JUST SIMPLY WANTED TO ALERT THE

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    COURT TO THAT.  AS SOON AS I HAVE SOME IDEA WHEN THE FILING

2    WILL BE, I'D BE HAPPY TO PRESENT AN EXPEDITED SCHEDULE FOR THE

3    REMAINDER OF THE HEARINGS.  BUT UNTIL WE GET SOME WORD FROM

4    THE DEFENSE, THAT ALL HAS TO FALL BY THE WAYSIDE.

5            THE COURT:  NECESSARILY, I'M GOING TO HAVE TO KNOW

6    WHO'S GOING TO REPRESENT MR. WILKES ON THE SECOND CASE SO THAT

7    WE CAN SET A REASONABLE DEADLINE.  EVERYBODY SHOULD READ THE

8    TEA LEAVES AT THIS POINT ON WILKES/FOGGO.  I DON'T THINK

9    IT'S GOING TO GO ON THE DATE ORIGINALLY SET, WHICH WAS

10   OCTOBER 23RD.  WE'RE GOING TO HAVE TO PUSH THIS OFF.

11           BUT ON THE OTHER HAND, CHRISTMAS IN SAN DIEGO IS A

12   WONDERFUL TIME TO BE HERE, MR. MAC DOUGALL.  WE DON'T HAVE THE

13   CHILLED WEATHER OR ANY OF THAT.

14           MR. MAC DOUGALL:  I'VE ENJOYED EVERY TRIP I'VE MADE

15   TO SAN DIEGO, YOUR HONOR.

16           THE COURT:  THAT'S AS MUCH AS WE CAN DO, I THINK, AT

17   THIS POINT, MR. HALPERN.  AS SOON AS NEW COUNSEL APPEARS FOR

18   MR. WILKES ON THE WILKES/FOGGO MATTER, WE'LL TAKE IT UP IN

19   EARNEST AND SET NEW DATES AND I'LL SET DEADLINES BY WHICH

20   THINGS HAVE TO BE DONE.

21           MR. HALPERN:  I HAVE NO DOUBT THE COURT WILL DO

22   THAT.  I JUST WANTED TO ASSURE THE COURT THAT WE WOULD MOVE TO

23   MEET WHATEVER DEADLINES, IN FACT, THE COURT IMPOSED.  BUT

24   THERE ARE A SERIES OF HEARINGS THAT HAVE TO BE HELD.  AND AS

25   SOON AS WE GET AN IDEA FROM THE DEFENSE OF AN APPROPRIATE TIME

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    FRAME, WE'LL INFORM THE COURT.  AND HOPEFULLY, YOU'LL BE ABLE

2    TO WORK OUT A SCHEDULE TO EVERYBODY'S -- THAT WILL ACCOMMODATE

3    EVERYBODY'S NEEDS.

4            THE COURT:  ARE THERE ANY OTHER MATTERS PERTAINING

5    TO WILKES/FOGGO THAT NEED TO BE ADDRESSED TODAY?

6            MR. HALPERN:  NOT FROM THE GOVERNMENT.

7            THE COURT:  MR. MAC DOUGALL, MR. DOBER ANYTHING ELSE

8    ON THE WILKES/FOGGO MATTER, OR MR. GERAGOS?

9            MR. MAC DOUGALL:  NO, YOUR HONOR.

10           MR. GERAGOS:  NO.

11           THE COURT:  LET ME REITERATE.

12           12:15 THIS WEEK ON WEDNESDAY, I'LL HEAR FROM

13   MR. GERAGOS AND YOU IN PRIVATE SESSION HERE.

14           MR. WILKES, TAKE ME AT MY WORD.  START WORKING ON

15   PLAN B BECAUSE UNLESS IT'S SOMETHING VERY COMPELLING OR

16   REQUIRED BY LAW, WE'RE GOING TO BE IN TRIAL ON SEPTEMBER 18TH

17   ON THE FIRST CASE THAT DOES NOT INVOLVE THE CLASSIFIED

18   INFORMATION.

19           MR. GRANGER:  YOUR HONOR, THIS IS RAYMOND GRANGER.

20           I'M ASSUMING THAT THE PROCEEDING ON WEDNESDAY WILL

21   BE ONLY YOUR HONOR, MR. WILKES, AND MR. GERAGOS.  I WOULD JUST

22   ASK THAT IF, AS A RESULT OF THAT PROCEEDING, THERE'S A

23   SUBSEQUENT HEARING OR STATUS CONFERENCE AT WHICH THE ISSUE OF

24   REPRESENTATION IS ADDRESSED, THAT PERHAPS I BE NOTIFIED.  I

25   WOULD KNOW WHEN IT'S APPROPRIATE FOR ME TO BE LISTENING IN ON

PDF created with pdfFactory trial version www.pdffactory.com

14

1    WHETHER IT'S GOING TO BE MR. GERAGOS OR SOMEONE ELSE TRYING

2    THE CASE WITH ME.  SO I WOULD JUST ASK THAT IF SOME PROVISION

3    COULD BE MADE TO LET ME KNOW IF THERE'S GOING TO BE A

4    SUBSEQUENT DATE THAT I COULD PARTICIPATE IN.

5              THE COURT:  OF COURSE, MR. GRANGER.  IF THERE'S

6    ANY CHANGE IN THE COURT'S RULING AND TENTATIVE RULINGS, SAY

7    MR. GERAGOS STAYS AND THE CASE IS GOING FORWARD ON

8    SEPTEMBER 18TH, I'LL LET ALL COUNSEL KNOW IMMEDIATELY.

9              MR. GRANGER:  THANK YOU, YOUR HONOR.

10             THE COURT:  LET ME TURN MY ATTENTION TO THE OTHER

11   MATTER NOW, WILKES/MICHAEL.

12             THE GOVERNMENT FILED A NOTICE WITH ME OF A POSSIBLE

13   VIOLATION OF THE PROTECTIVE ORDER.  MR. GRANGER RESPONDED TO

14   THAT WITH A PLEADING AND THEN A COPY OF THE MOTION TO

15   INTERVENE ON THE TRANSCRIPT-SEALING QUESTION.

16             AND TO MY SATISFACTION, MR. FORGE, IT ANSWERS THE

17   QUESTION OF HOW THAT INFORMATION GOT OUT.  BUT YOU SEEM TO

18   THINK THERE'S A REMAINING ISSUE.

19             MR. FORGE:  YOUR HONOR, IT DOES -- YOU'RE CORRECT,

20   OBVIOUSLY.  IT DOES ANSWER THE QUESTION AS TO HOW THE

21   INFORMATION GOT OUT.  IT DOES, HOWEVER, RAISE A MORE

22   DISTURBING ISSUE IN TERMS OF MR. GRANGER'S RESPONSIBILITY FOR

23   PUTTING THAT INFORMATION OUT.  AND I'D JUST LIKE TO REMIND

24   YOUR HONOR WHEN THE WHOLE JENCKS STATEMENT ISSUE CAME UP, YOUR

25   HONOR ASKED WHAT I THINK WOULD BE CONSIDERED TO BE A

PDF created with pdfFactory trial version www.pdffactory.com

15

1    RHETORICAL QUESTION:  "WHY NOT JUST GIVE THE JENCKS OVER?"

2            THIS IS A PERFECT EXAMPLE OF WHY WE DON'T GIVE THE

3    JENCKS OVER.  THIS WAS A COMPLETELY INAPPROPRIATE USE OF THAT

4    WHICH WAS PROVIDED AS A COURTESY.

5            THE COURT:  WHAT DO YOU MEAN, THE PLEADING SHOULD

6    HAVE BEEN FILED UNDER SEAL WITH THE 9TH CIRCUIT?

7            MR. FORGE:  FIRST OF ALL, IT'S NOT RELEVANT TO THE

8    ISSUE BEFORE THE 9TH CIRCUIT.

9            SECOND, IT SHOULD HAVE BEEN FILED UNDER SEAL.

10           AND THIRD, UNDER NO CIRCUMSTANCE SHOULD HAVE BEEN

11   SENT TO TWO DIFFERENT PRESS OUTLETS FOR NATIONAL PUBLICATION.

12           THE COURT:  DID SOMEBODY DO THAT?

13           MR. FORGE:  MR. GRANGER DID THAT.

14           THE COURT:  YOU MEAN IT WASN'T JUST PICKED UP BY

15   SOMEBODY LOOKING AT --

16           MR. FORGE:  NO.  MR. GRANGER IN HIS REPLY SAYS THAT

17   HE SENT COURTESY COPIES, SO COPIES THAT WERE NOT NECESSARY FOR

18   THE DEFENSE OF THIS CASE, BY HIS OWN DEFINITION -- COURTESY

19   COPIES HE SENT TO THE TWO DIFFERENT MEDIA OUTLETS THAT WERE

20   TRYING TO INTERVENE IN THE APPEAL.

21           THE COURT:  ONE OF THEM, I UNDERSTOOD, IS A MEDIA

22   OUTLET THAT POLICES COURTS' CLOSING PROCEEDINGS AND TRIES TO

23   INTERVENE IN THOSE AND MAKE SURE THAT THE RULES ARE BEING

24   FOLLOWED.

25           MR. FORGE:  THE OTHER ONE'S THE COPLEY PRESS.

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1        THE COURT:  OKAY.

2        MR. FORGE:  I WOULD ALSO POINT OUT, YOUR HONOR, THAT

3   EVEN MORE EGREGIOUS --

4        THE COURT:  BUT ON THE COPLEY PRESS CASE, IT

5   HAPPENS -- AND I DON'T -- IT DOESN'T -- I WANT TO MAKE SURE

6   THAT I DON'T DO WHAT YOU THINK IS INAPPROPRIATE.  I RESPONDED,

7   AT THE 9TH CIRCUIT'S INVITATION, TO THE WRIT THAT THE

8   GOVERNMENT HAD FILED IN THE ONE CASE.  I PUT A NOTICE OF

9   RELATED CASE.

10        MR. FORGE:  I UNDERSTAND THAT.

11        THE COURT:  THE NOTICE OF RELATED CASE HAD TO DO

12   WITH THE CASE THAT COPLEY PRESS IS NOW PURSUING.  SO I'M NOT

13   GOING TO SPEAK FOR MR. GRANGER.  I'LL LET HIM SPEAK FOR

14   HIMSELF.  BUT I CAN IMAGINE THAT HE THOUGHT "LOOK, IF THIS IS

15   A RELATED CASE, IT'S APPROPRIATE FOR ME TO NOTIFY COPLEY PRESS

16   THAT I'M TRYING TO INTERVENE ON A RELATED CASE.  AND MAYBE WE

17   WORK IN COLLABORATION WITH EACH OTHER SINCE WE'RE BOTH ON THE

18   OPPOSITE SIDE OF THE GOVERNMENT ON THIS."

19        MR. FORGE:  COUPLE OF POINTS, YOUR HONOR.

20        FIRST OF ALL, MR. GRANGER HAD NO WAY TO KNOW THAT

21   YOU'D FILED THAT NOTICE OF RELATED CASE.  THE RELATED CASE HAS

22   NOTHING TO DO WITH MR. GRANGER OR HIS CLIENT.  AND SO I WOULD

23   QUESTION IF HE CLAIMS THAT WAS HIS MOTIVE IN DOING THIS.

24        BUT EVEN MORE EGREGIOUS, YOUR HONOR, IS THE FACT

25   THAT YOUR HONOR'S AWARE THE PROTECTIVE ORDER THAT YOU'D ISSUED

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    IN THIS CASE INCORPORATES GENERAL ORDER 514.  GENERAL ORDER

2    514 EXPRESSLY PRECLUDES AND REQUIRES ALL COUNSEL IN ANY

3    FILINGS TO REDACT PERSONAL INFORMATION FROM THOSE FILINGS.

4    AND THE SPECIFIC CATEGORIES OF PERSONAL INFORMATION LISTED ARE

5    DATES OF BIRTH, HOME ADDRESSES, AND FINANCIAL ACCOUNT

6    INFORMATION.

7            MR. GRANGER TOOK -- AND IT WAS COMPLETE PRETEXT

8    BECAUSE IT'S NOT RELEVANT TO THE ISSUE BEFORE THE 9TH CIRCUIT.

9    HE TOOK AN AFFIDAVIT THAT HE KNEW TO BE UNDER SEAL -- UNDER

10   SEAL, IN FACT, IN HIS OWN HOME DISTRICT -- HE TOOK THAT

11   AFFIDAVIT, WHICH CONTAINS -- WHICH CONSTITUTES OVER FOUR DOZEN

12   VIOLATIONS OF THIS COURT'S PROTECTIVE ORDER AND GENERAL ORDER

13   514, AND HE SENT THAT TO THE PRESS, ALSO.

14           NOW, YOUR HONOR, I WOULD ALSO POINT OUT THAT ALMOST

15   ALL OF THOSE VIOLATIONS PERTAIN TO ONE INDIVIDUAL:  MR. THOMAS

16   KONTOGIANNIS.  IT'S -- MAYBE IT'S A COINCIDENCE.  I DON'T

17   KNOW.  I'M NOT GOING TO SPECULATE.

18           MR. GRANGER:  I COULDN'T HEAR.

19           IT PERTAINED TO ONE INDIVIDUAL?

20           MR. FORGE:  THOMAS KONTOGIANNIS.

21           AND THAT IS THE INDIVIDUAL WHO MR. GRANGER KNOWS, BY

22   VIRTUE OF HIS PLEA AGREEMENT, HAS PLED TO AN OFFENSE AND,

23   UNDER HIS FACTUAL BASIS FOR THAT PLEA AGREEMENT, HAS ATTESTED

24   TO A NUMBER OF INCRIMINATING ACTS, INCLUDING MR. GRANGER'S

25   CLIENT.

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1          SO WHETHER THAT WAS AN INTENTIONAL ACT TO SOMEHOW

2    CONFRONT MR. KONTOGIANNIS OR PUNISH HIM FOR DOING THAT, I

3    DON'T KNOW.  BUT IT DOES RAISE, FROM OUR PERSPECTIVE, A VERY

4    TROUBLING ISSUE REGARDING ALL THE OTHER DOCUMENTS THAT WE HAVE

5    PROVIDED TO MR. GRANGER, HOW THOSE ARE GOING TO BE HANDLED.

6          I THINK YOUR HONOR MADE IT VERY CLEAR IN ALL OF THE

7    6(E) HEARINGS THAT YOU DO NOT WANT THIS CASE TRIED IN THE

8    PRESS, AND YOU'RE COUNTING ON ALL OF US TO BE RESPONSIBLE.

9          I JUST THINK THAT TO DO THIS AND TO GO OUT AND SEND

10   THIS TO THE COPLEY PRESS WITHOUT EVEN GIVING US AN OPPORTUNITY

11   TO BE HEARD, BECAUSE THE CERTIFICATE OF SERVICE FOR THIS BRIEF

12   DOES NOT INCLUDE THE COPLEY PRESS --

13         THE COURT:  WHEN YOU SAY "COPLEY PRESS," ARE YOU

14   REFERRING TO MS. CUMMINS WHO REPRESENTS THEM ON A RELATED

15   MATTER OR THE COPLEY PRESS ITSELF?  THE NEWSPAPER OR THE

16   LAWYER REPRESENTING THE NEWSPAPER?

17         MR. FORGE:  THERE ARE LAWYERS REPRESENTING THE

18   NEWSPAPER.  I CAN ONLY REFER TO MR. GRANGER'S REPLY BRIEF,

19   YOUR HONOR, BECAUSE I DON'T KNOW -- I DON'T HAVE ANY PERSONAL

20   KNOWLEDGE OF THE ACTUAL ADDRESS THAT HE USED TO SUBMIT IT TO

21   THEM.  BUT WHAT HE SAID WAS HE SENT IT TO COUNSEL FOR THE

22   COPLEY PRESS, INC.  I DON'T KNOW IF THAT'S IN-HOUSE COUNSEL OR

23   SHEPPARD MULLIN.  WHOEVER THAT WAS.

24         THE COURT:  I'M LOOKING AT THE PROOF OF SERVICE

25   RIGHT NOW.  MR. GRANGER CAN SPEAK TO THIS IN A MINUTE.  IT

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

19

1    LOOKS LIKE A PROOF OF SERVICE TO YOU.  THERE'S SOMEBODY NAMED

2    CHARMAINE BUCHNER.

3              MR. FORGE:  THAT'S MR. KONTOGIANNIS'S LOCAL COUNSEL.

4              THE COURT:  GREG O'CONNELL?

5              MR. FORGE:  THAT'S MR. KONTOGIANNIS'S COUNSEL FROM

6    NEW YORK.

7              AND, YOUR HONOR, I WOULD POINT OUT THAT THE PRESS

8    WAS SERVED WITH A COPY OF THIS BRIEF BEFORE YOU WERE, AND

9    YOU'RE A PARTY TO THE CASE.

10             SO AGAIN, IT RAISES VERY TROUBLING QUESTIONS THAT IF

11   WE CAN'T COUNT ON COUNSEL TO BE RESPONSIBLE IN THE HANDLING OF

12   THESE DOCUMENTS -- WE HAVE SUBMITTED TO THEM THOUSANDS OF

13   PAGES OF MATERIALS THAT WE WERE UNDER NO OBLIGATION TO SUBMIT,

14   BUT IT WAS DONE AT YOUR HONOR'S URGING TO MAKE SURE WE STAY ON

15   TRACK HERE AND MAKE SURE THAT WE CAN GET THESE CASES TRIED

16   EXPEDITIOUSLY.

17             WE'VE TRUSTED EVERYBODY ON THE DEFENSE SIDE TO BE

18   RESPONSIBLE ABOUT THIS.  I JUST THINK THAT WHAT OCCURRED

19   HERE -- MORE IMPORTANTLY THAN ADDRESSING WHAT ACTUALLY

20   OCCURRED HERE, I THINK WE NEED TO MAKE SURE IT DOESN'T HAPPEN

21   AGAIN.

22             I SPOKE WITH MR. KONTOGIANNIS'S COUNSEL.  HE ASKED

23   ME TO CONVEY THAT MR. KONTOGIANNIS FAMILY IS OUTRAGED AND

24   DEEPLY OFFENDED BY IT.  THERE'S ACTUALLY A FAMILIAL

25   RELATIONSHIP BETWEEN THESE TWO INDIVIDUALS, BETWEEN

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    MR. MICHAEL AND MR. KONTOGIANNIS.

2         THE COURT:  MR. MICHAEL IS MR. KONTOGIANNIS'S

3    NEPHEW?

4         MR. FORGE:  THAT'S CORRECT.

5         SO IT'S A PROBLEM.  IT'S A PROBLEM ON A

6    GOING-FORWARD BASIS BECAUSE MR. GRANGER HAS A LOT OF OTHER

7    DOCUMENTS THAT IF THEY'RE USED IN THIS WAY, THAT WOULD BE A

8    VIOLATION OF THE COURT'S PROTECTIVE ORDER AND OF GENERAL ORDER

9    514.

10        THE COURT:  MR. GRANGER, DO YOU WANT TO RESPOND?

11        MR. GRANGER:  SURE, JUDGE.

12        FIRST, I WISH THE GOVERNMENT HAD SHOWN THIS TYPE OF

13   INTEREST IN INVESTIGATING CERTAIN GRAND JURY LEAKS 20 MONTHS

14   AGO.  THIS FINDING WAS MADE BY THE GOVERNMENT TWO DAYS AFTER

15   MR. FORGE HAD A COPY OF MY 9TH CIRCUIT FILING.

16        THAT SAID, I MADE A PUBLIC FILING IN THE

17   9TH CIRCUIT.  I GOT A COURTESY COPY FROM SHEPPARD MULLIN OF

18   THEIR BRIEF.  WHEN I GOT THAT, AS A COURTESY TO COUNSEL IN

19   CALIFORNIA, I SENT IT TO THAT FIRM WHICH REPRESENTS COPLEY.  I

20   THEN GOT IN THE MAIL A COPY OF BRIEFS FILED BY THE

21   ORGANIZATION IN WASHINGTON THAT SOUGHT ACTIVE STATUS.  AND AS

22   A COURTESY TO COUNSEL, I SENT THEM MY FILING.

23        AND SO THERE'S NO GREAT MYSTERY THERE.  FRANKLY, I

24   DIDN'T SEND MY 9TH CIRCUIT FILING TO THE COURT BECAUSE I

25   DIDN'T WANT TO MAKE IT SEEM LIKE I WAS GRAND-STANDING WITH

PDF created with pdfFactory trial version www.pdffactory.com

21

1    RESPECT TO MY ARGUMENTS IN THE BRIEF.   ONCE MR. FORGE FILED

2    HIS DOCUMENT, I FELT IT WAS INCUMBENT UPON ME TO PUT THIS ALL

3    IN CONTEXT.

4              AS I INDICATED IN MY REPLY, JUDGE, AT PAGE 8 OF MY

5    MOTION TO THE 9TH CIRCUIT, FOOTNOTE 5, I MAKE REFERENCE TO THE

6    COURT'S PROTECTIVE ORDER.   I DID THAT JUST TO NIP THIS TYPE OF

7    GRAND-STANDING, FRANKLY, BY THE GOVERNMENT IN THE BUD.   THIS

8    IS A PERFECTLY APPROPRIATE USE OF MATERIAL I GOT.   ONCE WE GET

9    TO TRIAL, NO ONE HAS CLAIMED THAT CANNOT BE USED AT A 302 OR

10   ANYTHING ELSE.   BUT THE GOVERNMENT IS UPSET ABOUT IT BECAUSE

11   IT CAME OUT A LITTLE EARLIER THAN THEY WANTED.

12             BUT THAT PROTECTIVE ORDERS ALLOWS ME TO USE THESE

13   MATERIALS FOR ANY PURPOSE THAT REASONABLY RELATES TO

14   PREPARATION OF MY CLIENT'S DEFENSE.   AND I CAN THINK OF FEW

15   THINGS NEARLY AS RELEVANT AS TRYING TO GET DOCUMENTS RELATED

16   TO SOMEONE WHO'S BEEN IDENTIFIED AS A COOPERATOR AGAINST MY

17   CLIENT.   SO THERE WAS NO BAD FAITH.   IT WAS A PROPER USE OF

18   THE MATERIALS, JUDGE.

19             THE COURT:   MR. FORGE, ANYTHING MORE?

20             MR. FORGE:   YES.   I DO WANT TO POINT OUT AGAIN I

21   STILL THINK MR. GRANGER IS DUCKING THE ISSUE, THE 514 ISSUE.

22   HE INCLUDED THAT FILING.   HE IS UNDER AN ABSOLUTE OBLIGATION

23   UNDER ANY FILING HE CANNOT INCLUDE A WITNESS'S HOME ADDRESS.

24   HE DID THAT.   HE CANNOT INCLUDE A WITNESS'S DATE OF BIRTH.   HE

25   DID THAT.   HE CANNOT INCLUDE A WITNESS'S HOME TELEPHONE

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

22

1    NUMBER.  HE DID THAT.  HE CANNOT INCLUDE AN INDIVIDUAL'S BANK

2    ACCOUNT NUMBER.  HE DID THAT OVER 48 TIMES.  NOT JUST

3    MR. KONTOGIANNIS, BUT MR. KONTOGIANNIS'S WIFE AND HIS

4    DAUGHTER.

5              THE COURT:  HE SAYS YOU HAD THE FILING TWO DAYS

6    BEFORE HE SENT IT OUT TO ANYONE ELSE.  I ASSUME -- AND I'M NOT

7    TRYING THE SHIFT THE RESPONSIBILITY FOR SOMETHING THAT WAS

8    IMPROPER TO YOU AFTER THE FACT.  BUT I ASSUME THAT UPON

9    READING THIS THING, YOU COULD HAVE IMMEDIATELY CONTACTED THE

10   9TH CIRCUIT AND ASKED FOR AN ORDER SEALING IT BECAUSE IT

11   CONTAINED CONFIDENTIAL MATERIAL.

12             MR. FORGE:  YOUR HONOR, I TALKED TO THE 9TH CIRCUIT

13   ON FRIDAY.  THEY STILL HAVE NO RECORD OF IT HAVING BEEN FILED.

14   THE 9TH CIRCUIT IS NOT LIKE THE DISTRICT COURT.  YOU CAN'T GO

15   ON PACER AND DOWNLOAD IT FROM THE 9TH CIRCUIT.  WE WOULD HAVE

16   DONE THAT, YOUR HONOR.  WE WOULD GO TO THE 9TH CIRCUIT AND

17   ASKED THEM TO SEAL SOMETHING LIKE THIS.  WE WOULD HAVE BEEN

18   ABLE TO DO IT.

19             THE COURT:  DID YOU GET THIS?

20             MR. FORGE:  I DID GET THAT.

21             THE COURT:  IT INDICATES TO ME AT LEAST -- ON THE

22   FACE OF IT, IT INDICATES IT'S A 9TH CIRCUIT FILING.  IT'S A

23   VERY THICK FILING, MAYBE TWO INCHES THICK.  THE CAPTION IS

24   "UNITED STATES COURT OF APPEAL FOR THE 9TH CIRCUIT" IN BIG

25   LETTERS.

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1          MR. FORGE:  I UNDERSTAND THAT.  I'M NOT DENYING

2    THAT.  I'M SIMPLY SAYING WHEN I SPOKE WITH THE SENIOR CLERK

3    WHO'S RESPONSIBLE FOR HANDLING THIS CASE ON FRIDAY --

4          THE COURT:  THEY SAID THEY DIDN'T HAVE IT.

5          MR. FORGE:  -- SHE STILL DIDN'T HAVE ANY RECORD OF

6    IT.  NOW, I DON'T KNOW -- OBVIOUSLY, THE JUDGES HAVE BEEN OUT

7    LAST WEEK.  I HAD A VERY DIFFICULT TIME REACHING PEOPLE THERE.

8    THEY MAY HAVE NOT PUT TWO AND TWO TOGETHER.

9          BUT THE PROBLEM IS THE BELL HAD ALREADY BEEN RUNG.

10   THERE WAS NO WAY IN THE WORLD -- THIS THING CAME OUT IN THE

11   U.T. WEDNESDAY MORNING.  THERE WAS A DOWNLOADABLE LINK TO THIS

12   THING WEDNESDAY MORNING.

13         THE COURT:  TO WHAT, TO THIS WHOLE DOCUMENT?

14         MR. FORGE:  TO THE AFFIDAVIT.  TO THE SEALED

15   AFFIDAVIT CONTAINING ALL THAT PERSONAL INFORMATION.

16         AGAIN, I DO WANT TO EMPHASIZE THE 9TH CIRCUIT IS

17   NOT LIKE THIS COURT.  I KNOW MR. GRANGER SAID IT WAS,

18   QUOTE/UNQUOTE, PUBLICLY FILED.

19         NUMBER ONE, THAT DOESN'T MAKE IT RIGHT THAT HE

20   PUBLICLY FILE IT.  NUMBER TWO, IT'S NOT LIKE THIS COURT.  YOU

21   CAN'T GO ONTO THE 9TH CIRCUIT'S PACER SITE AND DOWNLOAD THE

22   DOCUMENTS.  YOU CAN SEE THE DOCKET, BUT YOU CAN'T DOWNLOAD THE

23   DOCUMENTS.  SO WE WOULD HAVE HAD TIME TO GET THAT SEALED BUT

24   FOR HIS SENDING OF IT.

25         THE COURT:  DID YOU CALL HIM RIGHT AWAY AND SAY,

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

24

1   "HEY, WHAT GIVES?"

2           MR. FORGE:  NO.  I DIDN'T REALIZE IT UNTIL FRIDAY.

3   I DIDN'T REALIZE IT UNTIL I GOT HIS REPLY.  THAT'S MY FAULT

4   FOR NOT REALIZING THAT UNTIL FRIDAY.  BUT AS I SAID, THERE WAS

5   NOTHING I COULD HAVE DONE HAD I KNOWN, BECAUSE THERE'S NOTHING

6   IN HERE THAT SAYS HE PROVIDED IT TO THE PRESS.

7           THE COURT:  IT SOUNDS LIKE HE DIDN'T -- WHEN YOU SAY

8   THE "PRESS," HE PROVIDED IT TO COUNSEL REPRESENTING THE COPLEY

9   PRESS, HE SAYS.

10          MR. FORGE:  RIGHT.  AND I THINK COUNSEL HAS AN

11  OBLIGATION TO PROVIDE IT TO THEIR CLIENT.  THERE'S NOTHING IN

12  THERE --

13          THE COURT:  I DON'T KNOW.  WHEN IT COMES TO THE

14  LIKELIHOOD THAT THE NEWSPAPER'S GOING TO PRINT SOMETHING, I

15  DON'T KNOW IF COUNSEL HAS AN OBLIGATION OR NOT.  I'M STEEPED

16  IN ENOUGH OF THESE ISSUES THAT I DON'T WANT TO RESOLVE THAT.

17          MR. GRANGER, ANYTHING MORE?

18          MR. GRANGER:  YES, JUDGE.

19          I SENT MY FILING TO THE 9TH CIRCUIT BY OVERNIGHT

20  MAIL ON FRIDAY FOR MONDAY DELIVERY.  I, FRANKLY, HAD BEEN

21  UNDER THE IMPRESSION THAT ONCE IT HITS IN THE 9TH CIRCUIT,

22  SOMEONE CAN GO TO THE CLERK'S OFFICE TO GET IT.

23          NOW, I'VE SINCE LEARNED, UPON GETTING THE

24  GOVERNMENT'S FILING -- I'VE CHECKED WITH COUNSEL PRESS IN NEW

25  YORK.  IT APPEARS WHAT HAPPENED AND THE REASON WHY MR. FORGE

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

25

1    SAYS THAT HE'S TALKED TO SOMEONE IN THE 9TH CIRCUIT WHO HAD TO

2    GIVE (INAUDIBLE) FINDING IT, WHAT COUNSEL PRESS HAS TOLD ME IS

3    THAT -- AND THEY TOLD THE 9TH CIRCUIT ON THIS.  APPARENTLY,

4    THE FILINGS GO TO A POST OFFICE BOX THAT THE 9TH CIRCUIT DOES

5    NOT NECESSARILY CHECK EACH DAY.  AND SO SOMETIME DURING THE

6    WEEK, THE 9TH CIRCUIT PICKED UP THE PAPERS.  AND COUNSEL PRESS

7    HAS CONFIRMED THIS.  I'M NOT SURE WHO MR. FORGE IS TALKING TO.

8    IT MAY JUST BE THAT IT'S A MEMBER OF THE CLERK'S OFFICE OR

9    COURT STAFF WHO JUST HAVEN'T SEEN THE DOCUMENTS, BUT THEY ARE

10   THERE.

11          I WAS WORKING UNDER THE IMPRESSION THAT SHEPPARD

12   MULLIN WAS GOING TO GO DOWN TO THE COURTHOUSE BY MONDAY.  AS I

13   SAID, JUST AS A COURTESY, I SENT IT OVER.  IT WAS NOT THIS WAS

14   DONE TO EMBARRASS ANYONE, NOT EVEN TOM KONTOGIANNIS.  IN MY

15   BRIEF ITSELF, AS YOUR HONOR CAN SEE, THERE ARE REASONS WHY

16   THOSE FILINGS WERE IMPORTANT TO MAKE THE ARGUMENT THAT THE

17   9TH CIRCUIT SHOULD DISMISS THE GOVERNMENT'S APPEAL.

18          THERE WAS NO INTENT TO EMBARRASS ANYONE.  THE STUFF

19   REGARDING MR. KONTOGIANNIS, YOUR HONOR, I'LL JUST ADD, HAS

20   BEEN ON THE INTERNET FOR PROBABLY A YEAR AND A HALF.  THERE

21   ARE BLOGS SET UP ABOUT THE MAN.

22          NOW, HIS PERSONAL INFORMATION, I DID NOT INTEND TO

23   EMBARRASS ANYONE.  THERE WAS CERTAINLY NO INTENT TO VIOLATE

24   ANY COURT ORDER.

25          WHAT I DO FIND INTERESTING, YOUR HONOR, IS THAT IN

PDF created with pdfFactory trial version www.pdffactory.com

1    THE GOVERNMENT'S FILING, IN THIS NOTICE, THEY MADE A REFERENCE

2    TO -- AND I'M QUOTING FROM PAGE 3 OF THE GOVERNMENT'S NOTICE,

3    AND ALSO THERE'S A REFERENCE IN MR. FORGE'S SUPPORTING

4    AFFIDAVIT IN PARAGRAPH 6.

5            WITH RESPECT TO THE 302 RELATED TO THE DEBRIEFING OF

6    MR. CUNNINGHAM IN FEBRUARY OF THIS YEAR, MR. FORGE REFERS TO

7    THE FIRST 11 PAGES OF THE 302 HAVING BEEN PRODUCED.  WELL,

8    THAT'S NEWS TO ME, YOUR HONOR.  I THOUGHT I GOT A COMPLETE

9    DOCUMENT.  AND I WOULD ASK THE COURT TO INQUIRE OF THE

10   GOVERNMENT HOW MANY PAGES WERE WITHHELD FROM ME AND WHY.

11           IF THE PARTIES ARE GOING TO REDACT OR HOLD BACK

12   INFORMATION, WE ALL KNOW -- WE'RE ALL EXPERIENCED LAWYERS --

13   YOU HAVE TO INDICATE THAT EITHER USING BLACK MARKING PEN OR

14   YOU WHITE OUT ENTIRE SECTIONS OF A PAGE AND YOU MAKE SOME TYPE

15   OF NOTATION.  IF THE GOVERNMENT GAVE ME A DOCUMENT THAT

16   REPORTED TO BE COMPLETE AND IF I'M READING MR. FORGE'S FILING

17   CORRECTLY, I GOT ONLY THE FIRST 11 PAGES.  SO I'M CONCERNED

18   THAT I'M HAVING REPRESENTATIONS MADE TO ME BY THE GOVERNMENT

19   THAT I'M GETTING COMPLETE PRODUCTION OF DOCUMENTS, AND I'M

20   NOT.

21           THE COURT:  LET ME DEAL WITH FIRST THINGS FIRST.

22           MR. GRANGER, HERE ARE A COUPLE OF COMMENTS THAT I

23   HAVE LOOKING AT THE ISSUE.

24           FIRST, I THINK IT GOES WITHOUT SAYING THAT PERSONAL

25   BIOGRAPHICAL INFORMATION LIKE HOME ADDRESSES AND TELEPHONE

PDF created with pdfFactory trial version www.pdffactory.com

27

1    NUMBERS OUGHT TO BE REDACTED FROM THINGS THAT ARE EVEN

2    PUBLICLY FILED.  AS MR. FORGE SAYS, THERE'S A RULE ON THAT.

3           NOW, I KNOW YOU GOT IT IN UNREDACTED FORM.  BUT I

4    WOULD HAVE THOUGHT BEFORE YOU PUT IT OUT IN A PUBLIC FILING,

5    THAT YOU WOULD HAVE GONE THROUGH AND COMPLIED WITH THE GENERAL

6    ORDER AND REMOVED THAT SENSITIVE INFORMATION.  HOWEVER THIS

7    TURNS OUT, WHETHER THIS FELLOW IS A WITNESS OR NOT, I THINK

8    HE'S ENTITLED TO THAT PERSONAL PRIVACY NOT TO HAVE HIS

9    PERSONAL TELEPHONE NUMBER AND ADDRESS PUT FORTH IN A PUBLIC

10   DOCUMENT.

11          THE SECOND OBSERVATION I HAVE IS THIS, AND I'M NOT

12   SURE IT'S RIGHT, BUT WHEN I GOT THE WRIT FROM THE GOVERNMENT,

13   IT WAS FILED UNDER SEAL.  I GOT A COPY UNDER SEAL.  I

14   RESPONDED IN KIND JUST BECAUSE I WAS GOOSY THAT I MIGHT

15   DISCLOSE SOMETHING THAT THE GOVERNMENT CONTENDED SHOULD REMAIN

16   SEALED.  SO -- AND FRANKLY, I DISAGREE WITH THAT.  THAT'S THE

17   NUT OF THE DISPUTE HERE BETWEEN THE COURT AND THE UNITED

18   STATES ON THIS SEALING STUFF.

19          MY VIEW IS THAT CONSISTENT WITH THEIR CONCERNS ABOUT

20   THE NEED FOR CONTINUING SECRECY, WHICH I RESPECT, EVERYTHING

21   ELSE OUGHT TO BE MADE PUBLIC.  AND NOW, LOOK AT THE EFFECT OF

22   THIS THING, MR. FORGE.  HERE WE ARE ARGUING IN THE ABSTRACT

23   ABOUT SOMETHING.  NO ONE HERE THAT'S PAYING ATTENTION TO THESE

24   PROCEEDINGS HAS ANY IDEA OF WHAT WE'RE TALKING ABOUT.  THE

25   MOST THEY CAN SAY IS THERE'S A DISPUTE OVER WHAT'S GOING TO BE

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

28

1   MADE PUBLIC, BUT THEY DON'T HAVE ANY CONTEXT.  NOT EVEN A

2   GENERALIZED CONTEXT.

3       AS I SAY, WHEN I FILED MY RESPONSE PURSUANT TO THE

4   ORDER OF THE COURT OF APPEAL UNDER SEAL, I DID SO RELUCTANTLY

5   BECAUSE I THINK IN AN ISSUE ON A CASE LIKE THIS, THE PUBLIC

6   HAS A 1ST AMENDMENT RIGHT AT LEAST TO HAVE A GENERAL IDEA OF

7   WHAT THE NATURE OF THE DISPUTE IS.

8       BUT MR. GRANGER, HAVING SAID THAT, I WAS CHASTENED

9   AND ALERTED BY THEIR FILING UNDER SEAL.  AND I THINK PROBABLY

10  YOU SHOULD HAVE HEEDED THAT AS WELL.  YOU SHOULD HAVE SAID,

11  "THEY'RE FILING THIS THING UNDER SEAL.  I WONDER IF I NEED

12  TO FILE MINE UNDER SEAL OR AT LEAST I'LL DISCUSS IT WITH

13  MR. FORGE BEFORE I GO FORWARD AND MAKE A PUBLIC FILING WITH

14  ALL OF THIS INFORMATION."

15      IT'S NOT ENTIRELY CLEAR TO ME WHAT THE DECLARATION

16  OR THE REPORT HAVING TO DO WITH MR. CUNNINGHAM HAS TO DO WITH

17  THE PRESENT DISPUTE BEFORE THE COURT.  THAT'S NOT ENTIRELY

18  CLEAR TO ME.  BUT I WANT TO TELL EVERYONE AGAIN THERE ARE

19  RULES PERTAINING TO WHAT CAN BE RELEASED.

20      IT IS MY INTENTION  IN THIS CASE TO KEEP US ON

21  TRACK.  THAT'S IMPORTANT, I THINK, TO THE GOVERNMENT AND ALL

22  OF THE DEFENDANTS, MR. MICHAEL AND MR. WILKES IN THE FIRST

23  CASE, THAT WE FOCUS ON THE ALLEGATIONS THE GOVERNMENT'S MADE.

24  THAT, AFTER ALL, IS WHAT'S GOING TO BE TRIED.  I'M NOT

25  INDIFFERENT TO THE ARGUMENTS YOU MAKE, MR. GRANGER, ABOUT --

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

29

1   IT'S KIND OF RICH AT THIS POINT THAT THE GOVERNMENT IS

2   THROWING UP ITS ARMS COMPLAINING ABOUT DISCLOSURE OF

3   INFORMATION.  THERE HAS BEEN TOO MUCH UNAUTHORIZED DISCLOSURE

4   IN THIS CASE.

5           AND I'M STILL THINKING ABOUT, MR. FORGE, HOW I'M

6   GOING TO DEAL WITH THAT.  I HAVE TO TELL YOU I'M UNSATISFIED

7   WITH THE RESPONSE FROM THE DEPARTMENT OF JUSTICE.  YOU CAN BE

8   THE CONDUIT BECAUSE I KNOW YOU'RE RECUSED.  BUT TO HAVE AN

9   ASSISTANT UNITED STATES ATTORNEY FROM SACRAMENTO TELL ME THAT

10  THERE'S NOT GOING TO BE ANY FURTHER INVESTIGATION AFTER YOU

11  TAKE THE PUBLIC POSITION THAT THERE IS GOING TO BE AN

12  INVESTIGATION AND IN PARTICULAR WITHOUT EVER TALKING TO THE

13  SOURCES, MR. MAC DOUGALL OR MR. GERAGOS, THAT'S UNACCEPTABLE.

14          I'M CONTEMPLATING WRITING A LETTER MYSELF TO THE

15  APPROPRIATE AUTHORITY AT THE DEPARTMENT OF JUSTICE ASKING THEM

16  TO RECONSIDER THAT.  I THINK THE MATTER OUGHT TO BE

17  INVESTIGATED.  I REALLY DO.

18          BUT MR. GRANGER, I WOULD JUST SAY YOU'RE AN

19  EXPERIENCED FELLOW.  WHEN YOU SAW THE GOVERNMENT'S PLEADING

20  WAS FILED UNDER SEAL, THAT PROBABLY SHOULD HAVE ALERTED YOU

21  THAT THEIR VIEWPOINT, AT LEAST, IS THAT A LOT OF THIS OUGHT

22  NOT TO BE IN THE PUBLIC DOMAIN.  AND I WOULD BE VERY CONSCIOUS

23  OF THAT IN THE FUTURE WITH WHATEVER FILINGS YOU MAKE IN THIS

24  COURT OR IN THE 9TH CIRCUIT.  IN PARTICULAR, YOU SHOULD PAY

25  ATTENTION TO THE GENERAL ORDER THAT MR. FORGE ALLUDED TO ABOUT

PDF created with pdfFactory trial version www.pdffactory.com

30

1   EVEN WHEN PUBLIC FILINGS ARE PERMITTED, REDACTING CERTAIN

2   PERSONAL AND BIOGRAPHICAL INFORMATION.

3        LOOK, IF YOU OR I WERE THE SUBJECT OF THIS THING, I

4   WOULDN'T WANT MY HOME TELEPHONE NUMBER PUT IN A PLEADING THAT

5   ANYBODY COULD COME FIND, AND YOU WOULDN'T EITHER.  I THINK

6   MR. KONTOGIANNIS HAS THE SAME RIGHT TO MAKE THAT OBJECTION AND

7   TO FEEL THE WAY THAT WE DO.

8        MR. FORGE, ON THE LAST POINT THAT HE MADE, DID YOU

9   GIVE HIM SOMETHING THAT YOU REPRESENTED WAS A COMPLETE COPY

10  AND IT TURNED OUT TO BE SOMETHING LESS THAN THAT?

11        MR. FORGE:  YOUR HONOR, MY UNDERSTANDING IS HE

12  RECEIVED THE ENTIRE INTERVIEW REPORT.  I CAN CERTAINLY VERIFY

13  WHETHER OR NOT THAT WAS SENT OUT.  THAT WAS ONE THAT WAS

14  PUBLICIZED.

15        THE COURT:  YOU'LL HAVE TO GET BACK TO MR. GRANGER.

16        LOOK, I WANT TO TELL EVERYONE HERE, EVEN THE COUNSEL

17  THAT HAVE NOT BEEN IMPLICATED IN DOING ANYTHING WRONG, I'VE

18  ADMONISHED -- AND I'M NOT GOING TO KEEP MAKING THESE

19  ADMONISHMENTS.  THE NEXT TIME SOMEBODY IS GOING TO GET HELD IN

20  CONTEMPT OR I'M GOING TO SANCTION SOMEBODY WITH A MONETARY

21  FINE OR SOME OTHER APPROPRIATE DISCIPLINE.  IT GOES TO ALL

22  LAWYERS INVOLVED, GOVERNMENT COUNSEL AND PRIVATE LAWYERS.  AND

23  SOME WHO MAY NOT NEED TO BE WARNED ARE REMINDED.

24        AFTER THE INITIAL PROBLEM WITH THIS CASE, I WOULD

25  HAVE THOUGHT EVERYONE WOULD BE VIGILANT IN MAKING SURE THAT

PDF created with pdfFactory trial version www.pdffactory.com

31

1    THE FILINGS CONTAIN APPROPRIATE MATERIAL AND THAT WHAT OUGHT

2    TO BE SUBMITTED IN A SEALED FASHION IS DONE SO.  THAT'S NOT

3    HAPPENED HERE, BUT IT WILL HAPPEN FROM THIS POINT FORWARD

4    UNDER THE PENALTY OF SOME KIND OF COURT-ORDERED SANCTION

5    AGAINST THE OFFENDING PARTY.

6              MR. GERAGOS:  THIS IS MARK GERAGOS.

7              FRANKLY, THERE IS ALREADY SOMEBODY WHO'S MADE A

8    PENALTY AND IT'S BEEN TWICE NOW AGAINST MY CLIENT, MR. WILKES.

9              THE COURT:  WELL, I APPRECIATE THOSE ARGUMENTS,

10   MR. GERAGOS.  THAT'S WHY I'M MULLING OVER HOW TO PROCEED WITH

11   THE ORIGINAL ARGUMENTS ABOUT THE GRAND JURY LEAK.

12             AS YOU'LL RECALL, I DENIED THOSE WITHOUT PREJUDICE,

13   DIDN'T FORECLOSE THE POSSIBILITY THAT AT SOME POINT IF THE

14   WHOLE THING WASN'T MOOTED BY A VERDICT IN MR. WILKES'S

15   FAVOR -- NOT THAT IT WOULD BE MOOTED ENTIRELY, BUT I DIDN'T

16   FORECLOSE THE POSSIBILITY THAT I WOULD DO WHAT YOU WANTED TO

17   DO IN THE FIRST INSTANCE, WHICH WAS TO SUBPOENA REPORTERS AND

18   GET TO THE BOTTOM OF IT.

19             THE IMPORTANT POINT TO ME RIGHT NOW IS THAT WE HAVE

20   A FIRM TRIAL DATE IN THE WILKES/MICHAEL MATTER.  THAT'S

21   SEPTEMBER 18TH.  I DON'T WANT TO GET OFF TRACK, MR. GERAGOS,

22   WITH A SIDESHOW LIKE BALKO UP IN SAN FRANCISCO BECAUSE THAT'S

23   GOING TO DEFINITELY PUT US OFF TRACK.  I DON'T HAVE THE LUXURY

24   OF TIME.

25             I HAVE ANOTHER SUBSTANTIAL CASE THAT'S SUPPOSED TO

PDF created with pdfFactory trial version www.pdffactory.com

32

1    START AFTER THE 1ST OF THE YEAR.  SO FROM MY PERSPECTIVE, THIS

2    FIRST CASE MUST BE TRIED.  AND MR. WILKES WILL GET A FAIR

3    TRIAL HERE.  HE'LL GET A FAIR HEARING ON THE OTHER ISSUES

4    YOU'VE RAISED.  IT'S JUST A MATTER OF TIMING.

5              SO IT'S MY INTENTION, AS I SAID, TO FOLLOW UP ON THE

6    FIRST MATTER THAT WAS RAISED ABOUT GRAND JURY LEAKS.  AND I

7    REMIND EVERYONE NOW THAT THERE'S A PROTECTIVE ORDER IN PLACE.

8    THERE ARE LOCAL RULES THAT REGULATE WHAT CAN BE DISSEMINATED

9    EVEN IN PUBLIC FILINGS.  IF YOU HAVE ANY QUESTION ABOUT IT,

10   YOU OUGHT TO CALL OPPOSING COUNSEL OR CONSULT THOSE RULES

11   BEFORE YOU MAKE SUCH FILINGS.

12             ANYTHING ELSE, MR. FORGE?

13             MR. FORGE:  NO, YOUR HONOR.

14             MR. GRANGER:  MAY I, YOUR HONOR?

15             THE COURT:  YES.

16             MR. GRANGER:  FIRST, JUDGE, I HEAR YOUR COMMENTS.  I

17   TAKE THEM TO HEART.  I JUST WANT TO REASSURE THE COURT THAT I

18   THOUGHT THAT THE ONLY THING THAT NEEDED TO BE UNDER SEAL WAS

19   ANYTHING RELATED TO CIPA.  I DON'T HAVE ANY KNOWLEDGE OF

20   ANYTHING RELATED TO CIPA.  AND THE 9TH CIRCUIT, WHEN THEY

21   ISSUED THE SCHEDULE, MADE NO REFERENCE TO ANY OF THE FILINGS

22   BEING UNDER SEAL.  BUT I DON'T WANT TO BELABOR IT.  I HEAR

23   YOUR HONOR'S COMMENTS.

24             THERE ARE JUST TWO OTHER MATTERS.  IF I COULD JUST

25   TAKE UP SOME OF THE COURT'S TIME, THEY'RE VERY IMPORTANT TO

PDF created with pdfFactory trial version www.pdffactory.com

1    MR. MICHAEL'S DEFENSE.

2         I UNDERSTAND, NOTWITHSTANDING THE MERITS OR LACK

3    THEREOF OF THE GOVERNMENT'S ARGUMENTS WITH RESPECT TO CIPA,

4    THE TRANSCRIPTS THAT ARE AT ISSUE IN THE 9TH CIRCUIT.  I JUST

5    WANT THE COURT TO KNOW THAT IN THE DISCOVERY I'VE GOTTEN, I'VE

6    GOTTEN NO OTHER DEBRIEFING MATERIAL WITH RESPECT TO

7    MR. KONTOGIANNIS OR MR. CUNNINGHAM.

8         CERTAINLY, IN THE COURSE OF BEING DEBRIEFED BY THE

9    FBI, THE U.S. ATTORNEY'S OFFICE, AND ANYONE ELSE,

10   MR. KONTOGIANNIS IS GOING TO BE TALKING ABOUT NON-CLASSIFIED

11   MATERIALS.  WE HAVE HIS PLEA AGREEMENT.  HE TALKED ABOUT MY

12   CLIENT IN HIS PLEA AGREEMENT.  I HAVE NONE OF THOSE MATERIALS

13   WHETHER IT BE AN FBI 302 OR OTHER MEMORANDUM INTERVIEWS.  WE

14   KNOW FROM SOME OF THE OTHER DISCOVERY THAT MR. CUNNINGHAM WAS

15   COOPERATING WITH THE GOVERNMENT OR AT LEAST ATTEMPTING TO EVEN

16   PRIOR TO HIS PLEA.

17        SO CLEARLY, HE'S BEING DEBRIEFED OVER THE COURSE OF

18   SOME 20 MONTHS.  I DON'T KNOW HOW MANY TIMES.  FOR SURE, WE

19   ALL KNOW, MANY OF US, INCLUDING YOUR HONOR HAS WORKED WITH THE

20   JUSTICE DEPARTMENT -- WE ALL KNOW THAT THOSE INTERVIEWS ARE

21   DOCUMENTED.  I NEED TO HAVE THAT INFORMATION.  I'VE ONLY GOT

22   TWO 302'S RELATING TO INTERVIEWS IN FEBRUARY OF 2007.  THAT'S

23   WITH RESPECT TO MR. CUNNINGHAM.  I DON'T HAVE ANY MEMORANDUM

24   INTERVIEW WITH RESPECT TO MR. KONTOGIANNIS.

25        AND ON MAY 14TH, MR. FORGE SAID THAT WE'D HAVE

PDF created with pdfFactory trial version www.pdffactory.com

34

1    EVERYTHING IN THEIR POSSESSION BY THE END OF THE NEXT WEEK,

2    AND THEN WE'D OTHERWISE GET IT ON A ROLLING BASIS.  CLEARLY,

3    THEY HAVE OTHER MATERIALS RELATING TO DEBRIEFINGS OF

4    MR. CUNNINGHAM AND MR. KONTOGIANNIS.  I NEED TO GET THEM.

5              THE COURT:  MR. FORGE, IT MAY BE A BAD TIME TO ASK

6    YOU, BUT ARE THERE OTHER MATERIALS THAT YOU INTEND TO PRODUCE

7    OF THE TYPE MR. GRANGER JUST DESCRIBED?

8              MR. FORGE:  MR. GRANGER'S RECEIVED EVERYTHING HE'S

9    ENTITLED TO.

10             THE COURT:  THAT DOESN'T ANSWER MY QUESTION.

11             MR. FORGE:  NO.

12             MR. GRANGER:  THAT CERTAINLY RAISES MORE QUESTIONS.

13             THE MATERIAL THAT I GOT RELATED TO RANDALL

14   CUNNINGHAM, THE DEBRIEFING, CONTAINED BRADY MATERIAL, PERIOD.

15   I VIEW THAT MR. KONTOGIANNIS'S PLEA AGREEMENT ALSO CONTAINS

16   BRADY MATERIAL.  WHETHER IT'S BRADY OR, AS I SAY IN MY BRIEF,

17   MR. CUNNINGHAM'S PLEA, IN THE COURSE OF THOSE PROCEEDINGS, HAD

18   HE SAID SOMETHING INCONSISTENT WITH HIS DEBRIEFING OR HIS PLEA

19   AGREEMENT, THEN THAT'S GIGLIO.  WHETHER IT'S GIGLIO, BRADY, OR

20   THIRD-PARTY MATERIAL, I'M ENTITLED TO IT.  SO I DON'T ACCEPT

21   THE GOVERNMENT SAYING NOW THAT I'M NOT GETTING ANYTHING ELSE.

22   I UNDERSTAND THAT TO BE THEY'RE JUST NOT GOING TO TURN IT

23   OVER.  IT DOESN'T MEAN I'M NOT ENTITLED TO IT UNDER THE LAW.

24             THE COURT:  OUR RULE IN THIS CIRCUIT IS EVEN IF IT'S

25   BRADY MATERIAL, IF IT'S CONTAINED IN A WITNESS STATEMENT, IT'S

PDF created with pdfFactory trial version www.pdffactory.com

1    PRODUCIBLE PURSUANT TO THE <u>JENCKS</u> ACT, MR. GRANGER.  I HAVE

2    UNDERSTOOD MR. FORGE TO SAY THAT THERE ISN'T ANYTHING MORE.

3              IS THAT A CORRECT UNDERSTANDING?

4              MR. FORGE:  THAT'S CORRECT.

5              THE COURT:  SO YOU'RE NOT WITHHOLDING SOMETHING THAT

6    HAPPENS TO BE A WITNESS STATEMENT EVEN THOUGH IT INCLUDES

7    <u>BRADY</u> THAT YOU'RE GOING TO GIVE TO HIM LATER?  YOU'RE GIVING

8    HIM EVERYTHING THAT YOU'RE AWARE OF IN THE CATEGORIES HE'S

9    DESCRIBED?

10             MR. FORGE:  THAT I'M AWARE OF, YES, YOUR HONOR.

11             THE COURT:  HAVE YOU MADE AN INQUIRY?  I MEAN, HAVE

12   YOU MADE INQUIRIES OF THE APPROPRIATE AGENCIES TO SEE IF

13   ANYBODY DID, FOR EXAMPLE, 302 OF ANY OF THESE DEBRIEFINGS

14   OR --

15             MR. FORGE:  FIRST OF ALL, WE'VE NEVER SAID THAT

16   THERE WAS ANY DEBRIEFINGS.  THAT'S JUST AN ASSUMPTION BY

17   MR. GRANGER.  I'M NOT SUBSCRIBING TO THE ASSUMPTION.  I'VE

18   MADE INQUIRIES OF THE AGENCIES.  WE'VE WORKED DILIGENTLY TO

19   PROVIDE THEM WITH MUCH MORE DISCOVERY THAN THEY'RE ENTITLED TO

20   AT THIS POINT, AND WE'VE DONE SO.

21             THE COURT:  OKAY.  THERE'S YOUR ANSWER, MR. GRANGER.

22   IT'S NOT THAT THEY HAVE SOMETHING THEY'RE HOLDING BACK.

23   THEY'VE GIVEN YOU EVERYTHING THAT THERE IS.  THAT'S HOW I

24   UNDERSTAND IT.

25             MR. GRANGER:  SO LONG AS THE RECORD'S CLEAR, JUDGE,

PDF created with pdfFactory trial version www.pdffactory.com

36

1    WITH RESPECT TO THEIR OBLIGATIONS.  THIS ALL GOES BACK TO THE

2    REPRESENTATION ON MAY 14TH THAT WE GET IT ALL.  BUT AS I

3    UNDERSTAND MR. FORGE, THERE ARE NO OTHER BRIEFING MATERIALS OF

4    MR. CUNNINGHAM OR MR. KONTOGIANNIS.

5              THE COURT:  THAT'S HOW I UNDERSTOOD YOU,

6    MR. FORGE.

7              IS THAT WHAT I UNDERSTOOD YOU TO BE SAYING?

8              MR. FORGE:  THERE'S NOTHING ELSE RELEVANT TO THIS

9    CASE, YOUR HONOR.

10             MR. GRANGER:  I DIDN'T HEAR THAT.  I'M SORRY?

11             THE COURT:  HE SAID THERE'S NOTHING ELSE RELEVANT TO

12   THIS CASE.

13             MR. GRANGER:  WE KNOW THEY HAD TO DEBRIEF THESE

14   PEOPLE.  I KNOW FROM THE OTHER DISCOVERY THAT MR. CUNNINGHAM

15   WAS DEBRIEFED BACK IN 2005.  HE WAS DEBRIEFED ABOUT MY CLIENT.

16   TO SAY THERE'S NOTHING ELSE RELEVANT, THAT JUST RAISES MORE

17   QUESTIONS, JUDGE.  THE FBI, WHEN IT DEBRIEFS, IT DOCUMENTS.

18             THE COURT:  MR. FORGE, YOU'RE AN EXPERIENCED FELLOW.

19   IF THERE'S ANYTHING THAT YOU THINK MAYBE OUGHT TO BE PRODUCED

20   AND YOU WANT TO GIVE IT TO ME IN ADVANCE AND SAY, "LOOK, WE

21   DON'T THINK THIS NEEDS TO BE PRODUCED, BUT WE WANT THE COURT'S

22   IMPRIMATUR ON OUR JUDGMENT," YOU'RE AWARE OF THAT PROCEDURE,

23   AND YOU SHOULD FOLLOW IT.

24             MR. FORGE:  I WOULD, YOUR HONOR.  I'M TELLING YOU

25   NOTHING IS BEFORE US.

PDF created with pdfFactory trial version www.pdffactory.com

37

1          THE COURT:  MR. GRANGER SAYS THERE WAS ANOTHER

2    INTERVIEW WITH MR. CUNNINGHAM HAVING TO DO PARTICULARLY WITH

3    MR. MICHAEL THAT HE'S AWARE OF FROM SOME OTHER SOURCE AND HE

4    DOESN'T HAVE ANYTHING ON THAT.  SO YOU'RE FOREWARNED THAT HE

5    BELIEVES THERE MIGHT BE SOMETHING ELSE OUT THERE.

6          LET ME TELL YOU WHAT THE CONSEQUENCE IS.  IF, AFTER

7    THIS EXTENDED DISCUSSION AND ALL OF THESE EFFORTS TO TRY TO

8    GET THE INFORMATION OVER AND ALL THE REPRESENTATIONS THAT FULL

9    DISCOVERY HAS BEEN MADE, IF IT COMES OUT THAT THERE IS

10   SOMETHING, UNLESS THERE'S A MIGHTY GOOD REASON THAT YOU COULD

11   NOT HAVE KNOWN ABOUT THAT AS OF TODAY OR AT THE EARLIER

12   HEARINGS, I'M NOT GOING TO LET YOU PUT IT IN.  I'M GOING TO

13   EXCLUDE IT.

14         MR. FORGE:  UNDERSTOOD, YOUR HONOR.

15         THE COURT:  MR. GRANGER, THERE'S YOUR PROTECTION.

16   WE'VE GOT A FULL RECORD ON THIS WITH REPRESENTATIONS.  AND THE

17   GOVERNMENT'S FOREWARNED AS TO WHAT THE CONSEQUENCE IS OF NOT

18   TURNING OVER TO YOU -- AT LEAST ONE OF THE CONSEQUENCES OF NOT

19   TURNING OVER TO YOU THINGS THAT ARE REQUIRED TO BE TURNED

20   OVER.

21         MR. GRANGER:  THANK YOU, YOUR HONOR.

22         I'D JUST LIKE TO MENTION THAT THE GOVERNMENT HAS NOT

23   TURNED OVER ANY 302 OR THE MEMORANDUM INTERVIEW RELATED TO AN

24   INTERVIEW OF MY CLIENT THAT IS REFERENCED IN OTHER DOCUMENTS.

25   THAT'S RULE 16 MATERIAL.

PDF created with pdfFactory trial version www.pdffactory.com

1             WILL THAT BE FORTHCOMING?

2             MR. FORGE:  TO THE EXTENT ONE EXISTS, THAT

3    ABSOLUTELY SHOULD HAVE BEEN TURNED OVER, YOUR HONOR.  I WILL

4    CHECK ON THAT.

5             THE COURT:  IF IT DOES EXIST, YOU'LL TURN IT OVER?

6             MR. FORGE:  ABSOLUTELY.

7             MR. GRANGER:  THE LAST THING, JUDGE, IS WHAT I

8    MENTIONED LAST WEEK WITH RESPECT TO JURY QUESTIONNAIRES.  AS

9    OF WEDNESDAY, MY COMPUTER WAS DOWN.  I HAD ACTUALLY BORROWED

10   ONE TO MAKE THAT FILING ON FRIDAY.  I APOLOGIZE.  MY COMPUTER

11   SYSTEM IS UP AND RUNNING AS OF 5:30 THIS AFTERNOON.  IF YOUR

12   HONOR COULD JUST BUMP A COUPLE OF DAYS FOR THE JURY

13   QUESTIONNAIRE.  I APOLOGIZE FOR THAT.

14            THE COURT:  NO LATER THAN FRIDAY.

15            MR. GERAGOS, IF YOU INTEND TO CONTRIBUTE TO THAT

16   PROCESS IN THE FIRST CASE, YOU'D BETTER HAVE YOUR FILING IN TO

17   ME BY FRIDAY.

18            MR. GERAGOS:  THAT'S FINE, YOUR HONOR.

19            THE COURT:  PARDON ME?

20            MR. GERAGOS:  YOU SAID YOU WANT IT BY FRIDAY?

21            THE COURT:  I ACTUALLY WANTED IT BY TODAY.  THAT WAS

22   THE DATE ORIGINALLY SET.  SO WE'VE GOT TO GET THE JURY

23   QUESTIONNAIRE MAILED OUT.  AND I ANTICIPATE BEFORE WE FINALIZE

24   THAT, I'LL LOOK AT THE PROPOSALS OF ALL SIDES AND TRY TO

25   HARMONIZE THEM.  AND THEN WE'LL HAVE TO HAVE ANOTHER MEETING

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

39

1    AT LEAST AMONG COUNSEL TO THE AGREEABLE FORMAT BEFORE WE SEND

2    THESE THINGS OUT.  WE'VE GOT ROUGHLY A MONTH AND A HALF, AND I

3    NEED TO DO THAT THIS WEEK.  SO YOU'RE ON AS FAR AS -- AT LEAST

4    AS FAR AS YOU SHOULD BE CONCERNED, YOU'RE ON THIS CASE.  I

5    NEED YOUR SUBMISSION NO LATER THAN FRIDAY AT NOON.

6    MR. GRANGER'S, ALSO.

7              MR. GRANGER:  DOES IT MAKE SENSE, YOUR HONOR --

8    RATHER THAN PUTTING A PROPOSED QUESTIONNAIRE ON LINE FOR

9    POTENTIAL JURORS TO SEE, DOES IT MAKE SENSE FOR US TO SIMPLY

10   SEND THE HARD COPY TO YOU WITH A COPY TO THE GOVERNMENT?

11             THE COURT:  WELL, LET ME STEP BACK FOR A MINUTE.

12             HAVE YOU SEEN ANY PROPOSAL YET FROM ANY DEFENSE

13   COUNSEL, MR. FORGE, FOR QUESTIONS THAT OUGHT TO BE GIVEN IN

14   ADVANCE TO PROSPECTIVE JURORS?

15             MR. FORGE:  NO, YOUR HONOR.  BUT TO BE FAIR, WE

16   HAVEN'T SHARED WITH THEM ANY OF OUR PROPOSALS.

17             THE COURT:  IS YOURS FILED TODAY?

18             MR. FORGE:  WE'RE PREPARING TO FILE TODAY.  MAYBE IT

19   MAKES SENSE FOR BOTH SIDES TO JUST EXCHANGE THOSE.

20             THE COURT:  I AGREE.  I THINK THAT --

21             MR. GERAGOS, YOU'RE OFF ON WEDNESDAY?

22             MR. GERAGOS:  YES, YOUR HONOR.

23             THE COURT:  MR. GRANGER, WHAT SCHEDULE DO YOU HAVE

24   ON WEDNESDAY?  CAN YOU MEET AND CONFER WITH GOVERNMENT COUNSEL

25   AND MR. GERAGOS IN AN EFFORT TO GIVE ME A COMPILATION BY ALL

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    THREE?

2              MR. GRANGER:  UNFORTUNATELY, I'LL BE IN A DEPOSITION

3    ALL DAY.

4              THE COURT:  WHAT ABOUT LATER IN THE DAY?  YOU'RE IN

5    NEW YORK, MR. GRANGER?

6              MR. GRANGER:  YES, YOUR HONOR.

7              THE COURT:  SO 2:00 HERE IS 5:00 THERE.

8              CAN YOU DO IT, SAY, 2:00 OR 3:00?

9              MR. GRANGER:  I MAY NEED -- THE DOCUMENTS THAT I'VE

10   JUST GOT BACK TO MY COMPUTER ARE QUITE VOLUMINOUS.  LET ME

11   PROPOSE THIS IF IT WORKS FOR THE GOVERNMENT:  ON THURSDAY, I

12   COULD SEND THEM -- I STILL DON'T KNOW IF I'LL BE ABLE TO GET

13   TO IT AFTER THAT DEPOSITION.  I CAN BY THURSDAY SEND TO

14   MR. GERAGOS AND THE GOVERNMENT A PROPOSED JURY QUESTIONNAIRE.

15   AND IF THEY WANT TO SEND THEIRS, WE CAN EXCHANGE IDEAS.

16   THAT'S FINE.  PERHAPS WE CAN COME TO AN AGREEMENT ON THE

17   PARAMETERS OF THE QUESTIONNAIRE.

18             THE COURT:  MR. GERAGOS, DO YOU HAVE ANY TIME ON

19   FRIDAY TO PARTICIPATE EVEN BY TELEPHONE IN A CONFERENCE WITH

20   MR. GRANGER AND MR. FORGE IN AN EFFORT TO COME UP WITH A

21   HARMONIZED OR COMPILED QUESTIONNAIRE?

22             MR. GERAGOS:  YOUR HONOR, I KNOW THAT TODAY WAS THE

23   DAY TO FILE IT.  I HAD SOMETHING THAT I PLANNED ON FILING

24   DEPENDING ON WHAT THE COURT RULED IN THIS HEARING.  I COULD

25   LITERALLY EVEN ELECTRONICALLY FILE IT OR I CAN JUST FORWARD IT

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1   BY E-MAIL AS SOON AS I GET OFF THIS PHONE CALL.

2            THE COURT:  HERE'S WHAT I PREFER:  DO YOU HAVE TIME

3   ON FRIDAY TO PARTICIPATE IN A CONFERENCE WITH COUNSEL FOR

4   MR. MICHAEL AND WITH GOVERNMENT COUNSEL?

5            MR. GERAGOS:  YES, AS LONG AS IT'S AFTER 1:30

6   PACIFIC TIME ON FRIDAY.

7            THE COURT:  WHAT ABOUT YOU, MR. GRANGER?  AFTER 1:30

8   PACIFIC TIME ON FRIDAY?  DOES THAT WORK?

9            MR. GRANGER:  I KNOW I CAN MAKE TIME ON FRIDAY.  I

10  HAVE AN APPOINTMENT HERE WHICH WOULD NOT INTERFERE BECAUSE OF

11  THE TIME DIFFERENCE, BUT I THINK THAT -- I THINK IN THE

12  AFTERNOON NEW YORK TIME, I'M FINE.  I JUST NEED ABOUT -- IF

13  YOU'D JUST GIVE ME ABOUT TEN SECONDS, I THINK SOMEONE ON MY

14  STAFF IS GRABBING THAT.

15           MR. FORGE:  WHILE MR. GRANGER IS LOOKING, ANYTIME ON

16  FRIDAY WOULD WORK FOR US.  EVERYBODY NOW IS IN AGREEMENT THAT

17  WE'LL SHARE EACH OTHER'S PROPOSED QUESTIONNAIRES ON ANY DAY

18  BETWEEN NOW AND THURSDAY.

19           THE COURT:  2:00 FRIDAY PACIFIC TIME.  I WANT YOU,

20  MR. FORGE, TO INITIATE THE CALL.  HAVE MR. GERAGOS AND

21  MR. GRANGER ON LINE.  --

22           IF BOTH GENTLEMEN COULD E-MAIL THEIR PROPOSED

23  QUESTIONNAIRES TO MR. FORGE IN ADVANCE.  AND THEN BY MONDAY,

24  MR. FORGE, AT NOON, MONDAY THE 23RD {SIC}, I'D LIKE YOU, IF

25  YOU'RE ABLE TO, TO PRESENT ME WITH AN AGREED-UPON

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    QUESTIONNAIRE FOR THE JURY.

2            TO THE EXTENT THERE'S DISAGREEMENTS, I WANT YOU TO

3    ALL SIGN ON TO WHAT THERE IS AGREEMENT TO.  AND THEN YOU CAN

4    INCLUDE YOUR INDIVIDUAL SUBMISSION -- ADDITIONAL QUESTIONS,

5    FOR EXAMPLE, MR. GRANGER, THAT THE GOVERNMENT DOESN'T AGREE TO

6    OR THAT MR. GERAGOS DOESN'T AGREE TO.  SO I WANT A NUCLEUS OF

7    AGREED-UPON QUESTIONS.  AND THEN ANYBODY'S ADDITIONAL

8    QUESTIONS CAN BE APPENDED IF THERE'S NOT AGREEMENT.  MY HOPE

9    IS YOU'LL REACH COMPLETE AGREEMENT ON WHAT QUESTIONS OUGHT TO

10   BE PUT TO PROSPECTIVE JURORS.  BUT I'LL RULE ON THAT PROMPTLY.

11   I WANT THAT DOCUMENT FILED WITH ME BY NOON ON MONDAY THE 23RD

12   {SIC} SO THAT WE CAN GET IT OUT IN THE MAIL.

13           MR. GRANGER:  MONDAY THE 30TH?

14           THE COURT:  I'M SORRY.  TODAY IS THE 23RD.  MONDAY

15   THE 30TH.  I'M SORRY.

16           MR. GRANGER:  YOUR HONOR, GOVERNMENT COUNSEL WILL

17   INITIATE AT 2:00 YOUR TIME A CONFERENCE CALL TO ME AND TO

18   MR. GERAGOS.  AND WE WILL PRIOR TO THAT GET OUR ADDRESS TO

19   HIM, THEN THEY WILL GET THEIR ADDRESS TO US.

20           THE COURT:  I SET THE TIME OF THE CALL AT 2:00 ON

21   THE 27TH.  I WANT THE FINAL PRODUCT BEFORE NOON ON THE 30TH.

22           MR. GRANGER:  THAT'S 2:00 PACIFIC TIME?

23           THE COURT:  YES.

24           MR. FORGE:  WHEN COUNSEL SENDS THEIR PROPOSED

25   QUESTIONNAIRES, IF THEY'D JUST INCLUDE THEIR CONTACT NUMBERS

PDF created with pdfFactory trial version www.pdffactory.com

43

1    WHERE THEY WANT ME TO CALL THEM.

2            THE COURT:  DID YOU UNDERSTAND THAT, MR. GERAGOS?

3    MAKE SURE MR. FORGE HAS YOUR CONTACT NUMBER FRIDAY AT 2:00 AND

4    MR. GRANGER SAME THING.

5            MR. MAC DOUGALL, I'M NOT FORGETTING THAT I THINK I

6    ALSO SET THE WILKES/FOGGO MATTER, THE DEADLINE, THE 23RD FOR

7    QUESTIONNAIRES.

8            DO YOU HAVE THAT DATE IN MIND, ALSO?

9            MR. MAC DOUGALL:  WE HAD THAT DATE IN MIND.  WE'D

10   LIKE TO HAVE A FEW MORE DAYS, IF THAT'S POSSIBLE.  PERHAPS

11   FRIDAY IF THAT WORKS FOR THE COURT.

12           THE COURT:  HERE'S WHAT I'LL DO.  I WANT YOU TO MAKE

13   ARRANGEMENTS -- WHEN'S OUR NEXT DATE ON THAT?  WHEN'S THE

14   MOTION HEARING DATE?  DO WE HAVE ONE SET?

15           MR. FORGE:  I DON'T KNOW THAT WE HAVE ONE.

16           THE COURT:  MR. MAC DOUGALL, DO YOU HAVE PRE-TRIAL

17   MOTIONS YOU INTEND TO FILE?  NOT MOTIONS IN LIMINE, BUT

18   SUBSTANTIVE PRE-TRIAL MOTIONS IN THE WILKES/FOGGO MATTER?

19           MR. MAC DOUGALL:  YES, YOUR HONOR.

20           THE COURT:  WE NEED TO SET A DATE FOR THAT.  I THINK

21   I'LL SET THAT IN THE LATTER PART OF AUGUST, IF THAT'S

22   CONVENIENT.

23           ARE YOU PREPARED TO FILE THOSE?

24           MR. MAC DOUGALL:  I WILL BE.  I HAVE A CASE GOING TO

25   TRIAL SEPTEMBER 10TH IN FEDERAL COURT IN ARIZONA.  WE'VE GOT

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

44

1    ENOUGH PEOPLE HERE THAT WE CAN MAKE THAT DATE.

2              THE COURT:  I'LL SET THE DATE AT THAT TIME.  AND I

3    THINK WHAT I'LL DO, BECAUSE THE DATE IS NOW SOMEWHAT UP IN THE

4    AIR ON THE WILKES/FOGGO MATTER IS I'LL RELIEVE YOU OF THE

5    RESPONSIBILITY OF GETTING THE QUESTIONNAIRE TO ME IMMEDIATELY.

6              YOU MIGHT, MR. FORGE, WHEN YOU SUBMIT TO ME THE

7    AGREED-UPON -- TO THE EXTENT THERE'S AGREEMENT, AGREED-UPON

8    JURY QUESTIONNAIRE IN THE WILKES/MICHAEL CASE, WILL YOU DO

9    MR. MAC DOUGALL THE FAVOR OF SENDING HIM A COPY?  THERE MAY BE

10   A LOT OF DUPLICATION IN THAT ONE, TOO.

11             MR. FORGE:  SURE.

12             THE COURT:  I'LL POSTPONE ANY OBLIGATION TO GIVE ME

13   YOUR FINAL SUBMISSION ON BEHALF OF MR. FOGGO UNTIL THE MOTION

14   HEARING DATE, WHICH I'LL SET LATER TODAY.

15             OKAY, MR. MAC DOUGALL?  SO YOU CAN FORGET ABOUT THE

16   QUESTIONNAIRE ON WILKES/FOGGO AT THIS POINT, AND THEN WE'LL

17   SET THE DATE FOR THAT TO BE FINALIZED AT THE TIME OF THE

18   MOTION HEARING.

19             MR. MAC DOUGALL:  THANK YOU, YOUR HONOR.

20             THE COURT:  LET'S TALK ABOUT THAT NOW.

21             WHAT'S A CONVENIENT DATE FOR YOU TO APPEAR HERE FOR

22   THE MOTION HEARING IN WILKES/FOGGO?

23             MR. FORGE:  YOUR HONOR, COULD I SUGGEST MAYBE --

24   SINCE WE'RE GOING TO HAVE POTENTIALLY NEW COUNSEL FOR

25   MR. WILKES IN THAT CASE, MAYBE WE CAN DO A TELEPHONIC STATUS

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

45

1    CONFERENCE AFTER YOUR CONFERENCE ON WEDNESDAY?

2              THE COURT:  THAT'S PROBABLY RIGHT BECAUSE THAT

3    PERSON WILL WANT SOME INPUT IN THE MOTION FILING DATE.  IT MAY

4    HAVE TO BE IN SEPTEMBER.

5              SO WHAT'S YOUR AVAILABILITY, MR. MAC DOUGALL, THE

6    REST OF THIS WEEK?  I'M GOING TO MEET WITH MR. WILKES AND

7    MR. GERAGOS ON WEDNESDAY.  MR. WILKES IS GOING TO UNDERTAKE TO

8    FIND NEW COUNSEL AND REPORT BACK TO ME ON WEDNESDAY AT 12:15.

9              SOMETIME AFTER THAT DATE, WHEN ARE YOU AVAILABLE FOR

10   STATUS CONFERENCE?

11             MR. MAC DOUGALL:  IF IT WERE BY TELEPHONE, YOUR

12   HONOR, ANYTIME THIS WEEK AT LEAST MR. TESLIK OR I WILL BE

13   AVAILABLE.

14             THE COURT:  CAN YOU DO IT FRIDAY MORNING?

15             MR. MAC DOUGALL:  NEXT MONDAY?

16             THE COURT:  NO.  FRIDAY MORNING.

17             MR. MAC DOUGALL:  YES, YOUR HONOR.

18             THE COURT:  SHALL WE SAY 10:00 FRIDAY MORNING?

19             TISH, IS THERE ANYTHING ELSE ON?

20             THE CLERK:  YES.

21             THE COURT:  I HAVE SOMETHING ON FRIDAY MORNING.  I

22   DON'T WANT TO KEEP YOU UNTIL 8:00 AT NIGHT ON FRIDAY NIGHT IN

23   D.C.  IT WILL HAVE TO GO OVER UNTIL MONDAY.

24             WHAT ABOUT NEXT MONDAY?  IS THAT A BUSY DAY, TOO?

25             MR. MAC DOUGALL:  I BELIEVE WE COULD ACCOMMODATE

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1   THAT.  OUR EX PARTE FILING TOMORROW, ONE OF THE REQUESTS THAT

2   WILL BE INCLUDED IN THAT IS A REQUEST FOR SOME OF THE COURT'S

3   TIME TO DISCUSS THAT AS SOON AS THE COURT SCHEDULE PERMITS.

4          THE COURT:  I'LL HAVE A STATUS CONFERENCE

5   TELEPHONICALLY WITH COUNSEL FOR MR. FOGGO ON MONDAY THE 30TH

6   AT 10:00 IN THE MORNING.  YOU CAN APPEAR BY TELEPHONE AT THAT

7   TIME.  GOVERNMENT COUNSEL WILL BE HERE.  AND I HOPE COUNSEL

8   FOR MR. WILKES WILL APPEAR PERSONALLY AT THAT TIME HERE, TOO.

9   BUT THAT'S TO BE RESOLVED ON WEDNESDAY.  SO MONDAY THE 30TH AT

10  10:00 FOR TELEPHONIC STATUS CONFERENCE.  WE'LL SET THE MOTION

11  FILING DATE IN WILKES/FOGGO AT THAT TIME.

12         ANYTHING ELSE?

13         MR. FORGE:  NOT FROM THE GOVERNMENT.

14         THE COURT:  MR. GRANGER, ANYTHING MORE ON BEHALF OF

15  MR. MICHAEL?

16         MR. GRANGER:  NO.

17         THE COURT:  MR. MAC DOUGALL, ON BEHALF OF MR. FOGGO?

18         MR. MAC DOUGALL:  NO.

19         THE COURT:  MR. GERAGOS, ANYTHING MORE ON BEHALF OF

20  MR. WILKES?

21         MR. GERAGOS:  NO.  I'LL TALK TO YOU ON WEDNESDAY.

22         THE COURT:  ANYBODY HAVE ANYTHING ELSE, OR SHOULD WE

23  BE IN RECESS ON THIS MATTER?

24         WE'RE IN RECESS.

25                   --OOO--

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

47

1

2

3          I HEREBY CERTIFY THAT THE TESTIMONY

4          ADDUCED IN THE FOREGOING MATTER IS

5          A TRUE RECORD OF SAID PROCEEDINGS.

6

7          S/EVA OEMICK                    8-8-07

8          EVA OEMICK                      DATE
           OFFICIAL COURT REPORTER
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com