1              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF CALIFORNIA
2
         HONORABLE LARRY ALAN BURNS, JUDGE PRESIDING
3

4    UNITED STATES OF AMERICA,          )
                                        )
5                  PLAINTIFF,           )  CASE NO. 07CR00329-LAB
                                        )            07CR00330-LAB
6          VS.                          )
                                        )  SAN DIEGO, CALIFORNIA
7    KYLE DUSTIN FOGGO,  (1)            )  JULY 30, 2007
     BRENT ROGER WILKES, (2)           )  2:30 P.M.
8                                       )
     BRENT ROGER WILKES, (1)           )
9    JOHN THOMAS MICHAEL,(2)           )
                                        )
10                 DEFENDANTS.          )
     _____)
11
                      REPORTER'S TRANSCRIPT
12
          07CR00329:     STATUS CONFERENCE (1,2)
13
          07CR00330:     STATUS CONFERENCE (1,2)
14

15   APPEARANCES:
     FOR THE GOVERNMENT:          KAREN P. HEWITT, U.S. ATTORNEY
16                                BY: PHILLIP L.B. HALPERN, ESQ.
                                      VALERIE CHU, ESQ.
17                                  JASON A. FORGE, ESQ.
                                  ASSISTANT U.S. ATTORNEYS
18                                880 FRONT STREET
                                  SAN DIEGO, CA 92101
19
     FOR DEFENDANT FOGGO:         AKIN GUMP STRAUSS HAUER & FELD
20                                BY:  MARK J. MAC DOUGALL, ESQ.
                                      ANDREW J. DOBER, ESQ.
21                                1333 NEW HAMPSHIRE AVE., N.W.
                                  WASHINGTON, DC 20036-1564
22
     FOR DEFENDANT WILKES:        GERAGOS & GERAGOS
23                                BY:  MARK J. GERAGOS, ESQ.
                                  350 SOUTH GRAND AVENUE, 39TH FL.
24                                LOS ANGELES, CA. 90071

25

2

1    CONTINUED APPEARANCES:

2
     FOR DEFENDANT MICHAEL:        LAW OFFICES OF RAYMOND GRANGER
3                                  BY:  RAYMOND R. GRANGER, ESQ.
                                   757 THIRD AVENUE, 7TH FLOOR
4                                  NEW YORK, NEW YORK 10017
                                              -AND-
5                                  LAW OFFICES OF RICHARD LEVITT
                                   BY:  RICHARD W. LEVITT, ESQ.
6                                  148 EAST 78TH STREET
                                   NEW YORK, NEW YORK 10021
7

8    COURT REPORTER:              EVA OEMICK
                                  OFFICIAL COURT REPORTER
9                                 UNITED STATES COURTHOUSE
                                  940 FRONT STREET, STE. 2190
10                                SAN DIEGO, CA 92101
                                  TEL: (619) 615-3103
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    **SAN DIEGO, CALIFORNIA - MONDAY, JULY 30, 2007 - 2:30 P.M.**

2            THE CLERK:  CALLING NO. 1 ON THE CALENDAR,

3    07CR00329, UNITED STATES OF AMERICA VERSUS KYLE FOGGO AND

4    BRENT WILKES ON FOR STATUS CONFERENCE.

5            IF COUNSEL COULD STATE THEIR APPEARANCES FOR THE

6    RECORD.

7            MR. FOGGO:  JASON FORGE, VALERIE CHU, PHIL HALPERN,

8    AND SANJAY BHANDARI FOR THE UNITED STATES.

9            DEFENDANT WILKES:  I'M STANDING HERE ALONE, AND

10   NOBODY IS MORE SURPRISED AND MORE UNHAPPY ABOUT IT THAN I AM.

11           THE COURT:  MR. WILKES.

12           WHO IS APPEARING BY TELEPHONE?

13           MR. GERAGOS:  MARK GERAGOS.

14           THE COURT:  MR. GERAGOS, CAN YOU HEAR ME?

15           MR. GERAGOS:  I CAN HEAR YOU, YOUR HONOR.

16           THE COURT:  WHO ELSE IS APPEARING BY PHONE?

17           MR. GRANGER:  RAYMOND GRANGER AND RICHARD LEVITT FOR

18   JOHN MICHAEL.  MR. MICHAEL IS ALSO ON THE LINE.

19           MR. MAC DOUGALL:  MARK MAC DOUGALL, RANDY TESLIK,

20   AND ANDREW DOBER.  AGAIN, WE APPRECIATE THE COURT PERMITTING

21   US TO PARTICIPATE BY TELEPHONE.

22           THE COURT:  BEFORE WE MOVE ON TO THE SUBSTANCE, I

23   NEED TO TALK ABOUT THE LOGISTICS.  WE'VE HAD A COUPLE OF

24   PROBLEMS IN THE PAST WITH TELEPHONIC APPEARANCES.  I'M NOT

25   BLAMING ANYBODY.  I DON'T KNOW IF IT'S ON OUR END -- MR. MAC

PDF created with pdfFactory trial version www.pdffactory.com

4

1   DOUGALL, I'LL SPEAK TO YOU -- OR ON THE OTHER END.  BUT I'M

2   GOING TO ASK MY COURT CLERK AND MY JUDICIAL ASSISTANT, MR. MAC

3   DOUGALL, TO CONTACT YOU OR MR. DOBER.

4          I'VE ASKED THEM FROM NOW ON TO HAVE ALL COUNSEL WHO

5   ARE APPEARING BY TELEPHONE TO BE ON THE PHONE AND READY FIVE

6   MINUTES BEFORE THE SCHEDULED TIME FROM THE HEARING FROM NOW ON

7   SO WE DON'T RUN INTO THIS.  IT'S 20 MINUTES PAST OUR SCHEDULED

8   TIME.

9          AGAIN, I'M NOT BLAMING ANY OF THE COUNSEL.  FOR ALL

10  I KNOW, IT CAN BE OUR OWN INEPTITUDE ON THIS SIDE.  BUT IN

11  ORDER FOR THE TRAINS TO GO ON TIME, I WANT EVERYBODY TO BE

12  READY FIVE MINUTES IN ADVANCE FROM NOW ON ON THESE TELEPHONIC

13  APPEARANCES.

14         THIS IS SET TODAY TO SET SOME DATES AND TO CONFIRM

15  COUNSEL.

16         MR. GERAGOS, IF YOU DIDN'T HEAR, MR. WILKES

17  ANNOUNCED THAT HE'S HERE WITH HIMSELF -- OR ON BEHALF OF

18  HIMSELF.  AND I THINK HE SAID NO ONE IS MORE SURPRISED OR

19  DISAPPOINTED ABOUT IT THAN HE IS.

20         DO YOU WANT TO TELL ME WHAT THE CIRCUMSTANCE IS?

21  MR. WILKES SHOULD BE HERE WITH SUBSTITUTE COUNSEL TODAY.

22         MR. GERAGOS:  I BELIEVE HE'S GOT THE FORM, AND HE

23  BROUGHT THE FORM WITH HIM.

24         THE COURT:  DID YOU BRING THE FORM WITH YOU?

25         DEFENDANT WILKES:  YES, I DID.  I'VE BEEN ADVISED TO

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    HAVE IT HERE TODAY.  I DO HAVE IT.  I'M PREPARED TO SUBMIT IT.

2    BUT I'M VERY RELUCTANT AND UNHAPPY ABOUT ASKING FOR GOVERNMENT

3    COUNSEL.  I HAVE, SINCE AN HOUR AFTER THE HEARING ON THE 9TH

4    WHEN YOU REMOVED MR. GERAGOS AS MY COUNSEL, BEEN SEEKING

5    ADVICE AND LOOKING FOR ATTORNEYS JUST IN CASE.  I HAVE HAD

6    DOZENS OF CONVERSATIONS AND E-MAILS.  AND NOT ONLY MYSELF, BUT

7    OTHERS ON MY BEHALF.  WE'VE WORKED DILIGENTLY TO FIND SOMEONE

8    TO REPLACE MR. GERAGOS IN THIS CASE AND TO FIND A WAY TO

9    PROVIDE AN ADEQUATE DEFENSE.

10           I FEEL STRONGLY THAT I'D LIKE TO HAVE AT LEAST ONE

11   LAWYER IN THIS CASE INVOLVED COME FROM THE PRIVATE SECTOR AND

12   NOT BE WITH THE GOVERNMENT.  BUT AS YOU'RE AWARE, THERE'S A

13   NUMBER OF CIRCUMSTANCES SURROUNDING THIS CASE, NOT THE LEAST

14   OF WHICH IS A FINANCIAL SITUATION, WHICH MAKES IT VERY

15   DIFFICULT TO HAVE A SECOND BEING THE FACT THAT IN THE MINDS OF

16   EVERY LAWYER I'VE TALKED TO, I'VE BEEN TRIED AND CONVICTED IN

17   THE PRESS LARGELY AS A RESULT OF LIES AND LEAKS AND

18   INFORMATION THAT'S BEEN EXCLUDED FROM THE INDICTMENT.

19           AND SO I FIND MYSELF IN A SITUATION WHERE I'M ASKING

20   FOR HELP AND DEMANDING THAT THEY DO ME A FAVOR QUICKLY.  I'M

21   IN A SITUATION WHERE I BELIEVE THAT I CAN FIND COUNSEL TO

22   REPRESENT ME.

23           THE COURT:  I'M SORRY.  YOU CAN OR CANNOT?

24           DEFENDANT WILKES:  I CAN, BUT I'M GOING TO NEED MORE

25   TIME TO DO IT.  I THOUGHT -- ON FRIDAY, I THOUGHT THAT I HAD

PDF created with pdfFactory trial version www.pdffactory.com

6

1    IT DONE AND THAT I WOULD HAVE SOMEONE HERE TODAY.  AND AT

2    4:30, I FOUND OUT THAT WASN'T GOING TO BE POSSIBLE.

3              THE COURT:  4:30 YESTERDAY?

4              THE DEFENDANT:  4:30 FRIDAY.

5              BUT I DO NEED A LITTLE MORE TIME.  AND I THINK WITH

6    A WEEK OR TEN DAYS, I COULD GET COUNSEL THAT COULD REPRESENT

7    ME THAT I'D BE HAPPY WITH AND THAT COULD DO THE JOB.  BUT LIKE

8    I SAID, IT'S VERY DIFFICULT TO ASK FOR A FAVOR AND THEN ASK

9    THEM TO MOVE VERY QUICKLY.

10             WHAT I'VE LEARNED ABOUT DEFENSE LAWYERS IS THEY'RE

11   ALL BUSY.  THE ONES THAT AREN'T BUSY ARE THE ONES YOU DON'T

12   WANT TO HIRE.  THAT'S BEEN A PROBLEM, JUST GETTING SOMEONE

13   ABLE TO TALK ABOUT IT.

14             THE COURT:  YOU MAY HAVE PUT MORE PRESSURE ON

15   YOURSELF THAN WAS NECESSARY.  TO BE SURE, I WANTED YOU TO COME

16   WITH A LAWYER, AND THAT'S WHY I GAVE TWO WEEKS.  I'M SURPRISED

17   THAT YOU COULDN'T FIND SOMEONE WITHIN A TWO-WEEK PERIOD OF

18   TIME.  MAYBE THE SECOND CALL TO COME WITH A LAWYER WAS A

19   LITTLE QUICK.  BUT I WANT THERE TO BE NO MISUNDERSTANDING.

20             I THINK I MENTIONED THIS BEFORE, MR. WILKES, BUT I

21   CONTEMPLATE THAT WE'RE PROBABLY GOING TO HAVE TO ADJUST THE

22   TRIAL DATE IN THE SECOND CASE.

23             YOU UNDERSTOOD THAT; RIGHT?

24             DEFENDANT WILKES:  YES.

25             THE COURT:  I THINK I SET THAT OCTOBER 24TH,

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

7

1    SOMETHING LIKE THAT.  IT'S MARKED OUT ON MY CALENDAR.  BUT

2    OBVIOUSLY, WITH ALL OF THE INFORMATION THE GOVERNMENT SAYS

3    THEY WANT A LAWYER REPRESENTING YOU TO REVIEW, SOMEONE'S GOING

4    TO HAVE TO DEVOTE SINGLE-MINDED ATTENTION TO THIS CASE TO BE

5    READY BY THE DATE THAT I SET.  AND FEW LAWYERS CAN DO THAT,

6    PARTICULARLY, AS YOU SAY, THE ONES THAT YOU WOULD WANT TO

7    REPRESENT YOU.

8         SO I'M PREPARED TO ADJUST THAT DATE.  BUT, ON THE

9    OTHER HAND, I WANT TO SEE SOME MEASURABLE PROGRESS BY YOU IN

10   GETTING COUNSEL.  I KNOW THAT -- AND I DON'T WANT YOU TO

11   COMMENT ON THIS.  I KNOW, BECAUSE IT'S BEEN REPRESENTED TO ME,

12   THAT YOU AND MR. GERAGOS HAVE DISCUSSED THIS, THAT HE HAD SOME

13   DISCUSSIONS WITH THE FEDERAL DEFENDER, WHO, BY THE WAY, IS NOT

14   AN ARM OF THE GOVERNMENT.  THEY'RE NOT LIKE PUBLIC DEFENDERS.

15   THEY'RE AN INDEPENDENT DEFENDER ORGANIZATION.  THEY RECEIVE

16   GOVERNMENT FUNDS, BUT THEY DO THEIR OWN HIRING.  THE COURTS

17   AND THE GOVERNMENT HAVE NO SAY ON THAT.

18        THE FEDERAL DEFENDERS ORGANIZATION HERE IS

19   INDEPENDENT.  THEY'RE NOT LIKE A PUBLIC DEFENDER.  THEY DO GET

20   GOVERNMENT FUNDS, IF THAT'S WHAT YOU MEAN BY "GOVERNMENT

21   LAWYERS."  THEY'RE GOVERNMENT LAWYERS UNDER THAT DEFINITION.

22   BUT THEY HAVE -- IN ALL MY TIME HERE, HAVE PRIDED THEMSELVES

23   ON THEIR INDEPENDENCE, THAT NO ONE TELLS THEM WHAT TO DO.

24        IN FACT, I THINK EVEN AS LONG AS I'VE BEEN HERE, THE

25   SUPERVISORS HAVE BEEN VERY RELUCTANT TO REIN IN INDIVIDUAL

PDF created with pdfFactory trial version www.pdffactory.com

8

1   LAWYERS OVER THERE.  I THINK THAT'S PART OF THE LURE FOR YOUNG

2   PEOPLE COMING OUT OF LAW SCHOOL OR MOVING FROM A FIRM TO A

3   PUBLIC DEFENDER ORGANIZATION TO GO TO THAT FIRM.  THEY HAVE

4   MANY FINE LAWYERS THAT ARE VERY EXPERIENCED PEOPLE.

5            SO THEY ARE THE TYPES OF LAWYERS, IF YOU QUALIFY,

6   THAT YOU WOULD WANT TO HAVE DEFEND YOU IN A CASE LIKE THIS.

7   BUT I RESPECT YOUR RIGHT TO PICK A LAWYER OF YOUR CHOOSING.

8   AND IF YOU CAN AFFORD TO DO SO, I'M PREPARED TO GIVE YOU SOME

9   MORE TIME.  BUT WE CAN'T GO ON AND ON.  WE'VE GOT ANOTHER

10  FELLOW WHO HAS AN INTEREST IN A SPEEDY TRIAL, TOO.  MR. FOGGO,

11  HE'S AHEAD OF YOU BECAUSE HIS LAWYERS WENT THROUGH THIS

12  CLEARANCE.  AND THEY HAVE BEEN REVIEWING THE MATERIALS.

13           AND THE CASE IS NOT SEVERED BETWEEN YOU AND HIM, AS

14  YOU KNOW.  THE TWO OF YOU, UNLESS SOMETHING COMES UP THAT

15  PERSUADES ME IT SHOULD BE SEPARATED, WILL BE TRIED TOGETHER.

16  AND WE MOVE AT THE PACE OF THE SLOWEST SHIP IN THE CONVOY.  IF

17  YOU'RE NOT MOVING VERY QUICKLY, THEN HIS CASE CAN'T ADVANCE

18  EITHER.  AND I'M CONCERNED ABOUT THAT.

19           SO IT'S INCUMBENT UPON YOU TO DEVOTE YOUR ATTENTION

20  TO THIS PROBLEM.  I KNOW YOU'VE GOT A LOT OF BALLS UP IN THE

21  AIR.  I KNOW THERE'S A LOT OF THINGS GOING ON.  BUT YOUR

22  ATTENTION NEEDS TO BE DEVOTED TO THIS PROBLEM.  YOU NEED TO

23  GET A LAWYER AND COME BACK WITH A LAWYER WHO'S PREPARED TO

24  REPRESENT YOU ON THIS.

25           BUT THE LONGER IT GOES, MR. WILKES, THE LESS LIKELY

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

9

1    IT IS THAT I'LL BE ABLE TO TRY THE CASE THIS YEAR.  I'M

2    ALREADY MOVING INTO A TIME WHEN MOST JUDGES AND LAWYERS DON'T

3    WANT TO TRY CASES.  TOWARDS THE END OF THE YEAR, WHATEVER THE

4    NATURE OF THE CASE, THINGS TEND TO SLOW DOWN.  PEOPLE DON'T

5    USUALLY TRY CASES IN DECEMBER.  THEY CAN BE TRIED, BUT MOST OF

6    THE TIME THE LAWYERS AND THE JUDGES FIND A WAY TO ANGLE AROUND

7    THE HOLIDAYS SO PEOPLE CAN ENJOY THEIR HOLIDAYS.

8            IN THIS CASE, I'M PREPARED TO GO FORWARD THROUGH THE

9    HOLIDAYS.  I'M GOING TO BE HERE.  I'M ASSUMING YOU'RE GOING TO

10   BE HERE.  I'M ASSUMING MR. FOGGO IS GOING TO BE READY TO GO BY

11   THEN AND WANTS TO HAVE A RESOLUTION OF THIS.  BUT I CAN ONLY

12   REMAIN CONFIDENT THAT THAT'S POSSIBLE IF YOU COME BACK WITH A

13   LAWYER WHO'S READY TO REPRESENT YOU AND GET UP TO SPEED VERY

14   QUICKLY.  THAT'S THE STRAIN I'M WORKING UNDER.

15           HOW LONG DO YOU THINK YOU'LL NEED TO DO FURTHER

16   INQUIRIES AND COME BACK WITH SOMEONE?  I THINK TWO WEEKS IS

17   TOO LONG.

18           DEFENDANT WILKES:  I WAS THINKING A WEEK, TEN DAYS.

19   AND IF I GET A SOLID CONFIRMATION THAT IT'S NOT GOING TO BE

20   POSSIBLE FROM ALL THE PEOPLE THAT I'M TALKING TO, I'LL CALL

21   BACK EARLY AND WE CAN MOVE ON WITH A PUBLIC DEFENDER.

22           THE COURT:  DO YOU WANT TO SUBMIT YOUR FINANCIAL

23   AFFIDAVIT TO ME TODAY SO I CAN REVIEW THAT?  DO YOU BELIEVE

24   YOU QUALIFY FOR APPOINTED COUNSEL AT THIS POINT?

25           DEFENDANT WILKES:  I HAVE NO IDEA.  THIS IS -- I

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

10

1    DON'T KNOW.

2             THE COURT:  WELL, IT MIGHT MAKE SENSE FOR YOU TO

3    SUBMIT THAT.  THE ONLY PERSON THAT SEES IT IS ME.  IT WOULD

4    REMAIN SEALED.  BUT AT LEAST WE'D BE IN A POSITION WHERE I

5    WOULDN'T HAVE TO TAKE TIME TO DO THE REVIEW OF THAT IN THE

6    EVENT YOU'RE NOT ABLE TO COME UP WITH YOUR OWN COUNSEL.

7             TODAY IS THE 31ST {SIC}.  TEN DAYS PUTS US OUT ABOUT

8    THE 10TH.  I DON'T WANT TO GO ANY LONGER THAN THAT.  AND IF

9    YOU CAN COME UP WITH SOMEBODY BEFORE THE 10TH --

10            THE CLERK:  TODAY IS THE 30TH.  I'M SORRY.

11            WELL, LET'S -- EVERY DAY COUNTS AT THIS POINT.

12            WHAT ABOUT THE 8TH OF AUGUST?  WOULD YOU BE

13   AVAILABLE TO COME BACK ON THE 8TH?  THAT'S A WEEK FROM

14   WEDNESDAY.

15            DEFENDANT WILKES:  YES.

16            THE COURT:  DO YOU THINK YOU CAN MAKE YOUR

17   ARRANGEMENTS OR FINALIZE SOME ARRANGEMENTS WITH SOMEONE BY

18   THEN IF THAT'S GOING TO HAPPEN?

19            DEFENDANT WILKES:  YES, I CERTAINLY HOPE SO.  IF

20   NOT, I'LL CERTAINLY KNOW THAT I'M NOT GOING TO BE ABLE TO.

21            THE COURT:  WE'LL SET THIS OVER AGAIN FOR THE 8TH

22   UNTIL 10:00 IN THE MORNING.  AND THAT'S JUST FOR YOU TO TELL

23   ME WHO COUNSEL IS.

24            YOU SEE, THE PROBLEM IS -- AND I KNOW YOU KNOW

25   THIS -- I CAN'T SET ANY OF THE OTHER DATES IN THIS CASE THAT

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    NEED TO BE SET BECAUSE I'VE GOT TO HAVE SOMEBODY HERE WHO CAN

2    GIVE ME A GOOD FAITH ESTIMATE OF HOW LONG IT WILL TAKE THEM TO

3    GET UP TO SPEED.  I WANT YOU TO SUBMIT THE FINANCIAL AFFIDAVIT

4    TODAY.  MR. GERAGOS REPRESENTED LAST TIME THAT HE HAD TALKED

5    TO SOME PEOPLE AT THE FEDERAL DEFENDERS OFFICE.  IN THE EVENT

6    YOU DON'T COME WITH COUNSEL ON THE 8TH, IT WOULD BE MY

7    INCLINATION AT THIS POINT TO APPOINT COUNSEL FOR YOU.

8           I'M GOING TO LOOK AT THE AFFIDAVIT AND MAKE SURE

9    YOU'RE QUALIFIED FOR APPOINTMENT OF COUNSEL.  IN IFFY

10   SITUATIONS, I'M STILL ENTITLED TO APPOINT COUNSEL WITH THE

11   PROVISO THAT YOU'D HAVE TO PAY FOR THE COST OF THAT

12   REPRESENTATION.  WE'D HAVE A HEARING AT THE END.  AND IF I

13   DETERMINED THAT YOU WERE FINANCIALLY ABLE TO PAY FOR THE COST

14   OF REPRESENTATION, THEN YOU'D HAVE TO PAY FOR THAT JUST AS YOU

15   WOULD A PRIVATE LAWYER.

16          I WANT TO GIVE YOU EVERY OPPORTUNITY, MR. WILKES, TO

17   FIND COUNSEL OF YOUR OWN CHOOSING.  YOU'RE ENTITLED TO THAT IF

18   YOU CAN AFFORD THAT.  BUT NOW TIME IS BECOMING A FACTOR HERE.

19   SO ON THE 8TH, ONE WAY OR THE OTHER, WE'RE GOING TO HAVE

20   COUNSEL FOR YOU.  I'LL DIRECT YOU TO FILE THE FINANCIAL

21   AFFIDAVIT TODAY.

22          MR. MAC DOUGALL, MR. DOBER, AND MR. TESLIK, I THINK

23   WHAT THAT MEANS IS WE CAN'T GO FORWARD AND SET THE MOTIONS

24   DATES THAT I HAD INTENDED TO SET IN THE FOGGO MATTER UNTIL WE

25   CONFIRM COUNSEL FOR MR. WILKES.  I'M SORRY ABOUT THAT, BUT I'M

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1   STUCK AT THIS POINT UNLESS YOU HAVE SOME SUGGESTION.  IF

2   THERE'S SOME DATE THAT I CAN SET RESPECTING THE CIPA MATERIAL

3   THAT YOU'VE HAD A CHANCE TO LOOK AT, I MIGHT BE WILLING TO

4   CONSIDER DOING THAT.

5            MR. MAC DOUGALL:  MARK MAC DOUGALL.

6            WE SENT EARLIER TODAY AN EX PARTE LETTER TO THE

7   COURT, WHICH YOUR HONOR PROBABLY HASN'T HAD A CHANCE TO LOOK

8   AT YET.  THE SUBJECT MATTER OF IT RELATES DIRECTLY TO THE

9   AMOUNT OF TIME THAT'S BEING EXPENDED AND REALLY THE DELAY THAT

10  WE BELIEVE IS BEING CAUSED BY THE CIA IN MAKING SORT OF BASIC

11  INFORMATION AVAILABLE TO US AND ACCESS TO WITNESSES.

12           SO IN ORDER TO MAKE THE AUGUST DATE PRODUCTIVE, IF

13  WE COULD ASK THE COURT TO HEAR US ON THAT EX PARTE MATTER

14  BETWEEN NOW AND THEN, I THINK IT WOULD HELP MAKE THAT DATE A

15  USEFUL DATE.

16           THE COURT:  I'LL DO THAT.

17           I HAVEN'T HAD A CHANCE TO LOOK AT IT YET.  I HAVEN'T

18  EVEN SEEN IT.

19           BUT ARE YOU STILL RUNNING INTO THE SAME TYPES OF

20  PROBLEMS WITH THE AGENCY REFUSING TO LET YOU INTERVIEW PEOPLE

21  YOU THINK ARE PERTINENT?

22           MR. MAC DOUGALL:  YES, YOUR HONOR.  I CAN GIVE YOU

23  SOME PARTS OF IT.  I'D RATHER NOT SPEAK IN OPEN COURT.  BUT

24  SPECIFICALLY, WE'VE ADDRESSED ONE OF THEM PREVIOUSLY.  WE'VE

25  HAD TO BE READ INTO SPECIALIZED COMPARTMENTS, SCI'S, SINCE

PDF created with pdfFactory trial version www.pdffactory.com

1   JUNE 29TH.  AND THE COURT DIRECTED ON JULY 9TH THE CIA DEPUTY

2   GENERAL COUNSEL TO TAKE UP PROFFERS, WHICH THEY DID A FEW DAYS

3   LATER.  IT'S NOW BEEN NEARLY TWO WEEKS SINCE THEY TOOK THE

4   PROFFER AND SAID, "WE'LL GET BACK TO YOU."

5           I MYSELF CAN'T IMAGINE A THEORY UNDER WHICH THEY

6   COULD DENY US ACCESS TO THOSE COMPARTMENTS RECOGNIZING THAT

7   ALL THAT DOES IS GIVE US THE RIGHT TO GO OUT AND LOOK FOR

8   INFORMATION, NOT THE RIGHT TO OBTAIN ANYTHING.  SO IF IT'S

9   TAKEN US A MONTH TO SIMPLY GET AN EXTRA SECURITY CLEARANCE

10  THAT I DON'T THINK THERE'S GOING TO BE ANY DOUBT WE'RE

11  ENTITLED TO, I DON'T KNOW HOW WE'RE GOING TO BE ABLE TO MOVE

12  FORWARD AND SET A TRIAL DATE UNLESS THAT LOG JAM IS BROKEN.

13  AND THAT'S WHAT WE'RE ASKING THE COURT TO ASSIST US IN DOING.

14          THE COURT:  WE WILL SET THAT FOR THE 8TH AS WELL.

15          MR. FORGE, I THINK IT WOULD BE APPROPRIATE THAT YOU

16  HAVE A REPRESENTATIVE.  I KNOW ONE IS HERE, BUT THAT YOU HAVE

17  A REPRESENTATIVE FROM THE CIA HERE ON THAT DAY.

18          MR. FORGE:  WE'LL ARRANGE IT AT LEAST

19  TELEPHONICALLY.

20          THE COURT:  MR. MAC DOUGALL IS RIGHT.  I ASKED AND

21  WAS ASSURED THAT THEY WOULD DO EVERYTHING THAT THEY COULD.

22  I'M -- AT THIS POINT, I HAVEN'T READ IT.  BUT I WOULD TEND TO

23  BE DEFERENTIAL IN MY THINKING TO EXPERIENCED DEFENSE COUNSEL

24  SAYING HE BELIEVES HE'S ENTITLED TO THIS.  SO YOU MIGHT

25  COMMUNICATE THAT TO THE CIA AS WELL.  THEY'RE DELAYING THIS

PDF created with pdfFactory trial version www.pdffactory.com

14

1    TRIAL FROM GOING FORWARD.

2             MR. FORGE:  YOUR HONOR, I DO WANT TO SAY OBVIOUSLY

3    WE'RE NOT INVOLVED IN THOSE DISCUSSIONS.  BUT I JUST WANT TO

4    FORECAST FOR YOUR HONOR.  I UNDERSTAND THAT THE OFFICE OF

5    GENERAL COUNSEL WILL BE FILING AN EX PARTE RESPONSE TO MORE

6    FULLY EXPLAIN TO THE COURT THE FULL CONTEXT OF THEIR THINKING.

7             I KNOW THAT FROM OUR DEALINGS WITH THEM IN GENERAL

8    IN THIS CASE, WE HAVE NEVER HAD EVEN A SUSPICION THAT THEY

9    WERE INTENDING TO DELAY ANYTHING AND THAT THEY HAVE ANYTHING

10   OTHER THAN THE BEST INTEREST OF THE COUNTRY IN THIS CASE IN

11   MIND IN MAKING THEIR DECISIONS.

12            THE COURT:  WHY WOULD IT TAKE TWO WEEKS, THOUGH,

13   MR. FORGE.  THEY GOT A SPECIFIC REQUEST.  WHY WOULD IT TAKE

14   THEM TWO WEEKS AND STILL NO RESPONSE TO THAT SPECIFIC REQUEST?

15   EITHER THEY SAY -- THEY LOOK AT IT AND THEY SAY "NO, WE CAN'T

16   DO THIS" OR "YES, WE WILL" AND THEN RESPOND.

17            MR. FORGE:  AGAIN, WE'RE NOT PRIVY TO THOSE

18   CONVERSATIONS.  I DON'T WANT TO SPECULATE ABOUT IT.  ALL I'M

19   SAYING IS AS WITH ANY SITUATION, THERE ARE TWO SIDES TO THE

20   STORY.  IT WILL BE INTERESTING TO SEE WHAT THEY DO HAVE TO SAY

21   IN RESPONSE.

22            THE COURT:  THAT MATTER WILL BE SET FOR THE 8TH.

23   I'LL WANT SOME EXPLANATION FROM THE CIA AS TO THE SPECIFIC

24   CLAIMS THAT WILL BE BROUGHT UP ON THAT DAY.  YOU'VE GOT AN

25   IDEA OF WHAT THE NATURE OF THE CLAIMS ARE.

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1          MR. MAC DOUGALL OR MR. FORGE, ANYTHING ELSE THAT WE

2     CAN DO ON THE WILKES/FOGGO MATTER?

3          MR. MAC DOUGALL:  YOUR HONOR, I MISSED PART OF

4     THAT.

5          THE COURT:  I SAID IS THERE ANYTHING ELSE THAT WE

6     CAN DO, ANY OTHER DATES OR PROGRESS THAT CAN BE MADE TODAY AS

7     FAR AS EITHER SIDE IS CONCERNED ON THE WILKES/FOGGO MATTER?

8          MR. MAC DOUGALL:  I'M AFRAID NOT, YOUR HONOR.  WE'RE

9     AS READY TO MOVE FORWARD AS THE COURT IS BUT WITHOUT

10    ESTABLISHING SOME KIND OF FULL COOPERATION WITH THE CIA, I

11    DON'T KNOW THAT WE'RE IN A POSITION TO DO THAT.

12         THE COURT:  MR. WILKES, BEFORE I CLOSE OUT ON THIS

13    CASE, IF YOU'LL PRESENT THE DECLARATION TO THE CLERK OF THE

14    COURT HERE.

15         MR. FORGE:  YOUR HONOR, I DO WANT TO SAY REGARDING

16    THE FINANCIAL AFFIDAVIT, IT'S NOT NECESSARILY A BATTLE WE HAVE

17    TO FIGHT.  BUT TO THE EXTENT THAT WHEN WE COME HERE NEXT WEEK,

18    YOUR HONOR IS INCLINED TO ACCEPT THEIR REPRESENTATIONS THAT HE

19    QUALIFIES FOR APPOINTED COUNSEL, IT IS THE UNITED STATES'

20    POSITION THAT WE WOULD HAVE A RIGHT OF ACCESS TO THAT

21    DOCUMENT.  AGAIN, I'M NOT TRYING TO ARGUE IT RIGHT NOW.

22         THE COURT:  I DON'T THINK WE NEED TO GET TO THAT NOW

23    EITHER.  THE PURPOSE OF HIM PRESENTING THIS DOCUMENT TO ME IS

24    FOR ME TO MAKE A DETERMINATION OF WHETHER HE QUALIFIES FOR

25    APPOINTED COUNSEL IN THE EVENT HE CAN'T FIND SOMEONE TO

PDF created with pdfFactory trial version www.pdffactory.com

16

1    REPRESENT HIM.

2            EVEN IF IT'S CLOSE, MR. FORGE, AS YOU KNOW, I HAVE

3    DISCRETION UNDER 3006(A) OF TITLE 18 TO APPOINT COUNSEL WITH

4    THE PROVISO THAT WE'D HAVE A HEARING AT THE END AND THAT THE

5    COSTS COULD BE ASSESSED AGAINST MR. WILKES'S IN THE EVENT THAT

6    I FIND HE'S FINANCIALLY ABLE AT THAT POINT.  AT THIS TIME, MY

7    INTEREST IS IN MOVING THIS CASE FORWARD.

8            MR. FORGE:  THAT'S WHY I'M NOT TRYING TO MAKE AN

9    ISSUE OUT OF IT NOW.  I DON'T WANT YOUR HONOR TO THINK IF WE

10   STOOD SILENT TODAY, THAT IT'S A BELATED ARGUMENT.

11           THE COURT:  YOU CAN RESERVE ANY ARGUMENT YOU HAVE

12   WITH RESPECT TO THIS.  FOR NOW, I'VE RECEIVED IT UNDER SEAL

13   FROM HIM.  AND IT'S, AS I SAID, FOR THE PURPOSE OF EVALUATING

14   HIS FINANCIAL SITUATION.

15           THE DEFENDANT:  I HAVEN'T HAD THAT REVIEWED BY AN

16   ATTORNEY OR ASKED ANYONE ABOUT THE POTENTIAL RISK OF

17   DELIVERING IT TO YOU BASED ON THE REPRESENTATION THAT THAT WAS

18   THE SOLE PURPOSE FOR IT AND THAT WAS ALL IT WOULD BE USED

19   FOR.

20           THE COURT:  BEFORE I TURN IT OVER TO ANYBODY, I'LL

21   MAKE SURE THAT YOU HAVE COUNSEL, WHETHER APPOINTED OR COUNSEL

22   OF YOUR CHOOSING, TO GET A COPY OF THIS AND LOOK AT IT.  THERE

23   WILL BE ARGUMENTS THAT CAN BE MADE ON BOTH SIDES.  I'M NOT

24   INCLINED TO TURN IT OVER, MR. WILKES.

25           OKAY.  LET'S SWITCH GEARS NOW.

PDF created with pdfFactory trial version www.pdffactory.com

17

1          ON THE WILKES/MICHAEL MATTER, WE HAVE A TRIAL DATE

2     SET FOR SEPTEMBER 18TH.  I NOTICED, IN GOING BACK AND LOOKING

3     AT THE DOCKET IN THE CASE, THAT I HAD SET A MOTIONS IN LIMINE

4     FOR THE 17TH OF SEPTEMBER.  AND IT APPEARED FROM THE DOCKET

5     ENTRY THAT THAT WAS ALSO THE DATE FOR HEARING ANY SUBSTANTIVE

6     MOTIONS.

7          IS THAT THE RECOLLECTION OF COUNSEL AS WELL?

8          MR. GRANGER:  I'M SORRY.  I DIDN'T HEAR THAT LAST

9     SENTENCE.

10         THE COURT:  MR. GRANGER, THAT WAS THE DATE FOR

11    HEARING PRE-TRIAL MOTIONS, SUBSTANTIVE IN NATURE, AS WELL AS

12    IN LIMINE MOTIONS ON THE 17TH.

13         IS THAT THE WAY THAT WE SET IT?

14         MR. GRANGER:  YOU DID NOT SET ANY PRIOR DATES.

15    THAT'S CORRECT.

16         MR. FORGE:  I THINK WE'VE HAD OUR SUBSTANTIVE MOTION

17    HEARING DATE, YOUR HONOR.  THAT WAS MY UNDERSTANDING BEFORE.

18    I THINK WE HAD MULTIPLE HEARING DATES.  I THINK YOUR HONOR

19    SPECIFICALLY SET A DATE FOR SUBSTANTIVE MOTIONS.

20         THE COURT:  HAS THAT COME AND GONE?

21         MR. FORGE:  I BELIEVE SO.

22         MR. HALPERN:  WE HAD ARGUMENTS, SEVERAL HOURS' WORTH

23    OF ARGUMENTS ON A WIDE RANGE OF MOTIONS THAT WERE FILED ON

24    BOTH SIDES.  THE GOVERNMENT, IN BOTH CASES, RESPONDED TO

25    VOLUMINOUS MOTIONS IN THIS CASE.

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

18

1           THE COURT:  MR. GRANGER OR MR. GERAGOS, ARE THERE

2     OTHER -- I'M NOT TALKING ABOUT IN LIMINE MOTIONS.  ARE THERE

3     OTHER PRE-TRIAL SUBSTANTIVE MOTIONS THAT EITHER ONE OF YOU

4     INTENDS TO BRING?

5           MR. GRANGER:  THIS IS RAYMOND GRANGER.

6           AT THE LAST APPEARANCE -- I BELIEVE IT WAS

7     MAY 14TH -- THIS WAS ADDRESSED WITH RESPECT TO MR. MICHAEL'S

8     CASE.  YOUR HONOR SPECIFICALLY DID NOT SET A DEADLINE.  WITH

9     THAT IN MIND, WE CERTAINLY DON'T INTEND TO BE FILING

10    SUBSTANTIVE MOTIONS ON SEPTEMBER 17TH.  BUT ACTUALLY, WE ARE

11    IN THE PROCESS OF PREPARING SOME VERY DETAILED MOTIONS THAT WE

12    HOPE TO BE FILING VERY SOON.

13          THE COURT:  WHAT'S THE NATURE OF THE MOTIONS THAT

14    YOU INTEND TO FILE OTHER THAN IN LIMINE MOTIONS?

15          MR. GRANGER:  WELL, WE HAVE AT LEAST ONE OR TWO

16    GROUNDS FOR POSSIBLE DISMISSAL.  THEY'RE SOMEWHAT SENSITIVE.

17          THE COURT:  ALL RIGHT.  IT'S ENOUGH THAT I KNOW THAT

18    THAT'S THE NATURE OF IT.  IT'S A MOTION TO DISMISS.

19          ANYTHING ELSE?

20          MR. GRANGER:  MR. LEVITT AND I ARE ACTUALLY MAKING

21    THAT DECISION THIS WEEK, DECISIONS ON MOTIONS.

22          THE COURT:  MR. GERAGOS, HOW ABOUT YOU?  DO YOU HAVE

23    ANY OTHER SUBSTANTIVE MOTIONS TO FILE ON BEHALF OF MR. WILKES

24    IN THE WILKES/MICHAEL CASE?

25          MR. GERAGOS:  WE BELIEVE WE WILL, YOUR HONOR.

PDF created with pdfFactory trial version www.pdffactory.com

1          THE COURT:  WELL, IT SOUNDS, MR. HALPERN, AS IF I

2     NEED TO SET ANOTHER DATE.  IT WAS UNCLEAR IN MY RECOLLECTION

3     ABOUT WHETHER I SET A CUTOFF DATE FOR PRE-TRIAL MOTIONS.  I

4     KNOW WE GOT SOME.  I REMEMBER.  OBVIOUSLY, WE GOT THE MOTION

5     DIRECTED AT THE GRAND JURY -- ALLEGATION OF A GRAND JURY LEAK.

6          IT'S UNCLEAR IN MY NOTES AND IN THE DOCKET WHETHER I

7     SET A FINAL DATE FOR DISPOSITIVE PRE-TRIAL MOTIONS.

8     MR. HALPERN IS RIGHT THAT I HAVE HEARD MOTIONS RESPECTING THE

9     WILKES/MICHAEL INDICTMENT.  I'VE RULED ON SOME OF THOSE, BUT I

10    DON'T RECALL IF I SET A FINAL CUTOFF DATE.

11         MR. GRANGER:  MY RECOLLECTION IS QUITE FIRM.  YOU

12    DID NOT.

13         MR. HALPERN:  YOUR HONOR, I THINK THAT WOULD BE

14    CLEAR, THAT THE COURT NEVER RULED AND SAID, "THIS IS IT.  NO

15    MORE MOTIONS WILL BE FILED."  HOWEVER, THE PRACTICE IN THIS

16    COURT AND VIRTUALLY EVERY OTHER COURT I'VE EVER BEEN IN IN

17    THIS COURTHOUSE HAS BEEN WE SET A MOTIONS DATE.  ON THAT DATE,

18    ALL THE MOTIONS ARE HEARD.  AGAIN, I'M NOT TRYING TO SAY IF

19    THERE'S A MOTION THEY HAD AND THEY DIDN'T UNDERSTAND THAT THEY

20    WAIVED IT, IT'S JUST AFTER SPENDING HOURS, YOUR HONOR --

21         MR. GRANGER:  WE'RE FADING IN AND OUT A LITTLE

22    BIT.

23         THE COURT:  MR. HALPERN, MAYBE YOU CAN STAND AT THE

24    LECTERN AND SPEAK INTO THE MIKE.  I THINK THAT WILL HELP.

25         I'LL HAVE MR. HALPERN START RIGHT OVER.

PDF created with pdfFactory trial version www.pdffactory.com

1          HE ESSENTIALLY SAID THAT THE PRACTICE -- HE'S RIGHT.

2   THE PRACTICE IN MY COURT AND OTHER COURTS IN THIS DISTRICT IS

3   TO SET A SINGLE DATE IN MOST CIRCUMSTANCES FOR HEARING

4   PRE-TRIAL MOTIONS, NOT TO BIFURCATE IT.  I, IN PARTICULAR,

5   DON'T LIKE TO DO THAT.  I LIKE TO GET READY FOR THE MOTION

6   HEARING AND THEN HEAR ALL THE MOTIONS ON A CASE AT ONCE.

7          I UNDERSTAND UNDER SOME CIRCUMSTANCES THAT'S NOT

8   POSSIBLE.  DISCOVERY IS LATE OR FACTS BECOME KNOWN THAT WERE

9   NOT KNOWN AT THE TIME THAT THE PARTY WAS OBLIGATED TO FILE

10  MOTIONS.  IN MOST INSTANCES, I DO REQUIRE THAT ALL THE MOTIONS

11  BE FILED SO AS TO BE HEARD ON A DATE CERTAIN.  I'M NOT SURE I

12  MADE THAT CLEAR IN THIS CASE, THOUGH, MR. HALPERN.

13          MR. HALPERN:  I UNDERSTAND THAT.  I DON'T THINK I

14  COULD HAVE ARTICULATED IT BETTER THAN THE COURT DID.  THAT'S

15  OUR ROUTINE PRACTICE HERE.  AFTER SPENDING HOURS AND HOURS

16  PREPARING AND RESPONDING TO MOTIONS, I DIDN'T THINK WE WERE

17  GOING TO HAVE ROLLING MOTION DATES.  I DON'T THINK I'VE HEARD

18  FROM ANY JUDGE IN THIS COURTHOUSE "WELL, THIS IS IT, COUNSEL.

19  IT'S THE FINAL DATE."  I THINK IT'S UNDERSTOOD BY ALL THE

20  PARTIES.

21          WHEN WE LOOK AT THE RULES, THERE'S A DATE FOR

22  MOTIONS.  AND THOSE DATES ARE HELD BY ALL THE COURTS HERE.

23  THAT'S STATED.  IF THERE WERE NEW MOTIONS BASED ON NEWLY

24  DISCOVERED INFORMATION, THE GOVERNMENT, OF COURSE, RECOGNIZES

25  IT'S APPROPRIATE FOR THEM TO BE BROUGHT.

PDF created with pdfFactory trial version www.pdffactory.com

1    AND WHAT'S TROUBLING TO THE GOVERNMENT, YOUR HONOR,

2   IS SIMPLY THAT WE ARE WORKING UNDER A SHORT TIME FRAME.  WE'VE

3   SPENT HOURS DOING THIS.  WE NOW WOULD RATHER SPEND OUR TIME

4   PREPARING FOR TRIAL AND NOT BE LABORING UNDER ANOTHER

5   AVALANCHE OF MOTIONS.

6    THE COURT:  THAT WOULD RESONATE WITH ME MORE IF YOU

7   WERE STANDING HERE ALONE.

8    MR. HALPERN:  WELL, IT'S TRUE WE HAVE INDIVIDUALS

9   WHO CAN DO THIS.  BUT WE ALL HAVE OTHER RESPONSIBILITIES, AS

10   THE COURT KNOWS.  WE HAVE MULTIPLE TRIALS THAT WE'RE FACING,

11   WHICH THE COURT KNOWS AS WELL, WHICH WE'RE TRYING TO

12   ACCOMMODATE, NOT ONLY THIS COURT, BUT OTHER JUDGES IN THIS

13   COURTHOUSE.

14    MR. GRANGER:  WE FADED OUT AGAIN.

15    THE COURT:  ARE YOU BACK AGAIN?

16    MR. GRANGER:  YES.

17    THE COURT:  MR. HALPERN WAS TELLING ME HOW BUSY HE

18   AND THE OTHER PROSECUTORS WERE.  HE NEGLECTED TO MENTION

19   THEY'RE ALSO PURSUING WRITS.  SO THEY'RE ACTIVE IN TWO COURTS

20   AT THE SAME TIME.

21    ALL THAT SAID, I THINK IT'S APPROPRIATE THAT I SET A

22   DATE FOR FILING OF THESE INTENDED MOTIONS AND A DATE ON WHICH

23   THEY'LL BE HEARD.

24    MR. GRANGER, YOU SAY YOU'RE ABOUT READY TO -- YOU'VE

25   GOT ONE DONE, AND YOU'RE CONTEMPLATING A SECOND ONE I'M

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    ASSUMING CAN BE DONE IN FAIRLY SHORT ORDER, CAN BE PREPARED

2    AND FILED?

3              MR. GRANGER:  THIS IS THE SITUATION, JUST TO ADD

4    SOME BACKGROUND TO THE COMMENTS BY THE COURT AND MR. HALPERN.

5              I BELIEVE THAT YOUR HONOR HAS NOT SET DATES IN

6    CONSIDERATION FOR THE FACT THAT I WAS NEW COUNSEL.  NOW, WITH

7    RESPECT TO THE MOTION FOR FILING OF THE DISCOVERY, THE

8    GOVERNMENT HAS BEEN SENDING ME A TREMENDOUS AMOUNT OF

9    INFORMATION, AND I APPRECIATE THEIR EFFORTS IN THAT REGARD.

10             BUT PART OF THE PROBLEM WE'VE HAD IS THAT THE

11   GOVERNMENT THOUGHT THAT WITHIN APPROXIMATELY TWO WEEKS OF THE

12   MAY 14TH DATE, I WOULD BE RECEIVING ALL INFORMATION IT HAD IN

13   ITS POSSESSION AT THAT TIME.  THE UNDERSTANDING WAS THAT GOING

14   FORWARD, I WOULD GET THE DISCOVERY ON A ROLLING BASIS.

15             AND THE REALITY IS I'M STILL GETTING -- AND WHEN I

16   SAY "STILL GETTING," AS OF LAST WEEK, I'M STILL GETTING

17   DOCUMENTS THAT HAVE BEEN IN THE GOVERNMENT'S POSSESSION FOR A

18   YEAR AND A HALF.  I UNDERSTAND THE PRODUCTION IS VOLUMINOUS.

19   WHEN I SAY THAT, I'M REALLY NOT COMPLAINING.  I DON'T MEAN TO

20   CRITICIZE THE GOVERNMENT IN THAT REGARD.  THEY HAVE NOT BEEN

21   ABLE TO MEET THAT COMMITMENT OF LATE MAY.

22             BUT THAT'S PART OF THE PROBLEM WITH RESPECT TO SOME

23   OF THE MOTIONS, THE INFORMATION WE'RE GETTING.  AND IT'S

24   DIFFICULT NOT TO TELL WHERE WE'RE GOING IN SOME REGARDS BY

25   ASKING THE GOVERNMENT TO PRODUCE CERTAIN THINGS THAT WE THINK

PDF created with pdfFactory trial version www.pdffactory.com

1    ARE OUT THERE.

2            THAT SAID, YOUR HONOR, I WANT TO TELL YOU THAT WITH

3    RESPECT TO OUR PLANS ON MOTIONS AND THE UPCOMING ARGUMENT

4    BEFORE THE 9TH CIRCUIT WHICH, UNFORTUNATELY, WE STILL HAVE NOT

5    GOTTEN CLARIFICATION ON FROM THE CIRCUIT WHETHER OUR MOTION TO

6    INTERVENE IS GOING TO BE GRANTED, WHAT MR. MICHAEL AND I HAVE

7    PLANNED ON DOING IS IF WE DID NOT RECEIVE THE MATERIALS THAT

8    WE NEED TO FINISH OUR EXAMINATION WITH RESPECT TO MOTIONS --

9    WE WERE GOING TO DO THAT IF WE GET MOTIONS GRANTED AND WE'RE

10   OUT THERE ON THE 6TH, WE WERE GOING TO COME DOWN TO SAN DIEGO

11   ON THE 7TH AND GO THROUGH DISCOVERY AND TRY TO CHERRY-PICK OUT

12   WHAT WE'RE LOOKING AND WAITING FOR.  THE FBI HAS BEEN VERY

13   ACCOMMODATING IN THAT REGARD, IN MAKING MATERIALS AVAILABLE.

14   WHAT I WOULD ASK, JUDGE, WITH THAT IN MIND, PERHAPS IF WE

15   COULD HAVE MOTIONS DUE THAT FRIDAY THE 10TH.

16           THE COURT:  MR. GERAGOS, DOES THAT WORK FOR YOU AS

17   WELL?

18           MR. GERAGOS:  I'D ACTUALLY LIKE TO HAVE IT A WEEK

19   AFTER THAT, IF I COULD.

20           THE COURT:  THE 17TH?

21           MR. GERAGOS:  ON THE 17TH.

22           THE COURT:  WELL, UNFORTUNATELY, THAT LEAVES ME WITH

23   A LITTLE LESS TIME.

24           HOW ABOUT THE 15TH, MR. GERAGOS, WEDNESDAY THE 15TH?

25           MR. GERAGOS:  THAT'S FINE, YOUR HONOR.

PDF created with pdfFactory trial version www.pdffactory.com

24

1          THE COURT:  MR. GRANGER AND MR. GERAGOS, ANY

2   REMAINING SUBSTANTIVE PRE-TRIAL MOTIONS AS DISTINGUISHED FROM

3   THE IN LIMINE MOTIONS THAT WILL CONTROL HOW THE TRIAL

4   PROCEEDS, SUBSTANTIVE MOTIONS, MOTIONS TO DISMISS -- ONE HAS

5   BEEN SUGGESTED -- ALL REMAINING SUBSTANTIVE PRE-TRIAL MOTIONS

6   MUST BE FILED NO LATER THAN THE 15TH.

7          I WANT THE GOVERNMENT'S RESPONSE BY CLOSE OF

8   BUSINESS ON THE 27TH.  THAT GIVES YOU A WEEK AND A HALF.  AND

9   THE HEARING WILL GO FORWARD ON THE 4TH.

10          HOW DOES THE CALENDAR FOR THE 4TH LOOK AT THIS TIME,

11   TISH?

12          THE CLERK:  LET ME CHECK FOR YOU, YOUR HONOR.

13          IN THE AFTERNOON?

14          THE COURT:  YES.

15          THE CLERK:  3:30?

16          THE COURT:  NO, I DON'T WANT TO GO THAT LATE.

17          THE CLERK:  3:00?

18          THE COURT:  OKAY.  3:00.

19          MS. CHU, IF THAT'S A PROBLEM, I CAN GIVE YOU TILL

20   THE 29TH AT NOON.

21          MS. CHU:  THAT WILL BE GOOD, YOUR HONOR.  THANK

22   YOU.

23          THE COURT:  THE 29TH AT NOON, THE GOVERNMENT'S

24   RESPONSE WILL BE DUE.

25          SO THE MOTIONS BY COUNSEL FOR MR. WILKES AND COUNSEL

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    FOR MR. MICHAEL DUE NO LATER THAN CLOSE OF BUSINESS ON THE

2    15TH OF AUGUST.

3           GOVERNMENT'S RESPONSE IS DUE NO LATER THAN NOON ON

4    THE 29TH.  THE MOTIONS WILL BE HEARD AT 3:00 P.M. ON SEPTEMBER

5    4TH.  I'LL CONFIRM THE MOTION IN LIMINE DATE ON THE

6    WILKES/MICHAEL CASE FOR THE 17TH.

7           I'LL HEAR MOTIONS IN LIMINE IN THE AFTERNOON AT

8    2:00.  THEN TRIAL WILL BEGIN ON THE 18TH.  WE CAN TALK ON THE

9    4TH ABOUT AN INTERMEDIATE DATE FOR TALKING ABOUT THE RESPONSE

10   TO THE JURY QUESTIONNAIRE.

11          I SPOKE WITH THE JURY ADMINISTRATOR TODAY, AND MY

12   UNDERSTANDING IS WE'RE GOING TO GET THE JOINT SUBMISSION FOR A

13   QUESTIONNAIRE SOMETIME THIS AFTERNOON?

14          MR. FORGE:  THAT'S CORRECT.

15          MR. GRANGER:  WE'VE BEEN ABLE TO AGREE PROBABLY ON

16   95 PERCENT OF THE QUESTIONS.

17          THE COURT:  I'LL LOOK AT THE REST OF IT.  AND WE

18   INTEND TO SEND IT OUT RIGHT AWAY.  THE JURY ADMINISTRATOR SAYS

19   SHE NEEDS FOUR WEEKS TO GET THE RESPONSES BACK.  MY INTENTION

20   WOULD BE AS SOON AS THOSE COME BACK, TO TURN THEM OVER AND WE

21   CAN SET A DATE TO ACCOMPLISH WHAT WE CAN WITH THE

22   QUESTIONNAIRES IN ADVANCE.

23          AND IF WE NEED ANOTHER INTERMEDIATE DATE TO TALK TO

24   CERTAIN PROSPECTIVE JURORS, I WOULD SET THAT BETWEEN THE 4TH

25   AND THE 18TH.  MY PLAN IS ON THE 18TH TO HAVE A LARGER THAN

PDF created with pdfFactory trial version www.pdffactory.com

1    NORMAL PANEL.  USUALLY, I BRING IN 35 OR 36 PROSPECTIVE

2    JURORS.  I WOULD PROBABLY BRING IN MAYBE 60 IN THIS CASE.

3    I'LL TALK TO YOU ABOUT THAT MORE ON THE 4TH.  BUT TO

4    PRE-SCREEN THOSE PEOPLE NOT ONLY FOR TIME, BUT TO HAVE THEM

5    ANSWER THE QUESTIONNAIRES AS WELL.

6          SO WE CAN TAKE THAT UP AND WHAT NEEDS TO BE DONE

7    FURTHER ON THAT ACCOUNT ON THE 4TH.  AND YOU CAN EXPECT

8    SOMETIME BEFORE THEN THE QUESTIONNAIRE WILL GO OUT, AND WE'LL

9    HAVE RESPONSES BACK -- PROBABLY BACK BY THE 4TH OR

10   THEREABOUTS.

11         MR. GRANGER:  THIS IS RAYMOND GRANGER.

12         IN DISCUSSING THE JURY QUESTIONNAIRE WITH GOVERNMENT

13   COUNSEL AND COUNSEL FOR MR. WILKES, WE HAD ALL COME TO THE

14   SAME CONCLUSION.  WE WANT TO PUT THIS BEFORE THE COURT.

15         WE HAVE SOME CONCERN WITH RESPECT TO JURORS WHO MAY

16   BE A LITTLE BIT TOO ANXIOUS -- I SHOULD SAY POTENTIAL JURORS

17   WHO ARE A LITTLE BIT TOO ANXIOUS TO BE JURORS.  WE THOUGHT

18   PERHAPS THE PRUDENT THING TO DO WOULD BE TO SUBMIT THE

19   QUESTIONNAIRE TO YOUR HONOR IN CHAMBERS RATHER THAN FILING IT

20   VIA VTF WHERE THOSE JURORS -- OR I SHOULD SAY, AGAIN, THOSE

21   POTENTIAL JURORS WHO MAY, IN OUR VIEW -- AND NOT JUST MY VIEW,

22   MR. GERAGOS'S VIEW AND THAT OF GOVERNMENT COUNSEL -- MIGHT BE

23   A LITTLE BIT TOO ANXIOUS TO FIND OUT WHAT THE QUESTIONS ARE.

24   THAT WOULD BE OUR SUGGESTION, IS THAT WE SUBMIT IT DIRECTLY TO

25   CHAMBERS.

PDF created with pdfFactory trial version www.pdffactory.com

1        THE COURT:  THE VALUE OF THAT IS WHAT, THAT WE DON'T

2    TIP YOUR HAND AS TO WHAT THE QUESTIONS ARE GOING TO BE TO SOME

3    MEMBER OF THE PUBLIC WHO MAY LATER BE SUMMONED AS A

4    PROSPECTIVE JUROR?

5        MR. GRANGER:  YES, JUDGE.  AND THEY HAVE TIME TO

6    THINK ABOUT ANSWERING THE QUESTION IN A PARTICULAR WAY SO AS

7    TO INCREASE THAT JUROR'S LIKELIHOOD OF BEING CHOSEN AS A

8    JUROR.

9        THE COURT:  I'M -- IT DOESN'T RESONATE WITH ME VERY

10   MUCH, MR. GRANGER.  BECAUSE I THINK SOMEONE WHO'S INCLINED TO

11   BE ON THE JURY IS SMART ENOUGH WITHIN PROBABLY A HALF-HOUR'S

12   CONTEMPLATION TO FIGURE OUT WHAT HE OR SHE HAS TO SAY.  I'M

13   NOT INCLINED TO MAKE MORE THINGS SECRET ABOUT THESE

14   PROCEEDINGS.  AS I SAID, I'VE BEEN CHASTENED ABOUT THAT

15   ALREADY.  SO I DON'T KNOW.  I APPRECIATE THAT ALL COUNSEL

16   WOULD LIKE ME TO DO IT THAT WAY.  I JUST CAN'T FIND A LEGAL

17   BASIS FOR SEALING THAT AT THIS POINT.

18       IT'S GOING TO GO OUT.  WHEN THE FIRST QUESTIONNAIRE

19   IS RECEIVED, I IMAGINE SOMEBODY IS GOING TO REPORT IT IF

20   THERE'S PRESS INTEREST IN IT.  SO IT WOULD BE OUT OF THE BAG

21   WITHIN A WEEK OR DAYS OF MAILING AND RECEIPT BY SOME

22   PROSPECTIVE JUROR ANYWAY.

23       MR. FORGE:  THE GOVERNMENT DOESN'T HAVE A STRONG

24   POSITION ON THIS ISSUE ONE WAY OR THE OTHER.  IT'S FINE WITH

25   US.  OBVIOUSLY, THE FINAL QUESTIONNAIRE, WHATEVER THE COURT

PDF created with pdfFactory trial version www.pdffactory.com

28

1   APPROVES, I DON'T THINK --

2           MR. GRANGER:  SORRY TO INTERRUPT.  MR. FORGE IS

3   FADING OUT A LITTLE BIT.

4           THE COURT:  I'LL HAVE HIM SPEAK AT THE MIKE AGAIN.

5           MR. FORGE:  YOUR HONOR, JUST TO REITERATE, THE

6   GOVERNMENT DOESN'T HAVE A STRONG POSITION ON THIS ISSUE ONE

7   WAY OR THE OTHER.  I DO THINK THE FINISHED PRODUCT, WHATEVER

8   THE COURT APPROVES, CERTAINLY SHOULD BE MADE PUBLIC.  I THINK,

9   AT LEAST FROM OUR PERSPECTIVE, WE THOUGHT THAT MAYBE IT MADE

10  SOME SENSE TO SUBMIT THE PROPOSAL TO YOUR HONOR IN CAMERA SO

11  YOUR HONOR COULD MAKE THE DETERMINATION AS TO WHAT SHOULD BE

12  USED.

13          THE COURT:  WHAT'S THE SENSE OF THAT FROM YOUR

14  VIEWPOINT?  WHY SHOULD THAT NOT BE IN THE PUBLIC DOMAIN?

15          MR. FORGE:  AGAIN, THEY'RE OUT THERE -- I'M NOT

16  ADVOCATING -- I'M NOT GOING TO TAKE A STRONG POSITION ON THAT

17  ISSUE.  THAT'S FINE.  THERE ARE CERTAIN QUESTIONS, THOUGH,

18  THAT WERE OBJECTED TO BY US.  AND PEOPLE MAY DRAW CONCLUSIONS

19  ONE WAY OR THE OTHER WHETHER OR NOT THEY WIND UP MAKING IT TO

20  THE FINAL QUESTIONNAIRE.

21          EVEN AS WE DISCUSS IT, I CAN'T ARTICULATE UNDER THE

22  PRESS ENTERPRISE STANDARD OR ANY OTHER SUPREME COURT STANDARD

23  FOR PUBLIC ACCESS WHY THIS WOULD CONSTITUTE A COMPELLING NEED

24  TO KEEP IT FROM THE PUBLIC.  I THINK YOUR HONOR HAS RIGHTLY

25  RAISED THE ISSUE AND FLESHED OUT THE FACT THAT WE REALLY CAN'T

PDF created with pdfFactory trial version www.pdffactory.com

29

1    JUSTIFY IT.

2              THE COURT:  MR. GRANGER, YOU AND I ARE ON THE SAME

3    SIDE OF THAT ISSUE ON THE TRANSCRIPTS.  THIS SEEMS TO BE A

4    VERY INCONSISTENT POSITION TO SAY THAT I'M GOING TO TAKE THE

5    PROPOSALS IN CAMERA AND THEN ONLY THE FINISHED PRODUCT COMES

6    OUT.  AS I SAID, I THINK IT'S A MATTER OF TIME BEFORE PEOPLE

7    KNOW WHAT'S GOING TO BE IN THE QUESTIONNAIRE ANYWAY.  IF

8    THERE'S ARGUMENTS ABOUT WHAT SHOULD AND SHOULDN'T BE IN THERE,

9    IT SEEMS TO ME THAT THOSE ARGUMENTS OUGHT TO BE AVAILABLE FOR

10   THE PUBLIC TO REVIEW.  AND THEY CAN DECIDE FOR THEMSELVES

11   WHETHER THE ARGUMENTS HAVE MERIT AND WHETHER, AFTER I RULE ON

12   THEM, I MADE THE RIGHT DECISION.

13             SO I'M NOT INCLINED TO ACCEPT THOSE IN CAMERA.  I

14   THINK THEY OUGHT TO BE PUBLICLY FILED, AND I'LL MAKE A

15   DECISION.

16             SO THOSE WILL BE FILED TODAY, I UNDERSTAND?

17             MR. FORGE:  THAT'S RIGHT.  THEY'LL BE FILED WITHIN

18   30 MINUTES.

19             THE COURT:  SO WE HAVE THE DATES READY.  I REMIND

20   EVERYONE THE DATE OF SEPTEMBER 18TH IS A FIRM DATE.  THE TRIAL

21   OF MR. WILKES AND MR. MICHAEL WILL GO FORWARD ON THAT DATE.

22             ANYTHING WE NEED TO DISCUSS BEFORE WE RECESS?

23             HEARING NO ONE, WE'RE IN RECESS.

24             MR. FORGE:  THANK YOU, YOUR HONOR.

25                        --OOO--

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

30

1

2

3                  I HEREBY CERTIFY THAT THE TESTIMONY

4               ADDUCED IN THE FOREGOING MATTER IS

5               A TRUE RECORD OF SAID PROCEEDINGS.

6

7               S/EVA OEMICK                    8-7-07

8               EVA OEMICK                      DATE
                OFFICIAL COURT REPORTER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com