```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF CALIFORNIA
 2
               HONORABLE LARRY ALAN BURNS, JUDGE PRESIDING
 3

 4     UNITED STATES OF AMERICA,        )
                                        )
 5                    PLAINTIFF,        )   CASE NO. 07CR00329-LAB
                                        )
 6           VS.                        )
                                        )   SAN DIEGO, CALIFORNIA
 7     KYLE DUSTIN FOGGO,               )   OCTOBER 15, 2007
       BRENT ROGER WILKES,             )   9:00 A.M.
 8                                      )
                      DEFENDANTS.       )
 9     _____)

10
                         REPORTER'S TRANSCRIPT
11
                          STATUS CONFERENCE
12
       APPEARANCES:
13     FOR THE GOVERNMENT:          KAREN P. HEWITT, U.S. ATTORNEY
                                    BY: PHILLIP L.B. HALPERN, ESQ.
14                                       JASON A. FORGE, ESQ.
                                         VALERIE CHU, ESQ.
15                                  ASSISTANT U.S. ATTORNEYS
                                    880 FRONT STREET
16                                  SAN DIEGO, CA. 92101

17     FOR DEFENDANT FOGGO:         AKIN GUMP STRAUSS HAUER & FELD
                                    BY:  ELIZABETH TOBIO, ESQ
18                                       PAUL BUTLER, ESQ.
                                    1333 NEW HAMPSHIRE AVE., N.W.
19                                  WASHINGTON, DC 20036-1564

20     FOR DEFENDANT WILKES:        GERAGOS & GERAGOS
                                    BY:  MARK J. GERAGOS, ESQ.
21                                  350 SOUTH GRAND AVENUE, 39TH FL.
                                    LOS ANGELES, CA. 90071
22                                            -AND-
                                    FEDERAL DEFENDERS, INC.
23                                  BY:  REUBEN C. CAHN, ESQ.
                                         SHEREEN J. CHARLICK, ESQ.
24                                  225 BROADWAY, STE. 900
                                    SAN DIEGO, CA 92101
25
```

2

1    CONTINUED APPEARANCES:

2

3

4    COURT REPORTER:                EVA OEMICK
                                    OFFICIAL COURT REPORTER
                                    UNITED STATES COURTHOUSE
5                                   940 FRONT STREET, STE. 2190
                                    SAN DIEGO, CA 92101
6                                   TEL: (619) 615-3103

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

3

1    <u>SAN DIEGO, CALIFORNIA - MONDAY, OCTOBER 15, 2007 - 9:00 A.M.</u>

2             THE CLERK:  NO. 2, 07CR00329, UNITED STATES OF

3    AMERICA VERSUS KYLE DUSTIN FOGGO AND BRENT ROGER WILKES.

4             COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE

5    RECORD.

6             MR. FORGE:  GOOD MORNING, YOUR HONOR.  JASON FORGE

7    AND VALERIE CHU FOR THE UNITED STATES.

8             THE COURT:  GOOD MORNING.

9             MR. BUTLER:  GOOD MORNING, YOUR HONOR.  PAUL BUTLER

10   AND ELIZABETH TOBIO FOR DEFENDANT FOGGO.

11            MR. CAHN:  REUBEN CAHN AND SHEREEN CHARLICK WITH

12   MR. WILKES.  IF I COULD STEP OUTSIDE AND HAVE HIM COME IN.

13            THE COURT:  MR. WILKES IS PRESENT.  NOW, YOUR TRACK

14   RECORD, MR. WILKES, IS STILL YOU HAVE BEEN AT EVERY HEARING

15   PERSONALLY.

16            THE MATTER IS ON TODAY FOR -- I AM ASSUMING IT IS ON

17   FOR CLARIFICATION.  ALTHOUGH HAVING REVIEWED THE RECORD IN THE

18   CASE, I DON'T SEE THAT ANY CLARIFICATION IS NECESSARY.

19            MR. FORGE, I PROBABLY SHOULD LET YOU SPEAK, BECAUSE

20   I HAVE SEEN THE PROPOSED ORDER SUBMITTED BY BOTH SIDES.  I AM

21   PREPARED TO SIGN THE ONE SUBMITTED ON BEHALF OF MR. FOGGO.  IT

22   IS CONSISTENT WITH MY RULING THAT THE GOVERNMENT SHOULD

23   INTERPOSE WHAT MR. MAC DOUGALL DESCRIBES AS A FIREWALL WHICH,

24   I GUESS, IS THE 2007 WAY OF SAYING IT.  WE HAVE BEEN ROUND AND

25   ROUND ABOUT THIS.  LET ME SUMMARIZE WHERE WE ARE FROM MY

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

4

1    PROSPECTIVE.

2              THE DEFENDANT IDENTIFIED 36 OR 34, MR. BUTLER,

3    ORIGINALLY, THE NUMBER OF WITNESSES?

4              MR. BUTLER:  I BELIEVE 34, YOUR HONOR.

5              THE COURT:  I HAVE IT HERE.  THE DEFENDANT BELIEVED,

6    AFTER REVIEWING INITIAL DISCOVERY WOULD BE IMPORTANT TO

7    INTERVIEW IN CONNECTION WITH MR. FOGGO'S DEFENSE IN THIS CASE.

8    THAT WAS HIS OBLIGATION, AND I THINK FROM A PRACTICAL

9    STANDPOINT THAT GAVE THE GOVERNMENT EVERYTHING IT NEEDED TO

10   KNOW.

11             NOW, THEREAFTER, THE CIA OBJECTED AND SAID, "WE NEED

12   MORE SPECIFIC INFORMATION BECAUSE THIS IS TOUCHY STUFF.

13   NATIONAL SECURITY INTERESTS ARE IMPLICATED, AND THIS ISN'T THE

14   ORDINARY CASE."  I UNDERSTAND ALL THAT.  I REALLY DO.  I GET

15   ALL THAT.  IN FACT, I AM DEFERENTIAL TO MR. MCPHERSON, TO THE

16   CIA ON THOSE JUDGMENTS ON THE FIRST INSTANCE.

17             THEN THE QUESTION WAS, HOW DO WE DEAL WITH THAT.  WE

18   HAVE GOT COMPETING INTERESTS HERE.  WE HAVE A FELLOW WHO IS

19   FACING VERY SERIOUS CHARGES, 30 FELONY COUNTS, AND AT THE SAME

20   TIME A GOVERNMENT AGENCY THAT SAID, "LOOK, WE ARE ALL ABOUT

21   SECRECY AND ABOUT PROTECTING THE INTEREST OF THE UNITED

22   STATES, AND MAINTAINING SECRECY IS ABSOLUTELY ESSENTIAL TO THE

23   FORMER TASK."

24             HOW DO WE RECONCILE THOSE THINGS?  WELL, I FOUND A

25   WAY, I THOUGHT, TO RECONCILE THOSE THINGS.  I THINK THE DUTY

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

5

1    WAS TRIGGERED BY THE DEFENSE'S IDENTIFICATION OF THE WITNESS

2    IN THE FIRST INSTANCE.

3         THEN THE PROBLEM AROSE, GIVEN THE CIA'S RELUCTANCE

4    WITHOUT AN ADEQUATE -- WHAT THEY CONSIDER TO BE AN ADEQUATE

5    SHOWING TO ALLOW THE INTERVIEW OF THOSE WITNESSES.  THE ISSUE

6    THAT AROSE IS HOW DO WE REACH SOME KIND OF COMPROMISE THAT

7    ACCOMMODATES BOTH INTERESTS.

8         I BELIEVE I DID THAT IN REQUIRING THE GOVERNMENT TO

9    INTERPOSE SOMEONE WHO WOULD ACT ON BEHALF OF THE UNITED

10   STATES, A FEDERAL PROSECUTOR, NOT SOMEONE FROM THE CIA,

11   BECAUSE I UNDERSTAND THEY ARE NOT CHARGED WITH DEFENDING THE

12   GOVERNMENT'S INTEREST IN THIS CRIMINAL PROSECUTION, BUT

13   SOMEONE SEPARATE AND APART FROM THE ACTUAL PROSECUTORS WHO

14   WOULD TRY THE CASE.

15        THE OBVIOUS LOGIC OF THAT IS THIS: HAVING DISCLOSED

16   WHO THESE WITNESSES ARE, I DON'T THINK THE DEFENDANT NEEDS TO

17   GO FURTHER WITH THE CASE PROSECUTORS AND SAY, "HERE IS WHY WE

18   WANT TO TALK TO THEM."

19        I REREAD THE PAPERS AGAIN JUST THIS MORNING.  I READ

20   THEM EARLIER THIS WEEKEND, AND I REREAD THEM OVER COFFEE AGAIN

21   THIS MORNING.  AND IT SEEMS TO ME THE ANALOGY IS LIKE SAYING,

22   "WE WILL LET YOU INTERVIEW THESE WITNESSES THAT YOU SEEK TO

23   INTERVIEW, BUT WE INSIST ON BEING PRESENT.  WE INSIST ON

24   KNOWING WHAT YOU ARE ASKING THEM."

25        OF COURSE, THERE IS A LEGION OF CASES THAT SAY

PDF created with pdfFactory trial version www.pdffactory.com

6

1   THAT'S NOT A LEGAL OR APPROPRIATE PREREQUISITE FOR THE

2   GOVERNMENT TO INTERPOSE IN A CASE LIKE THIS.  THIS IS ABOUT

3   TANTAMOUNT TO IT, BECAUSE YOU ARE SAYING IN ESSENCE, "TELL US

4   WHAT YOU WANT TO ASK THEM.  TELL US" -- THE CASE PROSECUTORS,

5   NOT JUST THE CIA, THE CASE PROSECUTORS.  AND THAT RAISES FOR

6   ME A WHOLE HOST OF DUE PROCESS ISSUES AND FIFTH AMENDMENT

7   ISSUES.

8           IN THE ORDINARY CASE, THE DEFENDANT DOESN'T HAVE TO

9   DISCLOSE ANYTHING ABOUT HIS THEORY OF DEFENSE, WHAT WITNESSES

10  HE IS GOING TO CALL, WHERE HE PERCEIVES WEAKNESSES IN THE

11  GOVERNMENT'S CASE.  AND YET, THE GOVERNMENT IS INSISTING IN

12  THIS CASE THAT BECAUSE IT IS SUBJECT TO THE PROVISIONS OF THE

13  CLASSIFIED INFORMATION PROTECTION ACT THAT IT TOTALLY TURNS

14  THE TABLES.  I DON'T THINK IT DOES.

15          I THINK THAT TO FOLLOW THE PROCEDURES IS ONE THING.

16  THE DEFENSE IS WILLING TO FOLLOW THE PROCEDURE HERE.  THEY ARE

17  WILLING TO MAKE THE SHOWINGS OF RELEVANCY THAT ORDINARILY THEY

18  WOULDN'T EVEN HAVE TO MAKE.  THEY ARE WILLING TO DO THAT

19  PROVIDED THAT THE CASE PROSECUTORS DON'T KNOW ABOUT IT,

20  BECAUSE THEY DON'T WANT TO TELEGRAPH THEIR PUNCHES.

21          I THINK THAT'S PERFECTLY APPROPRIATE.  AND IT SEEMS

22  TO ME A VERY PRACTICAL WAY TO ACCOMMODATE THAT IS TO DO WHAT I

23  SUGGESTED AND ORDERED LAST TIME WHICH IS TO INVOLVE ANOTHER

24  UNRELATED PROSECUTORS, GOVERNMENT PROSECUTORS ON THE CASE.  I

25  THINK THE AGREEMENT WAS BY CONSENSUS LAST TIME THAT IT WOULD

PDF created with pdfFactory trial version www.pdffactory.com

7

1    BE SOMEONE FROM THE DEPARTMENT OF JUSTICE.

2             I THOUGHT, AS I READ THE TRANSCRIPT, TO MAKE SURE

3    THAT PERSON WOULD NOT BE HAMSTRUNG BY ORDERS THAT HE OR SHE

4    COULD NOT COMMUNICATE WITH THE CASE PROSECUTORS, COMMUNICATION

5    WOULD BE PERMITTED PROVIDED THAT THE PERSON WHO WAS THE

6    FIREWALL DIDN'T TELL THE CASE PROSECUTORS EXACTLY WHAT THE

7    REQUEST WAS.

8             IF, FOR EXAMPLE, THE PERSON -- AND I WOULD EXPECT

9    THAT THE PERSON COULD BECOME CONVERSANT -- MAY NOT BE AS

10   CONVERSANT LIKE THE CASE PROSECUTORS.  LET'S ASSUME THAT THOSE

11   ARE LEGITIMATE QUESTIONS ABOUT WHETHER THE PERSON SHOULD

12   OBJECT HERE BEFORE ME TO THE REQUEST AND SAY, "THIS IS NOT

13   RELATED, NOT RELEVANT ENOUGH.  YOU OUGHT TO FIND IN FAVOR OF

14   DENYING THE REQUEST TO INTERVIEW THESE PEOPLE OR ASK ABOUT

15   THIS SPECIFIC INFORMATION."

16            THERE WAS NOTHING IN THE ORDER, AND THE TRANSCRIPT

17   MADE QUITE CLEAR THAT THE PERSON COULD COME BACK, TALK TO THE

18   AGENTS, TALK TO THE CASE PROSECUTORS IN ORDER TO EDUCATE

19   HIMSELF OR HERSELF SO THAT THE PERSON COULD MAKE A JUDGMENT

20   AND ACT APPROPRIATELY ON IT.

21            SO, MR. FORGE, THAT'S THE CHRONOLOGY.  AS THE

22   DEFENDANT POINTS OUT, THE GOVERNMENT ESSENTIALLY ACQUIESCED TO

23   THESE POSITIONS LAST TIME.  IT QUOTES YOU -- IT QUOTES

24   MR. HALPERN SAYING, "OKAY.  THAT SOUNDS REASONABLE.  WE

25   UNDERSTAND.  THAT SOUNDS LIKE A PRACTICAL SOLUTION."

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

8

1       AND THEN IN WHAT HAS BECOME, UNFORTUNATELY, A

2   PRACTICE -- WELL, I DON'T WANT TO SAY A PRACTICE, BUT WHAT

3   HAPPENS MORE THAN ONCE IN THE CASES INVOLVING MR. WILKES, THE

4   GOVERNMENT RETREATED FROM A POSITION THAT HAS BEEN TAKEN HERE

5   IN COURT AND SAID, "NO, WE HAVE CHANGED OUR MIND.  WE ARE NOT

6   GOING TO DO THAT."

7       AND I DON'T GET THAT.  BEYOND THAT, WE HAD A CHANCE

8   TO FLESH THIS OUT, TALK IT ALL THROUGH.  YOU KNOW WHAT WAS AT

9   STAKE.  YOU TOOK A POSITION DOWN HERE, AT LEAST ACQUIESCED IN

10  ONE.  I HEARD YOUR OBJECTIONS, OVERRULED THEM TO SOME EXTENT,

11  AND I WORKED AROUND THEM TO ANOTHER EXTENT.  AND I THOUGHT

12  WHEN WE LEFT HERE IN AUGUST, IT WAS CLEAR WHAT WOULD HAPPEN.

13      THEN I GET THESE PAPERS SAYING, "NO, WE HAVE CHANGED

14  OUR MIND.  WE ARE NOT GOING TO DO THIS.  WE REFUSE.  WE

15  REFUSE."

16      THAT'S WHERE I SEE US.  I AM PREPARED TO SIGN THE

17  ORDER THAT'S BEEN PREPARED BY MR. BUTLER.  I SUPPOSE IF YOU

18  HAVE AN APPELLATE REMEDY, YOU CAN TAKE THAT REMEDY.  OR

19  OTHERWISE, IF YOU DON'T COMPLY WITH THE ORDER, WE'LL GO TO THE

20  NEXT PHASE.

21      MR. FORGE:  YOUR HONOR, IF I MAY START OFF, FIRST OF

22  ALL, BY FILLING IN AT LEAST ONE GAP IN THE CHRONOLOGY.  IF I

23  MAY APPROACH?

24      THE COURT:  SURE.  THIS HAS ALREADY BEEN SHOWN TO

25  DEFENSE COUNSEL?

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

9

1          MR. FORGE:  THIS WAS SOMETHING THAT WAS SENT TO

2      DEFENSE COUNSEL.

3          YOUR HONOR, ONE OF THE PROBLEMS WHEN DEFENSE COUNSEL

4      VIOLATES THE LOCAL RULES AND LETTERS OF COURT IS THAT THE

5      RECORD IS INCOMPLETE.  AND I THINK THAT ONE OF YOUR HONOR'S

6      CONCERN REGARDING WHETHER WE ARE GOING ALONG WITH THE PROGRAM

7      THAT IS PUT IN PLACE IS ADDRESSED BY THIS LETTER.  WE --

8          (PAUSE IN PROCEEDINGS)

9          THE COURT:  WELL, I DON'T KNOW, MR. FORGE.  I HAVE

10     LOOKED AT THIS.  YOU KNOW, THE WRITTEN ORDER WAS REALLY MORE

11     OF AN AFTERTHOUGHT.  I ASKED THE TWO SIDES TO GET TOGETHER

12     FOLLOWING THE COURT'S CONCLUSIONS AND SAID, "PUT THIS IN THE

13     FORM OF AN ORDER."  AND TO SAY THE JUDGE HASN'T SIGNED THIS

14     WRITTEN ORDER YET IS FORM OVER SUBSTANCE.  THE SUBSTANCE OF

15     THE ORDER WAS SPECIFIED AND DISCUSSED AT LENGTH.

16         MR. FORGE:  YOUR HONOR, I AGREE WITH YOU.  IT WAS

17     SPECIFIED AND WAS DISCUSSED AT LENGTH.  I THINK IT IS EMBODIED

18     IN THE PROPOSED ORDER THAT WE SUBMITTED TO THE COURT.  I THINK

19     THAT THE PROPOSED ORDER WE SUBMITTED ENCOMPASSES EVERYTHING

20     THAT WAS DISCUSSED AT THE LAST HEARING.

21         AND JUST TO BE CLEAR FOR YOUR HONOR, WE HAVE TAKEN

22     THE STEPS YOUR HONOR TOLD US TO TAKE.  WE HAVE DESIGNATED

23     PEOPLE.  SO WE ARE NOT STONEWALLING THIS PROCESS.  I DON'T

24     THINK OUR PROPOSED ORDER VIOLATES THE SPIRIT OR THE TERMS OF

25     WHAT YOUR HONOR SAID WE SHOULD BE DOING TO MOVE THIS BALL

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1  FORWARD.

2          THE COURT:  NO, I DON'T SEE YOUR ORDER AT ALL

3  CONSISTENT WITH THE PROCEDURES I SET FORTH.  I THINK THE

4  DEFENDANT'S ORDER -- AND THEY HAVE ATTACHED THE TRANSCRIPT --

5  HAVE YOU LOOKED BACK AT THE TRANSCRIPT OF THE AUGUST 12TH

6  HEARING?

7          MR. FORGE:  WE HAD TWO HEARINGS, YOUR HONOR.  I KNOW

8  I LOOKED AT THE TRANSCRIPT OF THE FIRST HEARING.  I AM PRETTY

9  CERTAIN I LOOKED AT THE TRANSCRIPT OF THE SECOND HEARING AS

10  WELL.

11          THE COURT:  WELL, THE ORDER PROPOSED BY DEFENDANT

12  FOGGO IN THIS CASE, AS I READ IT -- AND I HAD THE COPIES OF IT

13  HERE, BUT THAT'S THE ONE I THINK MOST PRECISELY TRACKS WHAT

14  WAS AGREED TO IN PART AND WHAT WAS ORDERED IN PART.  AND

15  THAT'S THE ONE THAT I AM PREPARED TO SIGN.

16          DO YOU HAVE SPECIFIC OBJECTIONS?

17          MR. FORGE:  I DO, YOUR HONOR.

18          FIRST OF ALL, TURN TO PAGE 2 IN THE ORDER, YOUR

19  HONOR.  NUMBER ONE, THIS ORDER GOES BEYOND THE PRESENT

20  DISPUTE, AND IT SHOULDN'T.

21          THE COURT:  WHERE DO YOU SEE THAT?

22          MR. FORGE:  I SEE THAT IT SAYS, "IT IS FURTHER

23  ORDERED THAT THE DESIGNATED DEPARTMENT OF JUSTICE OFFICIAL

24  DUTIES SHALL BE LIMITED TO REPRESENTED THE GOVERNMENT IN TWO

25  AREAS OF THE LITIGATION.  DISPUTES BETWEEN THE CIA AND

PDF created with pdfFactory trial version www.pdffactory.com

1   DEFENDANT FOGGO OVER ACCESS TO SPECIALIZED COMPARTMENT AND

2   INFORMATION COMPARTMENTS."

3         THERE IS NO LIMIT TO THAT.

4         THE COURT:  HOLD ON A SECOND.

5         MR. FORGE:  PAGE 2 LINES 1 THROUGH 5.

6         THE COURT:  WAIT A MINUTE.  ON MY ORDER, THE ONE I

7   HAVE, THAT'S ON PAGE 1 LINE 24.  LET ME MAKE SURE I AM

8   TRACKING WITH YOU.

9         "IT IS FURTHER ORDERED THAT THE PRE-DISCOVERY

10  DISPUTE DESIGNEES'S DUTIES SHALL BE LIMITED TO REPRESENT THE

11  GOVERNMENT'S POSITION IN TWO AREAS OF LITIGATION DISPUTES

12  BETWEEN THE CIA AND DEFENDANT FOGGO OVER ACCESS."

13        MR. FORGE:  YOU HONOR MAY HAVE A DIFFERENT VERSION.

14  I AM NOT SURE.

15        THE COURT:  TISH, WILL YOU SHOW THIS TO MR. FORGE.

16        THAT'S THE VERSION I WAS WORKING FROM OVER THE

17  WEEKEND.  DID YOU RECEIVE THAT ONE?

18        MR. FORGE:  I AM SURE WE DID, YOUR HONOR.

19        THE COURT:  YOU MIGHT WANT TO SHOW THIS TO

20  MR. BUTLER.  I WANT TO MAKE SURE I AM WORKING FROM THE MOST

21  CURRENT PROPOSED VERSION.

22        MR. BUTLER:  I THINK, YOUR HONOR, THAT WAS PRINTED

23  OUT THE LINES -- IT IS IN THE SAME ORDER.

24        MR. FORGE:  NO, I DON'T THINK SO.  IT IS NOT JUST

25  THE PAGINATION.  THIS IS DIFFERENT.  THIS IS DIFFERENT THAN

PDF created with pdfFactory trial version www.pdffactory.com

1    THE MOST RECENT ONE.

2             THE COURT:  IS THAT THE LATEST ONE, MR. BUTLER, THE

3    ONE MR. FORGE IS HOLDING?  THAT'S THE LATEST ONE I RECEIVED.

4             MR. BUTLER:  I APOLOGIZE, YOUR HONOR.  IT IS.

5             THE COURT:  DID THE DIFFERENCES RESOLVE YOUR

6    OBJECTION, MR. FORGE?

7             MR. BUTLER:  I THINK THE OPERATIVE LANGUAGE THAT YOU

8    ARE LOOKING AT HAS NOT CHANGED, WHICH IS "IT IS FURTHER

9    ORDERED."

10            I APOLOGIZE, YOUR HONOR.  LET ME SEE WHAT THE

11   DIFFERENCES BETWEEN THE TWO PROPOSED ORDERS ARE.

12            MR. FORGE:  YOUR HONOR, THE ANOTHER AREA OF CONCERN

13   THAT I HAVE IS WE SHOULD NOT BE RESTRICTED IN ANY WAY AS TO

14   THE COMPOSITION OF THIS TAINTING.  THE PROVISION IN HERE --

15   I'LL USE THE ONE THAT YOU HAD, YOUR HONOR.

16            THE PROVISION IN HERE THAT THE PRE-DISCOVERY

17   DISPUTES DESIGNEE SHALL BE A PERSON WHO HAS NOT BEEN ASSIGNED,

18   THERE IS ABSOLUTELY NO REASON FOR THAT.  IF WE CHOOSE TO PEAL

19   OFF SOMEONE FROM THE INVESTIGATION OR PROSECUTION TEAM, THEN

20   THAT'S OUR DECISION TO MAKE.

21            THE COURT:  I AGREE, BUT IT SEEMS LIKE WE ARE GOING

22   BACKWARDS NOW, BECAUSE WHEN I SUGGESTED THAT LAST TIME -- AND

23   WITH A LITTLE TENTATIVENESS ON MY PART.  I DIDN'T WANT TO SAY,

24   THIS PERSON WHO IS VESTED IN THIS CASE IS NOW OFF TO BE A

25   DISCOVERY REFEREE.  YOU SAID, "OH, NO, EVERYBODY IS FULLY

PDF created with pdfFactory trial version www.pdffactory.com

13

1    INVESTED HERE WHO IS ON THIS PROSECUTION TEAM."  SO

2    NECESSARILY I THOUGHT WE ARE GOING TO HAVE TO GET SOMEBODY

3    ELSE.  HAVE YOU CHANGED YOUR MIND ON THAT?

4         MR. FORGE:  HERE IS WHERE WE ARE, YOUR HONOR.

5         WE HAVE SOMEONE WHO IS NOT ON THE TEAM.  WE ALSO

6    HAVE A PLAN IN PLACE FOR POTENTIALLY SOMEONE FROM THE TEAM

7    PEELING OFF AND DOING THAT.  WE ARE NOT SURE WHERE THIS

8    DISPUTE IS GOING TO END OR HOW IT IS GOING TO PROCEED, AND WE

9    WANT TO PRESERVE THE OPTION OF HAVING SOMEBODY FROM THE

10   PROSECUTION TEAM PEELING OFF AND JOINING THIS DISPUTE.

11        THE COURT:  THAT PART DOESN'T MATTER TO ME,

12   MR. FORGE, PROVIDED -- LOOK, HERE IS THE BOTTOM LINE.  THE

13   TWAIN SHOULDN'T MEET, THOUGH.  THE PEOPLE WHO DO THE PEELING

14   OFF OR WHO ARE DESIGNATED TO REVIEW THE EX PARTE APPLICATIONS,

15   THE SEALED MEMORANDA SPECIFYING WHY THE DEFENSE THINKS THIS IS

16   RELEVANT SHOULD NEVER COME BACK TO THE CASE PROSECUTORS AND

17   SAY, "HERE IS WHAT THEY ARE DO WITH THESE WITNESSES.  HERE IS

18   WHY THEY THINK THIS IS RELEVANT."  THAT SHOULDN'T HAPPEN.

19   THAT'S WHAT I AM TRYING TO ACCOMPLISH.

20        MR. FORGE:  WE DEFINITELY GET THAT.

21        THE COURT:  WHETHER WE HAVE FIVE PEOPLE ASSIGNED TO

22   THE TASK OR ONE, IT DOESN'T MATTER TO ME.  AND YOU ARE RIGHT.

23   YOU ARE IN THE BEST POSITION.  YOU HAVE THE PREROGATIVE TO SAY

24   HOW YOU ARE GOING TO IMPLEMENT THE ORDER.

25        MR. FORGE:  THE OTHER ISSUE THAT I RAISED -- AND

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

14

1    MR. BUTLER IS CORRECT ON THIS ONE.  THOSE TWO AREAS ARE THE

2    SAME, AND I THINK IT GOES BEYOND THE PRESENT DISPUTE.

3            THE COURT:  TELL ME WHAT TWO AREAS YOU ARE TALKING

4    ABOUT NOW.

5            MR. FORGE:  THESE ARE THE TWO CATEGORIES, THE TWO

6    AREAS OF LITIGATION.  THE FIRST IS THE DISPUTE BETWEEN THE CIA

7    AND DEFENDANT FOGGO OVER ACCESS TO SPECIALIZED DEPARTMENT

8    INFORMATION.

9            THE COURT:  YOU AGREE THAT THAT'S IMPLICATED?

10           MR. FORGE:  I AGREE THAT THAT'S IMPLICATED, BUT I

11   THINK THIS SHOULD BE NARROWED TO THE PRESENT ISSUE BEFORE THE

12   COURT.  THEY HAVE IDENTIFIED TWO SPECIFIC AREAS.  I THINK IT

13   SHOULD BE NARROWED TO THOSE SPECIFIC AREAS.

14           THE COURT:  ACCESS TO THESE EIGHT WITNESSES, RIGHT?

15   THE EIGHT WHO HAVE AGREED TO TALK.  AND THE OTHER?

16           MR. FORGE:  AS FAR AS I KNOW, JUST ACCESS TO THESE

17   EIGHT WITNESSES REGARDING THESE TWO SPECIFIC COMPARTMENTS.

18           THE COURT:  I THINK THERE WAS SOME DOCUMENTS THAT

19   WERE IMPLICATED, TOO.

20           MR. BUTLER:  NOT AT THIS POINT, YOUR HONOR.  WE

21   IDENTIFIED TWO AREAS OF COMPARTMENTAL INFORMATION THAT WE

22   WANTED TO BE READ INTO THESE COMPARTMENTS SO WE COULD QUESTION

23   THE WITNESSES WHO AGREED TO MEET WITH US.

24           THE REASON -- I APOLOGIZE FOR THE DISCREPANCY OF THE

25   TWO ORDERS.  WE WILL GO BACK AND CHECK THEM.  I DON'T

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1    UNDERSTAND WHAT HAPPENED THERE.

2              BUT THE REASON WE MADE IT A LITTLE BROADER, THE

3    OPERATIVE SENTENCE IS THIS, YOUR HONOR, THAT THE DESIGNATED

4    DEPARTMENT OF JUSTICE OFFICIAL WOULD BE REPRESENTING THE

5    GOVERNMENT IN TWO AREAS.  THE FIRST DISPUTE IS BETWEEN THE CIA

6    AND DEFENDANT FOGGO OVER ACCESS TO SPECIALIZED COMPARTMENT AND

7    INFORMATION THAT DEFENSE COUNSEL BELIEVES TO BE RELEVANT TO

8    THE DEFENSE.

9              AND THE REASON WE MADE IT BROADER IS THERE MAY BE

10   ADDITIONAL COMPARTMENTS THAT WE WANT TO REQUEST THAT WOULD BE

11   AGREED TO AS WE CONTINUE TO REVIEW THE DISCOVERY, SOME OF

12   WHICH WE JUST RECEIVED OR ARE IN THE PROCESS OF RECEIVING, AND

13   WE DON'T WANT TO COME BACK TO THE COURT.

14             THE COURT:  I AGREE WITH THAT, MR. FORGE, BECAUSE

15   THAT'S WHERE WE ESSENTIALLY ARE TODAY.  IT STARTED OFF WITH

16   THE CIA AGREEING TO SOME, AND THEN THEY SAID, WELL -- AND I

17   HESITATE TO USE THIS NOMENCLATURE ABOUT BEING READ INTO THE

18   COMPARTMENT.  THIS IS AN INTERVIEW WITH WITNESSES THAT THE

19   DEFENSE THINKS ARE RELEVANT.

20             THESE WITNESSES HAPPEN TO BE CIA EMPLOYEES, SO THEY

21   ARE SUBJECT TO TOUHY REGULATIONS AND THE INTERVIEW, YOU KNOW,

22   BEGETS A NEED, AT LEAST ON THE JUDGMENT OF THE DEFENSE

23   COUNSEL, TO GO A LITTLE FURTHER AND SAY, "WE WANT TO KNOW

24   ABOUT MORE, BECAUSE THE CIA SEGREGATES EVERY BIT OF

25   INFORMATION AND SAID, WELL, THIS NEW INFORMATION IS EVEN MORE

PDF created with pdfFactory trial version www.pdffactory.com

16

1    SECRET THAN THE OLD STUFF, WE NEED NEW AUTHORIZATION."

2            I DON'T WANT THEM TO HAVE TO COME BACK EVERY TIME.

3            MR. FORGE:  YOUR HONOR, THIS LANGUAGE IS SO BROAD,

4    IT WOULD ENCOMPASS DISPUTES THAT WE HAVE REGARDING COMPARTMENT

5    INFORMATION THAT'S ALREADY BEEN FLUSHED OUT IN THIS CASE.

6    WHAT THEY ARE SAYING IS ANY DISPUTES OVER ACCESS OVER

7    SPECIALIZED COMPARTMENT INFORMATION THAT DEFENSE COUNSEL

8    BELIEVES TO BE RELEVANT TO DEFENSE.  THAT COULD INCLUDE --

9    THAT DOES INCLUDE THE LITERAL LANGUAGE OF THIS PROVISION HERE,

10   EVERYTHING.  EVERYTHING THAT'S CLASSIFIED IN THIS CASE.

11           THE COURT:  I DON'T THINK THAT'S THEIR INTENTION.

12   IT IS CERTAINLY NOT MINE.  THIS DISPUTE IS LIMITED TO ACCESS

13   TO THESE EIGHT WITNESSES WHO HAVE AGREED TO TALK TO DEFENSE

14   COUNSEL.

15           MR. FORGE:  THAT'S FINE.  WE WANT THE ORDER TO SAY

16   THAT.

17           THE COURT:  PENCIL THAT IN.

18           MR. FORGE:  IN ADDITION, I WANT TO MAKE SURE WE ARE

19   CLEAR.  ON THE SECOND PAGE IT SAYS HERE THAT IN TERMS OF

20   LIMITING THE DESIGNEE'S COMMUNICATION WITH THE PROSECUTION

21   TEAM PRECLUDES ANY COMMUNICATION OF ANY KIND RELATING TO THE

22   EXISTENCE, IDENTITY, CONTENT OR SUBJECT MATTER OF ANY PROFFER.

23           OBVIOUSLY, THE SUBJECT MATTER OF THE PROFFER IS THE

24   COMPARTMENT THAT WE WERE AWARE OF, AND THAT'S PRECISELY WHAT

25   WE ARE SUPPOSED TO BE TALKING TO THE DESIGNEE ABOUT.  WE ARE

PDF created with pdfFactory trial version www.pdffactory.com

17

1    SUPPOSED TO BE TALKING TO THE DESIGNEE ABOUT THAT SUBJECT

2    MATTER.  WE ARE SUPPOSED TO BE EXPLAINING TO THAT INDIVIDUAL

3    WHY IT IS THAT MATTER IS NOT RELEVANT TO OUR THEORY OF THE

4    CASE AND WHY WE FEEL IT IS NOT RELEVANT TO THE DEFENSE.

5         SO I REALLY THINK, YOUR HONOR, THAT IT IS A SHORT

6    PROPOSED ORDER, BUT THERE ARE THREE PROVISIONS JUST WITHIN THE

7    SHORT ORDER THAT GO BEYOND WHAT IS NECESSARY.  I AM LOOKING AT

8    OUR PROPOSED ORDER AND IF -- WITH THE CHANGES I HAVE NOTED, I

9    DON'T THINK THERE IS A PROBLEM.

10        THE COURT:  YOU HAVEN'T GIVEN ME A PROPOSAL.  I

11   UNDERSTAND WHAT THEY ARE TRYING TO DO.  I THINK EVERYONE

12   UNDERSTANDS BUT WHAT I HAVE PERMITTED HERE AND WHAT I HAVE

13   SAID IS NOT COVERED.

14        OBVIOUSLY, THIS FIREWALL TEAM WILL BE ABLE TO COME

15   BACK AND CONSULT WITH YOU IN ORDER TO EDUCATE HIMSELF, HERSELF

16   OR THEMSELVES ABOUT WHETHER TO OPPOSE THE DISCOVERY REQUEST BY

17   COMING TO ME.

18        MR. FORGE:  THAT'S RIGHT.  HOW TO EXPLAIN WHY WE ARE

19   OPPOSED TO IT.

20        THE COURT:  RIGHT, BUT IT IS A FINE LINE.  THEY

21   CAN'T SAY, "LOOK, HERE IS PRECISELY WHAT THE DEFENSE WANTS."

22   THAT'S WHAT I AM TRYING TO AVOID IN THE FIRST INSTANCE.

23        SO I UNDERSTOOD THE LANGUAGE IN THAT SECOND PART TO

24   IMPLICATE JUST THAT; THAT THEY ARE PROHIBITED FROM TELLING YOU

25   ANYTHING THAT'S CONTAINED IN THE SPECIFIC REQUESTS THAT ARE

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

18

1   MADE TO THEM BY THE DEFENSE.

2          NOW, IF THEY WANT TO COME BACK AND TO DISCUSS

3   GENERALLY WITH YOU -- AND AS I SAID, THE TRANSCRIPT COVERS

4   THIS, BECAUSE I THINK IT WAS YOU, MR. FORGE, WHO RAISED THE

5   ISSUE ABOUT ACCESS TO THE AGENTS, TOO, IN ORDER TO FURTHER

6   EDUCATE THEMSELVES TO KNOW WHETHER THE GOVERNMENT WOULD OPPOSE

7   OR NOT OPPOSE THE REQUEST TO LET THE DEFENSE COUNSEL INTERVIEW

8   THESE EIGHT WITNESSES ON MORE SPECIFIC SUBJECTS.

9          MR. FORGE:  THAT'S RIGHT.  I THINK IT IS IMPERATIVE

10  THAT THE PERSON HAVE ACCESS.

11         THE COURT:  HERE IS WHAT I'LL DO, MR. FORGE.  IF YOU

12  THINK YOU CAN CRYSTALLIZE THAT, BECAUSE THAT'S THE ORDER,

13  THERE IS NO DISPUTE ABOUT THAT; RIGHT, MR. BUTLER?

14         MR. BUTLER:  NO.

15         THE COURT:  IF YOU THINK YOU CAN WITH A BETTER

16  CHOICE OF LANGUAGE CRYSTALLIZE THAT SPECIFIC ACCOMMODATION,

17  THEN HAVE AT IT, AND I WILL SIGN THIS AMENDED ORDER WITH THE

18  TWO CLARIFICATIONS THAT YOU HAVE ASKED FOR.

19         ONE, THAT THIS ORDER PERTAINS TO ACCESS TO THE EIGHT

20  WITNESSES WHO CAN IDENTIFY; AND TWO, THAT NOTHING PREVENTS

21  CONSULTATION BY THE TEAM WITH THE CASE PROSECUTORS PROVIDED

22  THE TAINT TEAM DOES NOT TELL THE CASE PROSECUTORS THE

23  SPECIFICS OF THE OFFER OF PROOF MADE BY THE DEFENSE.

24         MR. FORGE:  AND THEN THE THIRD, I THINK, EVERYBODY

25  AGREES THERE IS NO RESTRICTION ON WHOM WE CAN PUT ON THE TAINT

PDF created with pdfFactory trial version www.pdffactory.com

19

1    TEAM SO LONG AS THEY DON'T JUMP BACK OVER THE FENCE.

2              THE COURT:  YOU DON'T HAVE ANY PROBLEM WITH THAT.

3    IF THEY WANT TO PUT FIVE PEOPLE ON THIS TEAM, LET THEM.

4              MR. BUTLER:  NO, YOUR HONOR.

5              THE COURT:  HOW LONG WILL IT TAKE YOU, MR. FORGE, TO

6    MAKE THESE CLARIFICATIONS?  I WANT TO SIGN THE ORDER SO WE

7    HAVE A SIGNED DOCUMENT TODAY.

8              MR. FORGE:  CAN I HAVE UNTIL 10:00, YOUR HONOR?

9              THE COURT:  OF COURSE.

10              ANYTHING ON BEHALF OF MR. WILKES YOU WANT TO ADD?  I

11   AM ASSUMING YOU ARE IN AGREEMENT WITH THE PROPOSED ORDER?

12              MR. CAHN:  WE ARE, YOUR HONOR.  I ONLY HAVE ONE

13   HOUSEKEEPING MATTER.  I ASK FOR THE CONTINUATION OF THE

14   HEARING WHEN WE ARE COMING BACK THAT MR. WILKES'S PRESENCE CAN

15   BE EXCUSED, BECAUSE HE IS OBVIOUSLY OCCUPIED WITH OTHER

16   MATTERS.

17              THE COURT:  YES, OF COURSE.

18              MR. CAHN:  I HATE TO BREAK HIS RECORD BUT --

19              THE COURT:  IT'S FOR SUBMISSION OF THE ORDER.  WHAT

20   I'LL ASK YOU TO DO IS TO SHOW IT TO COUNSEL FOR BOTH

21   DEFENDANTS, AND YOU HAVE THE ABILITY TO HAVE THIS RETYPED SO

22   WE DON'T HAVE A LOT OF INTERLINEATIONS?

23              MR. FORGE:  I THINK WE ONLY HAVE THIS IN PDF FORM,

24   BUT WE WILL TAKE CARE OF IT.

25              THE COURT:  AS YOU CAN SEE, MY SIGNATURE IS ALREADY

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

20

1   ON THAT ONE.  WITH THE REQUEST -- THE MODIFICATIONS YOU

2   REQUEST, MR. FORGE, I AM PREPARED TO SIGN IT FORTHWITH SO WE

3   CAN GO FORWARD WITH THIS AND HAVE THIS CASE READY TO BE

4   TRIED.

5           MR. FORGE:  OKAY, YOUR HONOR.

6           THE COURT:  ANYTHING ELSE?

7           MR. CAHN:  NOTHING FOR MR. WILKES, YOUR HONOR.

8           THE COURT:  WHEN IS THE NEXT STATUS DATE ON THIS

9   CASE?

10          MR. CAHN:  I DON'T KNOW WHEN IT IS SET.  I THINK IT

11  WOULD BE APPROPRIATE TO SET ONE.

12          THE CLERK:  WE HAVEN'T SET ONE.

13          THE COURT:  I THINK WE BETTER SET A DATE FOR STATUS

14  AND TRIAL SETTING NOW THAT MR. WILKES IS REPRESENTED ON THIS

15  CASE.

16          YOU HAVE A SUGGESTED DATE FOR THAT?  YOU ARE GOING

17  TO BE BACK OUT HERE, MR. BUTLER?

18          MR. BUTLER:  AT THE COURT'S CONVENIENCE, YOUR HONOR.

19  I JUST WOULD SAY WE ARE STILL HAVING TROUBLE -- NOT TO BURDEN

20  THE COURT -- WITH ACCESS TO CLASSIFIED INFORMATION, ACCESS TO

21  SKIFFS, AND INDEED, WE ARE STILL RECEIVING DISCOVERY.  SO WE

22  DO CONSIDER OURSELVES TO BE PRETTY FAR AWAY FROM EVEN TEAMING

23  UP SOME OF THE CIPA ISSUES WE BELIEVE THAT ARE GOING TO BE

24  SUBSTANTIAL BEFORE THE TRIAL.  SO WE ARE AVAILABLE AT THE

25  COURT'S CONVENIENCE FOR STATUS CONFERENCE.

PDF created with pdfFactory trial version www.pdffactory.com

21

```
 1              THE COURT:  HOW ABOUT THE SECOND WEEK OF NOVEMBER?
 2              MR. CAHN:  YOUR HONOR, UNFORTUNATELY, I COMMITTED TO
 3    TEACHING AT THE FEDERAL DEFENDERS BABY DEFENDER ORIENTATION
 4    THAT WEEK.
 5              THE COURT:  THE THIRD WEEK OF NOVEMBER, IS THAT
 6    THANKSGIVING WEEK?
 7              MR. CAHN:  YES, I'LL BE HERE.
 8              THE COURT:  YOU COULD APPEAR BY TELEPHONE, IF THAT'S
 9    CONVENIENT.
10              MR. BUTLER:  THAT'S FINE, YOUR HONOR.
11              THE COURT:  IT'LL JUST BE A TRIAL SETTING, MOTION
12    SETTING DATE.
13              MR. BUTLER:  THAT'S FINE.
14              THE COURT:  I UNDERSTAND THERE IS A LOT OF
15    INTERMEDIATE ISSUES THAT NEED TO BE DECIDED, BUT WHAT I DO IS
16    SET THE DATE FOR SUBSTANTIVE MOTIONS AND WE SET A TRIAL
17    DATE.
18              MR. BUTLER:  IF IT IS POSSIBLE, YOUR HONOR, COULD WE
19    DO IT EARLIER IN THE WEEK IN CASE WE DECIDE TO SEND A PERSON
20    TO SHOW UP IN THE WEEK.
21              MR. BUTLER:  THAT'S FINE, YOUR HONOR.
22              THE COURT:  WOULD THE MONDAY AFTER THANKSGIVING BE
23    CONVENIENT?
24              MR. BUTLER:  BEFORE IS FINE, EITHER WAY.
25              THE CLERK:  NOVEMBER 19TH.
```

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

1          THE COURT:  MR. CAHN MAY BE GONE THE 19TH.

2          MR. CAHN:  THE 19TH I AM THERE.  IT'S THE PRIOR

3    WEEK.

4          THE COURT:  WHY DON'T WE SET THIS NOVEMBER 19TH AT

5    9:30 FOR TRIAL SETTING AND MOTION DATE, THEN.

6          MR. FORGE:  YOUR HONOR, COULD WE ALSO PUT THE CIPA

7    PRETRIAL CONFERENCE FOR THAT DAY AS WELL?

8          THE COURT:  SURE.  9 O'CLOCK, THEN.  IF YOU WANT TO

9    APPEAR BY TELEPHONE, YOU MAY, MR. BUTLER.

10          MR. BUTLER:  THANK YOU, YOUR HONOR.

11          THE COURT:  MR. GERAGOS, DID YOU HAVE SOMETHING.

12          MR. GERAGOS:  I DID, YOUR HONOR.  I FIGURED SINCE

13    YOU WERE TALKING ABOUT THE CLASSIFIED INFORMATION, AND IT'S

14    BEEN REPRESENTED REPEATEDLY INSPITE OF THE FACT THAT I HAD

15    INDICATED TO THE COURT THAT I KNEW THAT THERE WAS INFORMATION

16    IN THE CLASSIFIED PORTION THAT WAS RELEVANT TO THE DEFENSE.

17          WHEN MS. CHARLICK AND MR. CAHN HAD GONE OVER THERE

18    AND I BELIEVE SPENT THREE HOURS IN THE SKIFF, THEY HAVE

19    ALREADY IDENTIFIED A SET OF INFORMATION WHICH WAS PROVIDED TO

20    ME, WHICH APPARENTLY WAS DECLASSIFIED RIGHT AFTERWARDS, WHICH

21    I AM AT A LOSS TO UNDERSTAND AS TO HOW I DIDN'T GET IT IN THE

22    FIRST PLACE.

23          THE COURT:  RELATED TO?

24          MR. GERAGOS:  RELATED TO WILKES/MICHAEL AND

25    SPECIFICALLY HAS NOW BEEN TURNED OVER.  AND I APPRECIATE THE

PDF created with pdfFactory trial version www.pdffactory.com

23

1    FACT THAT IT HAS NOW BEEN TURNED OVER BUT FOR THE FACT THAT

2    MR. WILKES'S LAWYERS IN WILKES/FOGGO HAD GONE TO THE SKIFF AND

3    SPENT THREE HOURS, AND SPECIFICALLY HAD GONE AFTER I HAD

4    SPOKEN TO THEM AND TOLD THEM WHAT I THOUGHT WOULD BE THERE,

5    AND I THOUGHT WE HAVE ONLY SCRATCHED THE SURFACE AS TO THE

6    INFORMATION THAT'S CONTAINED THAT I BELIEVE IS PROBABLY

7    CLASSIFIED AND THAT IS THERE AND THAT I DON'T HAVE AND I NEED

8    BEFORE THEY CALL JOEL COMBS IN THIS CASE.

9         CLEARLY, I SHOULD HAVE HAD IT BEFORE MITCHELL WADE,

10   BUT THAT'S A COMPLETELY DIFFERENT STORY.  THIS COURT HAS ASKED

11   AND INQUIRED, BASED UPON NUMEROUS MOTIONS THAT I HAVE MADE, IS

12   THERE ANYTHING OVER THERE -- AND I CAN'T TELL YOU HOW MANY

13   TIMES MR. HALPERN HAS RESPONDED NO, ALTHOUGH HESITANT, BUT

14   THEN EVENTUALLY WOULD BE NO -- AND CLEARLY, NOW WE HAVE IT.

15   AND I WOULD REITERATE AND I THINK MS. CHARLICK CAN TELL YOU

16   ONLY WHEN SHE HAD GONE BACK TO MR. BHANDARI AND SAID, "LOOK,

17   THIS ISN'T IN THE OTHER DISCOVERY."

18        AND I THINK THAT'S A SIGNIFICANT PROBLEM AT THIS

19   POINT COMING THAT WE ARE A WEEK AND A HALF INTO TRIAL.

20        MR. FORGE:  YOUR HONOR, MY UNDERSTANDING IS THE

21   DOCUMENT MR. GERAGOS IS HOLDING IS JOEL COMBS'S INTERVIEW AND

22   PERHAPS EXHIBIT RELATED TO THAT INTERVIEW.

23        IT IS MY UNDERSTANDING THAT ONLY ONE PARAGRAPH OF

24   THAT INTERVIEW RELATES TO THE WILKES/MICHAEL CASE AND THAT THE

25   INFORMATION CONTAINED IN THAT PARAGRAPH IS CONTAINED IN OTHER

PDF created with pdfFactory trial version www.pdffactory.com

24

1   DOCUMENTS AND TRANSCRIPTS AND INTERVIEW MEMORANDAS THAT

2   MR. GERAGOS HAS RECEIVED IN THE WILKES/MICHAEL CASE.

3           NEVERTHELESS, IN AN ABUNDANCE OF CAUTION, WE HAD IT

4   DECLASSIFIED SO WE CAN TURN IT OVER TO MR. GERAGOS.  I AM NOT

5   AWARE OF ANYTHING PERTAINING TO MR. WADE THAT IS IN THE

6   WILKES/FOGGO CASE IS CLASSIFIED AND HASN'T BEEN PRODUCED.

7           WE ARE DOING THE BEST WE CAN, YOUR HONOR.  THIS

8   IS -- IF IT IS -- TO THE EXTENT IT IS DISCOVERABLE, IT IS

9   JENCKS MATERIAL.  MR. COMBS HASN'T BEEN CALLED YET.  HE IS NOT

10  GOING TO BE CALLED TOMORROW, AND WE ARE STILL PROVIDING WELL

11  IN ADVANCE OF HIS TESTIMONY.  AS I ALREADY INDICATED, IT'S

12  DUPLICATIVE OF INFORMATION MR. GERAGOS ALREADY HAS.

13          THE COURT:  YOU FIND THAT TO BE TRUE.

14          MR. GERAGOS:  NO, IT IS CATEGORICALLY NOT TRUE.  I

15  THINK THE COURT HAS NOTICED THROUGHOUT THIS TRIAL SO FAR, THE

16  GOVERNMENT HAS THEIR OWN PECULIAR VIEW OF WHAT IT IS THAT'S

17  RELEVANT, AND THE COURT I THINK ON NUMEROUS OCCASIONS HAS

18  REMINDED THE GOVERNMENT JUST BECAUSE IT IS THEIR THEORY DOES

19  NOT EXCLUDE WHAT THE DEFENSE'S THEORY IS.

20          I AM NOT GOING TO DIVULGE -- OBVIOUSLY, THEY HAVE

21  NOT PICKED UP ON THE DEFENSE'S THEORY OR THEY DON'T WANT TO.

22  THE FACT REMAINS THIS INTERVIEW IS REPLETE WITH INFORMATION

23  THAT IS -- THAT GOES DIRECTLY TO THE DEFENSE'S THEORY OF THE

24  CASE, WHETHER THEY UNDERSTAND IT OR NOT.  I THINK THEY DO, AND

25  THEY JUST DETERMINE TO STICK THEIR HEAD IN THE SAND.

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

25

1        THE FACT REMAINED I HAVE EXPLAINED IT BEFORE.  IT

2   TOOK TWO EXPERIENCED LAWYERS MERELY THREE HOURS TO FIND THE

3   INFORMATION.  HOW THEY COULD SAY A DEBRIEFING OF MR. COMBS

4   WHICH THEY ALL ATTENDED, WHICH IS AN EXTREMELY LENGTHY

5   DEBRIEFING THAT ONLY ONE PARAGRAPH PERTAINS TO THIS CASE IS

6   LAUGHABLE.  I COULD GO ON FOR FOUR HOURS AS TO THE AMOUNT OF

7   MATERIAL IN HERE THAT IS CLEARLY GERMANE AND RELEVANT TO

8   MR. COMBS TAKING THE STAND.

9        IT'S EXACTLY WHAT I HAD INDICATED TO THE COURT

10  BEFORE I THOUGHT THE PROBLEM WAS HERE THAT THEY HAVE SET UP AN

11  ARTIFICIAL WALL, AND THEY NEED TO TURN OVER EVERYTHING THAT

12  THEY HAVE, OR THE REMEDY IS FOR YOU TO DECLARE A MISTRIAL.

13  THEY JUST CAN'T SIT ON THIS STUFF AND CLAIM THAT IT'S

14  CLASSIFIED.

15       THE COURT:  MR. FORGE, I'LL ACCEPT NOW THAT THIS

16  MATERIAL HAS BEEN TURNED OVER.  MR. COMBS HAS NOT BEEN CALLED.

17  HE IS GOING TO BE CALLED, NOT TOMORROW BUT AT A SOME LATER

18  POINT SO MR. GERAGOS WILL HAVE ENOUGH TIME TO GO OVER THIS.

19       I ACCEPT THE REPRESENTATION THAT THIS AMOUNTS TO

20  JENCKS AND YOU WEREN'T LEGALLY OBLIGATED.  HERE IS WHAT

21  CONCERNS ME, THOUGH.

22       THERE IS GOING TO BE AT SOME POINT FULL DISCOVERY OF

23  THE WILKES/FOGGO MATERIAL BY COUNSEL REPRESENTING MR. WILKES.

24  NOW, OBVIOUSLY, MR. CAHN AND MS. CHARLICK ARE AWARE WHAT'S

25  IMPLICATED IN WILKES/MICHAEL.  I HATE TO THINK THAT SOMETHING

PDF created with pdfFactory trial version www.pdffactory.com

26

1   IS GOING TO COME GURGLING UP AFTER I HAD BEEN REPEATEDLY TOLD

2   THERE IS NO CLASSIFIED INFORMATION.  AND IN FACT, THAT WAS

3   PART OF THE GENESIS FOR DENYING THE MOTION THAT MR. GERAGOS

4   MADE TO BE RELIEVED ON THIS CASE.

5           I SAID NO CLASSIFIED INFORMATION.  THE CONFLICT

6   DOESN'T EXIST HERE.  I DON'T SEE THE CONNECTION BETWEEN THE

7   TWO CASES, AT LEAST TO THE EXTENT THAT IT WOULD JUSTIFY YOUR

8   MOTION TO BE RELIEVED HERE FOR LACK OF ACCESS TO INFORMATION.

9           NOW, I HAVE RELIED ON THAT REPRESENTATION.  THERE IS

10  OBVIOUSLY TOO MUCH INFORMATION FOR ME TO DIG IN MYSELF AND

11  MAKE THE DETERMINATIONS FIRSTHAND.  BUT IF IT IS AS

12  MR. GERAGOS SAYS, I THINK YOU ARE -- THE GOVERNMENT IS

13  DREADING VERY DANGEROUSLY, BECAUSE IF SOME INFORMATION GURGLES

14  UP AND YOU KNOW IT'S GOING TO BE REVIEWED BY COUNSEL THAT ARE

15  LOOKING AFTER MR. WILKES'S INTEREST IN THE WILKES/FOGGO CASE.

16          IF THAT COMES UP HAVE AFTERWARDS, I CAN'T IMAGINE --

17  IF IT IS SIGNIFICANT AND IT HASN'T BEEN TURNED OVER, I CAN'T

18  IMAGINE YOU'D HAVE A LEG TO STAND ON WHEN HE BRINGS A MOTION

19  FOR A NEW TRIAL AND SAYS, "LOOK, THERE WAS A DISCOVERY

20  VIOLATION HERE.  THERE WERE SPECIFIC REFERENCES TO

21  REPRESENTATIONS.  THIS MATTER CAME UP OVER AGAIN.  I THINK

22  THAT'S A BIG PROBLEM.

23          I DON'T KNOW WHAT TO TELL YOU OTHER THAN YOU BETTER

24  BE SURE ABOUT THESE REPRESENTATIONS AND YOU BETTER REDOUBLE

25  YOUR EFFORTS, BECAUSE IF IT IS AS HE SAYS AND THERE IS MORE

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

27

1   THAN A PARAGRAPH AND IT IS NOT SIMPLY INFORMATION THAT'S

2   ALREADY BEEN PROVIDED IN OTHER FORM, THAT'S A PROBLEM FOR THE

3   GOVERNMENT.

4           MR. FORGE:  I UNDERSTAND, YOUR HONOR.  I TAKE IT TO

5   HEART, AND WE WILL CONTINUE EVERYTHING WE CAN TO MAKE SURE WE

6   ARE NOT OVERLOOKING SOMETHING.  THAT'S THE BEST WE CAN DO.

7   EVERY TIME WE HAVE MADE REPRESENTATION TO THE COURT, IT HAS

8   BEEN IN GOOD FAITH, AND WE HAVE DONE THE BEST WE CAN TO MAKE

9   SURE THAT ANYTHING THAT IS DISCOVERABLE IN THE WILKES/MICHAEL

10  CASE HAS, IN FACT, BEEN PRODUCED.

11          MR. GERAGOS HAS SPOKEN ON NUMEROUS OCCASIONS ABOUT

12  FOUR TERABYTES OF INFORMATION.

13          MR. GERAGOS:  FIVE.

14          MR. FORGE:  FIVE TERABYTES OF INFORMATION THAT HAS

15  BEEN TURNED OVER.  THIS IS ONE INTERVIEW MEMORANDUM THAT

16  SLIPPED AND THANKFULLY, THANKS TO MR. CAHN AND MS. CHARLICK,

17  IT WAS CAUGHT BEFORE THE WITNESS WAS CALLED.  SO I UNDERSTAND

18  WHAT YOU ARE SAYING, AND I AGREE WITH YOU.  THIS IS A CONCERN.

19  WE WILL BE VIGILANT.

20          THE COURT:  OKAY.  WELL, YOU HAVE TO BE RIGHT, TOO,

21  NOT JUST VIGILANT.  AS I SAID, AT THE END OF THE DAY I KEPT

22  HIM ON THE CASE AND DENIED HIS MOTION TO BE RELIEVED, BECAUSE

23  I ACCEPTED THE REPRESENTATION THAT NOTHING CLASSIFIED WAS

24  IMPLICATED IN THE WILKES/MICHAEL CASE.  AND THEREFORE, THERE

25  WAS NO REASON TO RELIEVE HIM ON A CASE WHERE HE MADE A GENERAL

PDF created with pdfFactory trial version www.pdffactory.com

28

1    APPEARANCE AND WAS OTHERWISE PREPARED TO TRY THE CASE.

2            THE FOUNDATION FOR HIS REQUEST TO BE RELIEVED IS "I

3    AM NOT GOING TO HAVE ACCESS TO SOME MATERIAL TO DEFEND THIS

4    FELLOW."  AND I SAID, "NO, NO.  I AM ASSURED BY THE GOVERNMENT

5    THAT YOU HAVE EVERYTHING YOU NEED TO DEFEND THIS FELLOW." NOW

6    THERE ARE A COUPLE OF HOLES IN THE DYKE HERE, SMALL HOLES, BUT

7    NONETHELESS, HOLES.

8            SO GO BACK AND TAKE A LOOK AT THIS OTHER MATERIAL OR

9    HAVE SOMEBODY DO IT.  AND IF THERE IS ANYTHING ELSE, IT SHOULD

10   BE TURNED OVER FORTHWITH TO MR. GERAGOS.  WE ARE STARTING

11   AGAIN TOMORROW AT 9:00 O'CLOCK.

12           YOU ARE NOT MAKING A MOTION FOR MISTRIAL, ARE YOU?

13   I CAN'T IMAGINE THAT YOU WOULD.

14           MR. GERAGOS:  I WOULD BE INSANE TO AT THIS POINT.

15   SO, NO, I AM NOT.

16           I WOULD MAKE A MOTION THAT THEY, AS OPPOSED TO

17   TELLING ME WHOM THEY ARE NOT GOING TO CALL TOMORROW, THAT THEY

18   BEFORE NOON TELL ME WHOM THEY ARE GOING TO CALL TOMORROW.

19           MR. FORGE:  WE SENT THAT E-MAIL, YOUR HONOR.

20           MR. GERAGOS:  TODAY?

21           MR. FORGE:  YES.

22           MR. GERAGOS:  GREAT.  THANK YOU.  I APPRECIATE THAT

23   AND I'LL SEE YOU AT 9 O'CLOCK IN THE MORNING.

24           THE COURT:  GET IT TO ME BEFORE NOON.  GO UP TO YOUR

25   OFFICE, MAKE THE CHANGES IN CONSULTATION WITH COUNSEL FOR THE

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com

29

1    DEFENDANTS AND THEN HAVE THE ORDER BACK TO ME, MR. FORGE, BY

2    NOON.   THANK YOU.

3              MR. BUTLER:   THANK YOU, YOUR HONOR.

4                        --OOO--

5

6              I HEREBY CERTIFY THAT THE TESTIMONY

7              ADDUCED IN THE FOREGOING MATTER IS

8              A TRUE RECORD OF SAID PROCEEDINGS.

9

10             S/EVA OEMICK                 11-15-07

11             EVA OEMICK                    DATE
               OFFICIAL COURT REPORTER
12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPUTER-AIDED TRANSCRIPTION

PDF created with pdfFactory trial version www.pdffactory.com